**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood
600 Third Avenue
New York, NY 10016
Telephone: (212) 661-1100
Email: jlieberman@pomlaw.com
      ahood@pomlaw.com

*Counsel for Plaintiff*

[additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT LEMATTA, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>CASPER SLEEP INC., PHILIP KRIM, GREGORY MACFARLANE, NEIL PARIKH, DIANE IRVINE, ANTHONY FLORENCE, JACK LAZAR, BENJAMIN LERER, KAREN KATZ, DANI REISS, MORGAN STANLEY & CO. LLC, GOLDMAN SACHS & CO. LLC, JEFFERIES LLC, BOFA SECURITIES, INC., UBS SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., PIPER SANDLER & CO. and GUGGENHEIM SECURITIES, LLC,<br><br>    Defendants. | Case No: 1:20-cv-02744<br><br>**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS PENDING DISPOSITION OF MOTION TO DISMISS AN EARLIER-FILED STATE ACTION**<br><br>Honorable Margo K. Brodie<br><br>Honorable Robert M. Levy<br><br>**<u>CLASS ACTION</u>** |

**TABLE OF CONTENTS**

**Page**

I.      Factual Background ........................................................................................................1

II.     Plaintiff Would Be Prejudiced By The Proposed Stay ...................................................2

III.    Defendants' Requested Relief Makes No Sense.............................................................3

IV.     The *Colorado River* Doctrine Applies Here ..................................................................4

V.      Conclusion .....................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City of New York v. Exxon Corp.*,
   932 F.2d 1020 (2d Cir. 1991)...................................................................................................3

*Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800 (1976) ...............................4

*Eagle One Roofing Contractors, Inc. v. Acquafredda*,
   No. 16-CV-3537 (NGG) (SJB), 2018 U.S. Dist. LEXIS 59969 (E.D.N.Y.
   2018) .......................................................................................................................................4

*Fried v. Lehman Bros. Real Estate Assocs. III, L.P.*,
   2012 U.S. Dist. LEXIS 10340 (S.D.N.Y. 2012)......................................................................2

*Kappel v. Comfort*,
   914 F. Supp. 1056 (S.D.N.Y. 1996)........................................................................................2

*LaSala v. Needham & Co.*,
   399 F. Supp. 2d 421 (S.D.N.Y. 2005)......................................................................................2

*Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*,
   673 F.3d 84 (2d Cir. 2012)......................................................................................................4

*Woodhams v. Pfizer Inc.*,
   No. 18-CV-3990 (JPO), 2019 U.S. Dist. LEXIS 54478, (S.D.N.Y. 2019) ...............................3

**Statutes**

Securities Act of 1933....................................................................................................................1

Securities Exchange Act of 1934 ...............................................................................................1, 3

Lead Plaintiff Saleh Doron Gahtan ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendants' Motion to Stay All Proceedings Pending Disposition of Motion to Dismiss an Earlier-Filed State Action (ECF No. 21) and Memorandum of Law in support thereof ("Def. Mem.") (ECF No. 22). For the reasons set forth below, Defendants' motion should be denied in its entirety, and this Court should enter a briefing scheduling on any forthcoming motion to dismiss that Defendants plan to file in the above-captioned litigation.

## I.    Factual Background

In May 2020, it became apparent that the sharp contraction in Casper's gross margins, its worsening cash flows, and its deteriorating cash situation had irredeemably compromised the Company's ability to continue its purported growth rate and achieve its growth initiatives, thereby rendering the statements challenged in Plaintiff's Consolidated Amended Class Action Complaint (the "Amended Complaint") (ECF No. 16) as false and/or misleading. Subsequently, multiple plaintiffs filed separate actions in state and federal court asserting claims under the Securities Act of 1933. *See* Def. Mem. at 4-5. These actions were all filed contemporaneously over a two-week period. *Id.*

The collective state actions were consolidated, with an amended complaint filed in the state action on October 26, 2020. *Id.* at 5. Just one day later, Plaintiff filed the operative Amended Complaint in this litigation. Of all the complaints filed in both state and federal court, only Plaintiff's Amended Complaint in this action asserts a claim for relief under the Securities Exchange Act of 1934. *Id.* at 6.

In the state litigation, a standard 60-day briefing schedule was set, with defendants' motion to dismiss due on December 28, 2020. *Id.* at 5. Accordingly, this litigation is already at least two months behind the consolidated state actions, a figure that is all but certain to increase.

1

## II.        Plaintiff Would Be Prejudiced By The Proposed Stay

As Defendants acknowledge, in deciding a motion to stay, courts in the Second Circuit balance five factors, which include: "(1) *the private interests of the plaintiffs in proceeding expeditiously with the civil litigation, as balanced against the prejudice to the plaintiffs if the litigation is delayed*, (2) the private interests of and burden on the defendants, (3) the interests of the courts, (4) the interests of persons not party to the civil litigation, and (5) the public interest." *Fried v. Lehman Bros. Real Estate Assocs. III, L.P.*, 2012 U.S. Dist. LEXIS 10340, at \*14-15 (S.D.N.Y. Jan. 24, 2012) (citing *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)) (emphasis added). Critically, "[t]he greatest priority in deciding a motion to stay is avoiding prejudice to the parties." *Fried*, 2012 U.S. Dist. LEXIS 10340, at \*16 (citing *LaSala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005)).

As discussed above, the state and federal actions were filed contemporaneously, with amended complaints in the state and federal actions filed within twenty-four hours of each other. Plaintiff here has been prejudiced in filing his Amended Complaint at the same time as the amended complaint in the state action, only to have Defendants propose that this case be stalled for untold months while the state action hurtles forward.

Also significant is the fact that Defendants' purported concerns regarding "duplicative litigation" and "inconsistent adjudications" *will not be resolved if a stay is granted*. Instead, the anchor that Defendants propose be affixed to Plaintiff's claim will, per Defendants' own logic, again become necessary should both the state and federal actions survive Defendants' bids for dismissal: indeed, Defendants characterize their own proposed stay as a "limited" one "pending disposition of the motion to dismiss in the State Action" while purporting to "reserve all rights, *should the State Action survive that motion to dismiss, to move to modify or extend any stay*."

2

Def. Mem. at 2 n.1 (emphasis added). Moreover, Defendants favorably cite to a case in which a stay was imposed *not* on the basis of a motion to dismiss, but due to a pending motion *for class certification*. *See id.* at 11 (citing *Woodhams v. Pfizer Inc.*, No. 18-CV-3990 (JPO), 2019 U.S. Dist. LEXIS 54478, at *11 (S.D.N.Y. Mar. 29, 2019)).[1] Thus, Defendants' motion for a stay is best understood as seeking piecemeal relief which will eventually be broadened to include further stays that will set back Plaintiff's claims even more severely.[2]

### III.    Defendants' Requested Relief Makes No Sense

At the outset of their brief, Defendants describe the filing of multiple state actions and a single federal action as "a familiar tactic." Def. Mem. at 1. Defendants' choice of words implies coordination between counsel in the state and federal actions where none exists. In addition, Defendants spend an outsize portion of their brief insisting, despite the unique presence of an Exchange Act claim in Plaintiff's Amended Complaint, "that the State and Federal Actions significantly overlap." *See id.* at 6-9. That Defendants devote approximately one-quarter of their brief to arguing that the state and federal actions are "near-identical lawsuits" (*id.* at 12) does not deter them from simultaneously asserting that they will be severely prejudiced if ordered to submit what supposedly will be the same arguments to two courts at reasonable intervals.[3]

Nor do Defendants explain why a New York state court with no involvement here should "streamline the issues that *the parties in this lawsuit* need to present in the motion to dismiss."

---

[1] Class certification proceedings are inevitable should the Amended Complaint this class action be upheld. Equally inevitable, it seems, will be Defendants' insistence that this matter be stayed while class certification is first adjudicated in state court.

[2] Even assuming, *arguendo*, that Defendants plan to seek no more than a "temporary stay" (which, as explained above, they plainly do not) that stay cannot reasonably be characterized as a "short stay" (*see id.)* when briefing on the state court motion to dismiss will not conclude until March 29, 2021, at the earliest (*i.e.*, assuming no extensions) (*see id.* at 5).

[3] Because defendants' motion(s) to dismiss in the state case are due one week from today, it is reasonable to assume that Defendants here would have sufficient time to prepare separate filings in this action advancing many of the same arguments that they will advance in the state action.

*Id.* (emphasis added). According to Defendants, this Court must mechanically apply the "first-filed rule" while also accepting Defendants' unsupported *ipse dixit* that no "special circumstances exist to warrant departing from the rule." *Id.* at 11 n.11. Regarding the initial contention, the "first-filed rule" was intended to govern multiple actions *filed in federal court*, not to invest state courts with advisory power over federal courts where the claims at issue are exclusively federal. *See City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991). As to the second contention, there can be no doubt that sufficient special circumstances exist to favor a federal court's disposition of the uniformly-federal claims asserted in the state and federal actions.

### IV.    The *Colorado River* Doctrine Applies Here

Under the *Colorado River* abstention doctrine,[4] a federal court should only defer to parallel state court litigation which could result in a "comprehensive disposition of litigation." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012).  However, where, as here, there are claims that are solely before the federal court, the state action cannot possibly "dispose of *all* claims presented in the federal case." *Eagle One Roofing Contractors, Inc. v. Acquafredda,* No. 16-CV-3537 (NGG) (SJB), 2018 U.S. Dist. LEXIS 59969, at *15-16 (E.D.N.Y. Mar. 31, 2018). Therefore, abstention in favor of the state action is not warranted in the federal action.[5]

---

[4] *See Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800 (1976), addressing federal court abstention or dismissal in favor of a parallel state action.

[5] Nor can Defendants coherently argue that the Colorado River doctrine is inapplicable because "Defendants are not asking this Court **at this time** to permanently dismiss this case or abstain in favor of the state court." Def. Mem. at 14 (emphasis added). As explained above, the logic of Defendants' motion dictates further stays and Defendants themselves admit as much.

## V.    Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion and enter a briefing schedule on any forthcoming motion to dismiss.

Dated: December 22, 2020

Respectfully submitted,

**POMERANTZ LLP**

/s/ Louis C. Ludwig
Louis C. Ludwig
10 South LaSalle, Suite 3505
Chicago, Illinois  60005
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: lcludwig@pomlaw.com

Jeremy A. Lieberman
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email: migross@pomlaw.com
         jalieberman@pomlaw.com

*Lead Counsel*

**THE SCHALL LAW FIRM**
Brian Schall
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*

5