## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ROBERT LEMATTA, Individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>CASPER SLEEP INC., PHILIP KRIM, GREGORY MACFARLANE, NEIL PARIKH, DIANE IRVINE, ANTHONY FLORENCE, JACK LAZAR, BENJAMIN LERER, KAREN KATZ, DANI REISS, MORGAN STANLEY & CO. LLC, GOLDMAN SACHS & CO., LLC, JEFFERIES LLC, BOFA SECURITIES, INC., UBS SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., PIPER SANDLER & CO. and GUGGENHEIM SECURITIES, LLC,<br><br>     Defendants. | Case No. 1:20-cv-02744-MKB-RML |

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION TO STAY
ALL PROCEEDINGS PENDING DISPOSITION OF MOTION
TO DISMISS AN EARLIER-FILED STATE ACTION**

PAUL, WEISS, RIFKIND,
 WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000

WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8677

*Counsel for Defendants*

**TABLE OF CONTENTS**

**Page**

Preliminary Statement ...................................................................................................1

Argument ........................................................................................................................2

I.      The Balance of Interests Favors A Stay ................................................................2

        A.      The First-Filed Rule Applies, and, in All Events, the Court Has
                Inherent Authority to Issue a Stay ............................................................2

        B.      Federal Plaintiff Would Not Be Prejudiced by a Stay, but
                Defendants Will Be Prejudiced Without a Stay .........................................5

II.     A Stay Is Also Warranted Under *Colorado River* ...................................................7

Conclusion .......................................................................................................................8

i

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abcarian* v. *Levine*,
   No. CV-16-7106-GHK (JPRx), 2016 WL 7189899 (C.D. Cal. Nov. 28,
   2016) ...............................................................................................................7

*Castillo* v. *Taco Bell of Am. LLC*,
   960 F. Supp. 2d 401 (E.D.N.Y. 2013) ...................................................................2, 6

*Charlot* v. *Ecolab, Inc.*,
   97 F. Supp. 3d 40 (E.D.N.Y. 2015) ...............................................................................4

*City of Amsterdam* v. *Purdue Pharma L.P.*,
   No. 19-cv-896, 2019 WL 5102564 (N.D.N.Y. Oct. 11, 2019)...................................5, 6

*City of New York* v. *Exxon Corp.*,
   932 F.2d 1020 (2d Cir. 1991) ...............................................................................3

*Eagle One Roofing Contractors, Inc.* v. *Acquafredda*,
   No. 16-CV-3537 (NGG) (SJB), 2018 WL1701939 (E.D.N.Y. Mar. 31,
   2018)..........................................................................................................7, 8

*Emp. Ins. of Wausau* v. *Fox Ent. Grp., Inc.*,
   522 F. 3d 271 (2d Cir. 2008) ...............................................................................4

*Glenclova Inv. Co.* v. *Trans-Res., Inc.*,
   874 F. Supp. 2d 292 (S.D.N.Y. 2012) ...............................................................3

*Global Detection & Reporting, Inc.* v. *Securetec Detektions-Systeme AG*,
   No. 08 Civ. 5441 (GEL), 2008 WL 5054728 (S.D.N.Y. Nov. 21, 2008).....................7

*GMT Corp.* v. *Quiksilver*,
   No. 02 Civ. 2229, 2002 WL 1788016 (S.D.N.Y. Aug. 1, 2002) ..............................3, 4

*In re GreenSky, Inc. Sec. Litig.*,
   No. 665626/2018, 2019 WL 6310525 (N.Y. Sup. Ct. Nov. 25, 2019).........................4

*H&S Tool, Inc.* v. *Bradley*,
   No. 07-1658, 2007 WL 9799828 (E.D. Pa. Sept. 7, 2007)...........................................4

*Macomb Cnty. Emp. Ret. Sys.* v. *Venator Materials PLC*,
   No. 651771/2020 (N.Y. Sup. Ct. July 1, 2020) ...........................................................4

*Names for Dames* v. *Gimbel*,
   No. 88-CV-3692, 1989 WL 82417 (S.D.N.Y. July 19, 1989)...................................3

*Niagara Mohawk Power Corp.* v. *Hudson River-Black River Regulating Dist.*,
  673 F.3d 84 (2d. Cir. 2012) ....................................................................................8

*Packer* v. *Power Balance, LLC*,
  No. Civ. 11-802, 2011 WL 1099001 (D.N.J. Mar. 22, 2011) ......................................7

*Readick* v. *Avis Budget Grp., Inc.*,
  No. 12 CIV. 3988 (PGG), 2014 WL 1683799 (S.D.N.Y. Apr. 28, 2014) ....................................................................................................................5

*Scurmont LLC* v. *Firehouse Restaurant Grp., Inc.*,
  No. 4:09-cv-00618-RBH, 2010 WL 11433199 (D.S.C. May 19, 2010) .......................4

*In re Take-Two Interactive Software, Inc.* v. *Benzies*,
  No. 16-cv-2699, 2017 WL 2728434 (S.D.N.Y. June 22, 2017)...................................3

STATUTES

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ....................................................................................................................8

Defendants respectfully submit this reply in further support of their motion to stay all proceedings in this Federal Action pending disposition of the motion to dismiss in the earlier-filed State Action, and in response to the opposition brief (the "Opposition" or "Opp.") (ECF No. 24) filed by Federal Plaintiff.  All capitalized terms not defined herein shall have the same meanings set forth in Defendants' moving brief (ECF No. 22) (the "Motion" or "Mot.").

## PRELIMINARY STATEMENT

In the Opposition, Federal Plaintiff concedes that the Federal Action and State Action assert overlapping federal securities claims, on behalf of overlapping classes, against the same Defendants, premised on many of the same alleged misstatements in Casper's IPO Registration Statement, based on the same theories of falsity.  Federal Plaintiff nonetheless insists that the two actions should continue apace with Defendants filing two sets of motion papers, but offers no explanation for why the state and federal courts should be forced to adjudicate the anticipated motions to dismiss at the exact same time, risking conflicting decisions.  Nor does Federal Plaintiff articulate any prejudice from the requested temporary stay, which will allow this Court to consider the ruling on the motion to dismiss in the first-filed action before determining next steps in this later-filed action.  Certainly, Federal Plaintiff offers no explanation for how its proposal advances the interests of judicial efficiency, nor does Federal Plaintiff propose a cure for the risk of inconsistent rulings by the state and federal courts.

Having largely conceded the duplicative nature of these State and Federal Actions, Federal Plaintiff falls back on several unpersuasive legal arguments—arguing that the first-filed rule should not apply and that, despite the limited duration of the requested stay, *Colorado River* mandates denial of the motion.  But there is no question that the Federal Action is the third-filed lawsuit, and that federal and state courts routinely invoke their inherent powers to stay later-filed actions in favor of first-filed actions.  Any other practice would encourage

1

duplicative litigation and forum shopping. Furthermore, given that both actions were brought on behalf of overlapping classes, and the motion to dismiss in the State Action was already submitted to that court on December 28, 2020, there is no credible claim that a limited stay of this action pending a ruling on that motion would operate to prejudice any interests of the *putative class*. Moreover, even if the *Colorado River* abstention doctrine did apply to this stay request (and it does not given the limited relief requested by Defendants), Federal Plaintiff does not contest that—as shown in Defendants' moving brief—the six-factor analysis supports Defendants' stay motion in this case.

For these reasons, as set forth in greater detail below, a temporary stay should be granted pending a decision on the motion to dismiss in the State Action.

## ARGUMENT

### I.      The Balance of Interests Favors A Stay

#### A.      The First-Filed Rule Applies, and, in All Events, the Court Has Inherent Authority to Issue a Stay

Federal Plaintiff does not dispute that the State Action was filed first, that the action challenges the same alleged false statements under the same theories, that the actions were brought in the name of similar putative classes, and that the motions to dismiss will address the same legal issue of whether material false statements are pleaded by shareholders. Rather, Federal Plaintiff disputes the applicability of the first-filed rule where, as here, the earlier-filed action was filed in state, not federal, court. (Opp. at 4.) This argument should be rejected.

It is well-established that courts have inherent power to control their own docket. The first-filed rule directly derives from the uncontroversial proposition that a district court has "power to administer its docket to conserve judicial resources, and to promote the efficient and comprehensive disposition of cases." *Castillo* v. *Taco Bell of Am. LLC*, 960 F. Supp. 2d 401,

2

404 (E.D.N.Y. 2013); *GMT Corp.* v. *Quiksilver*, No. 02 Civ. 2229, 2002 WL 1788016, at *1 (S.D.N.Y. Aug. 1, 2002).

Nor does *Colorado River*—a doctrine that Federal Plaintiff concedes "address[es] federal court *abstention* or *dismissal* in favor a parallel state action"—mandate a different result.[1] (Opp. at 4 n.4 (emphasis added).)  Indeed, federal courts have invoked their inherent powers to issue stays, and to control their dockets, **both** where parallel litigation is pending in another federal court **and** when faced with parallel state and federal litigation, regardless of *Colorado River*.  *See In re Take-Two Interactive Software, Inc.* v. *Benzies*, No. 16-cv-2699, 2017 WL 2728434, at *1 (S.D.N.Y. June 22, 2017) (staying the federal action, without using *Colorado River*, noting that the plaintiff's argument about the federal action being first-filed was unpersuasive given the state action was filed on the same day); *Glenclova Inv. Co.* v. *Trans-Res., Inc.*, 874 F. Supp. 2d 292, 313–14  (S.D.N.Y. 2012) (granting the stay without applying *Colorado River*); *Names for Dames* v. *Gimbel*, No. 88-CV-3692, 1989 WL 82417, at *3 (S.D.N.Y. July 19, 1989) (granting a stay in the federal action without invoking *Colorado River* when the state action had progressed further).  Plaintiff cites no authority to the contrary.[2]

---

[1]   Federal Plaintiff's argument that "the logic of Defendants' motion" renders this request for a definite, limited-duration stay equivalent to a request for permanent dismissal or abstention for purposes of *Colorado River* is unpersuasive. (Opp. at 4 n.5.)  Whether a stay might be appropriate in the future (for instance, on the issue of class certification) is premature and entirely conjectural at this stage, pending developments in both actions, and, regardless, does not turn this limited request for a stay into a sweeping request for dismissal or abstention.

[2]   Federal Plaintiff cites *City of New York* v. *Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991), for the proposition that the first-filed rule only applies to parallel federal court actions. (Opp. at 4.)  But in that case, the Second Circuit stated the applicability of the rule to federal actions, and did not address at all whether the rule also applies to stay motions addressing parallel state and federal actions.

3

Further, the New York state courts themselves have followed the first-filed rule in securities cases to determine whether the state '33 Act action should proceed in light of a parallel federal '34 Act action. Indeed, Judge Schecter (the judge presiding over the State Action here) has twice applied the first-filed rule to allow New York state court '33 Act actions to proceed, despite the request to stay the New York state proceedings in favor of later-filed federal actions that also raised '34 Act claims. *See Macomb Cnty. Emp. Ret. Sys.* v. *Venator Materials PLC*, No. 651771/2020 (N.Y. Sup. Ct. July 1, 2020) (denying the motion to stay the New York state proceedings in favor of Texas district court proceedings); *In re GreenSky, Inc. Sec. Litig.*, No. 665626/2018, 2019 WL 6310525 (N.Y. Sup. Ct. Nov. 25, 2019) (denying the motion to stay the New York state proceedings in favor of the Southern District of New York proceedings). Defendants respectfully submit that this Court should apply the same principle and stay the later-filed action—a practice that discourages forum-shopping by parties in favor of a universal rule. *See Charlot* v. *Ecolab, Inc.*, 97 F. Supp. 3d 40, 63 (E.D.N.Y. 2015) ("The first-filed rule is a jurisprudential guide to discourage forum shopping and promote judicial economy."); *Scurmont LLC* v. *Firehouse Restaurant Grp., Inc.*, No. 4:09-cv-00618-RBH, 2010 WL 11433199, at *3 n.3 (D.S.C. May 19, 2010) ("Application of the first-filed rule is usually exercised to prevent forum shopping."); *H&S Tool, Inc.* v. *Bradley*, No. 07-1658, 2007 WL 9799828, at *2 (E.D. Pa. Sept. 7, 2007) ("[O]ne of the key purposes of the first-filed rule is to prevent forum shopping").[3]

---

[3] Federal Plaintiff also suggests that special circumstances exist that warrant departing from the first-filed rule. (Opp. at 4.) But as the party seeking to deviate from the first-filed rule, Federal Plaintiff has the burden of demonstrating the departure is warranted. *GMT Corp.*, 2002 WL 1788016, at *3. The Second Circuit has only recognized a limited number of special circumstances, none of which exist here. Those situations include the improper filing of an anticipatory declaratory judgment action, filed for the purpose of securing jurisdiction, and use of settlement negotiations as a "ruse," for the purpose of being the first filer. *See, e.g., Emp. Ins. of Wausau* v. *Fox Ent. Grp., Inc.*, 522 F. 3d 271, 276 (2d Cir. 2008); *GMT Corp.*, 2002 WL 1788016, at *3. No such special circumstances are present here.

4

**B.**      **Federal Plaintiff Would Not Be Prejudiced by a Stay, but Defendants Will Be Prejudiced Without a Stay**

In the Opposition, Federal Plaintiff also fails to identify any particular prejudice that could or would result from the brief stay of this action.  Even Federal Plaintiff acknowledges that any motion to dismiss in the Federal Action would "advance[e] many of the same arguments that they [would] advance in the state action" (Opp. at 3 n.3), and thus that the legal issues between the two cases overlap.

Rather, Federal Plaintiff complains that the requested stay will cause a brief delay in the federal proceedings.  But a brief delay does not equate with prejudice.  Indeed, this conclusion applies with special force in this case because the two actions are brought on behalf of substantially overlapping putative classes.  Federal Plaintiff has made no showing that the putative *class* would suffer any prejudice by virtue of a stay when they are ably represented in the State Action, which will move forward as scheduled.  Where, as here, a plaintiff cites no prejudice to the interests of the class, a stay is warranted.  *Readick* v. *Avis Budget Grp., Inc.*, No. 12 CIV. 3988 (PGG), 2014 WL 1683799, at *4 (S.D.N.Y. Apr. 28, 2014) (finding no prejudice where class plaintiff failed to "articulat[e] in concrete terms the practical, real-life effects" of granting a stay, and rejecting the argument "that it will be 'inconvenient'" for class plaintiff to await resolution of the first-filed class action was a sufficient reason to reject defendant's stay motion) (citations omitted).

Furthermore, in focusing on a brief delay in the Federal Action, Federal Plaintiff ignores the benefit and increased efficiency of avoiding simultaneous adjudication by two different judges of the same legal issues in response to overlapping motions to dismiss.  *Cf. City of Amsterdam* v. *Purdue Pharma L.P.*, No. 19-cv-896, 2019 WL 5102564, at *3 (N.D.N.Y. Oct. 11, 2019) (recognizing "that Plaintiff has an interest in proceeding expeditiously with its

5

litigation, [but] a brief stay pending a decision by the JPML . . . would hardly preclude Plaintiff from litigating its claims" if there was no transfer).  While Federal Plaintiff observes that the ruling in the State Action will not be binding upon this Court, that decision will no doubt be instructive and potentially streamline the legal issues, given that both cases will address whether the Registration Statement is alleged to be materially misleading.

By contrast, Defendants would be prejudiced by litigating the same case in multiple forums.  For fourteen of the Defendants, the Director Defendants, and the Underwriter Defendants, this lawsuit is entirely duplicative of the State Action because the only claims against them in this action are made under the '33 Act.  (ECF No. 16 at ¶¶ 117–30.)  Thus, the central issue for fourteen of the Defendants will be the same.  For the other four Defendants, the claims are mostly duplicative.  As Federal Plaintiff concedes, the '33 Act claims are duplicative, and the '34 Act claims contain substantial overlap with the '33 Act claims (the element of material falsity overlaps, but the '34 Act claims also require plaintiffs to plead scienter and loss causation).  (*Id.* at ¶¶ 131–45; *see* Mot. at 6–9.)  Thus, litigating the same suits in multiple forums would prejudice the Defendants by forcing them to expend time and resources on overlapping claims with no concomitant benefit to the orderly administration of this multi-forum litigation.

While Federal Plaintiff suggests the overlap means Defendants will have "sufficient time to prepare separate filings" (Opp. at 3 n.3), time and time again, courts recognize that it would be "patently unfair" to require defendants to litigate issues in the later-filed action "at the same time those matters are being litigated in the first-filed action." *Castillo*, 960 F. Supp. 2d at 404; *cf. City of Amsterdam*, 2019 WL 5102564, at *3 (noting if the court "denies Defendants' motion to stay, Defendants would be required to litigate nearly identical actions in

6

multiple forums."); *Global Detection & Reporting, Inc.* v. *Securetec Detektions-Systeme AG*, No. 08 Civ. 5441 (GEL), 2008 WL 5054728, at *2 (S.D.N.Y. Nov. 21, 2008) ("[D]efendants have significant interests in avoiding multiple litigation[s] in state and federal forums."); *Packer* v. *Power Balance, LLC*, No. Civ. 11-802, 2011 WL 1099001, at *2 (D.N.J. Mar. 22, 2011) (noting that subjecting defendants to multiple claims in multiple forums would prejudice them, but the plaintiff would not be prejudiced by a brief stay).

Federal Plaintiff also ignores the clear benefit of judicial efficiency. Given the overlap in issues, this Court would benefit from seeing how the state court addressed the issues, as opposed to duplicating efforts to decide substantially similar motions. (Mot. at 6–9, 13–14.) Federal Plaintiff offers virtually no response to this argument.

## II.     A Stay Is Also Warranted Under *Colorado River*

Because a stay is appropriate under the Court's inherent powers, and no request for abstention or dismissal is sought, the Court need not address the *Colorado River* factors. But assuming, *arguendo*, that the *Colorado River* factors apply, the case should be stayed. *See Abcarian* v. *Levine*, No. CV-16-7106-GHK (JPRx), 2016 WL 7189899, at *6 (C.D. Cal. Nov. 28, 2016), *aff'd*, 693 F. App'x 487 (9th Cir. 2017) (staying the federal action for the first-filed state court action under *Colorado River*). As Federal Plaintiff does not dispute, four of the six *Colorado River* factors weigh in favor of a stay. (Mot. at 16–17.) Thus, even if the Court analyzes the stay under *Colorado River*, the stay should be granted.

As Federal Plaintiff cannot refute, the State and Federal Actions raise substantially the same, if not identical, claims against the Defendants. (Mot. at 6–9.) Federal Plaintiff's reliance on *Eagle One Roofing Contractors, Inc.* v. *Acquafredda*, No. 16-CV-3537 (NGG) (SJB), 2018 WL1701939 (E.D.N.Y. Mar. 31, 2018), is thus misplaced. (Opp. at 4.) In *Eagle One*, only one defendant overlapped between the state and federal actions, whereas all the

7

Defendants overlap here.  *Id.* at *5.  Similarly, in *Eagle One*, the state action concerned a breach of contract claim, whereas the federal action centered on a RICO violation.  *Id.*  Here, the actions both involve '33 Act claims, and the '34 Act claims in the Federal Action are based on the same alleged misconduct and theory of liability.  Whereas a decision in the favor of the plaintiffs in the *Eagle One* state action would not result in any federal "liability for RICO damages," *id.,* here, by contrast, shareholders' failure to plead that Defendants made materially misleading statements is fatal to both the '33 Act and '34 Act claims.  The actions are not identical, but they are certainly parallel.  A stay under *Colorado River* is appropriate in parallel actions, where "substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Niagara Mohawk Power Corp.* v. *Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d. Cir. 2012) (internal citations omitted).  For these reasons, *Colorado River* also supports a stay here.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court issue a temporary stay of this action pending the disposition of Defendants' motion to dismiss in the State Action.

Dated: January 8, 2021

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

BY:
s/ *Audra J. Soloway*
Audra J. Soloway
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
Email: asoloway@paulweiss.com
*Attorney for Casper Defendants*

WILLKIE FARR & GALLAGHER LLP
Todd G. Cosenza
Charles Dean Cording
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8677
Fax: (212) 728-9677
Email: tcosenza@willkie.com
        ccording@willkie.com
*Attorneys for Underwriter Defendants*

9