**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT LEMATTA, Individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>CASPER SLEEP INC., PHILIP KRIM, GREGORY MACFARLANE, NEIL PARIKH, DIANE IRVINE, ANTHONY FLORENCE, JACK LAZAR, BENJAMIN LERER, KAREN KATZ, DANI REISS, MORGAN STANLEY & CO. LLC, GOLDMAN SACHS & CO. LLC, JEFFERIES LLC, BOFA SECURITIES, INC., UBS SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., PIPER SANDLER & CO. and GUGGENHEIM SECURITIES, LLC,<br><br>                    Defendants. | Case No: 1:20-cv-02744-MKB-RML<br><br>Honorable Margo K. Brodie |

**UNDERWRITER DEFENDANTS' ANSWER TO**
**<u>LEAD PLAINTIFF'S CONSOLIDATED SECOND AMENDED COMPLAINT</u>**

WILLKIE FARR & GALLAGHER LLP
Todd G. Cosenza
Charles D. Cording
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8677
Email: tcosenza@willkie.com
       ccording@willkie.com

*Attorneys for the Underwriter Defendants*

**ANSWER**

Defendants Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Jefferies LLC, BofA Securities, Inc., UBS Securities LLC, Citigroup Global Markets Inc., Piper Sandler & Co. and Guggenheim Securities, LLC (collectively, the "Underwriter Defendants"), by and through their undersigned counsel, respectfully submit the following Answer in response to the Consolidated Second Amended Complaint, filed by Lead Plaintiff Saleh Doron Gahtan, dated June 30, 2021 [Dkt. No. 29] (the "Second Amended Complaint").[1]  To the extent that the Paragraphs in the Second Amended Complaint are grouped under headings and subheadings, the Underwriter Defendants respond generally that the headings and subheadings do not constitute factual averments, and thus the headings are not included herein.  To the extent that a response is deemed necessary, the Underwriter Defendants deny each and every heading and subheading in the Second Amended Complaint.  Further, except as explicitly admitted herein, the Underwriter Defendants deny each and every allegation of the Second Amended Complaint, including, without limitation, any allegations in the unnumbered Paragraph on page 1 of the Second Amended Complaint, headings, subheadings, footnotes, and/or the prayer for relief.  Additionally, to the extent any allegations in numbered or unnumbered paragraphs of the Second Amended Complaint relate to Casper's pricing, promotions, and/or growth, the Underwriter Defendants understand that because the Court granted Defendants' motion to dismiss in part (the "Order") [Dkt. No. 35] as to "Plaintiff's claims regarding Defendants' statements about Casper's pricing and promotions and growth," *see* Order at 35, a response is not required.  To the extent a response is deemed necessary, the Underwriter Defendants deny those allegations, except as explicitly admitted herein.

---

[1] All capitalized terms not otherwise defined in this Answer have the same definitions as in the Second Amended Complaint.

**NATURE OF THE ACTION**

1.      The allegations in Paragraph 1 of the Second Amended Complaint contain Plaintiff's defined terms, characterization, and/or legal conclusions as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

2.      The Underwriter Defendants deny the allegations in Paragraph 2 of the Second Amended Complaint to the extent they relate to Casper's profits, profitability, and/or distribution network, except admit the material quoted from Casper's IPO Registration Statement.  To the extent the allegations contained in Paragraph 2 of the Second Amended Complaint relate to Casper's pricing, promotions, and/or growth, the Underwriter Defendants understand that because the Court granted Defendants' motion to dismiss in part as to "Plaintiff's claims regarding Defendants' statements about Casper's pricing and promotions and growth," *see* Order at 35, a response is not required.  To the extent that a response is deemed necessary, the Underwriter Defendants deny the remaining allegations in Paragraph 2 of the Second Amended Complaint. The Underwriter Defendants further state that the allegations in Paragraph 2 of the Second Amended Complaint purport to characterize and quote statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

3.      The Underwriter Defendants deny the allegations in Paragraph 3 of the Second Amended Complaint to the extent they relate to Casper's profits, profitability, and/or distribution network, except admit that the Registration Statement stated that Casper's gross profit margin was 42.4% for the three months ended December 31, 2018 and 50.7% for the three months ended September 30, 2019.  To the extent the allegations contained in Paragraph 3 of the Second

Amended Complaint relate to Casper's pricing, promotions, and/or growth, the Underwriter Defendants understand that because the Court granted Defendants' motion to dismiss in part as to "Plaintiff's claims regarding Defendants' statements about Casper's pricing and promotions and growth," *see* Order at 35, a response is not required. To the extent that a response is deemed necessary, the Underwriter Defendants deny the remaining allegations in Paragraph 3 of the Second Amended Complaint. The Underwriter Defendants further state that the allegations in Paragraph 3 of the Second Amended Complaint purport to characterize statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

4.    The Underwriter Defendants deny the allegations in Paragraph 4 of the Second Amended Complaint to the extent they relate to Casper's profits, profitability, and/or distribution network, except admit that the Registration Statement stated that up to the date of filing of the Registration Statement, *i.e.* February 5, 2020, Casper had had significant results improving gross margins, that price optimization was a key initiative, that it was introducing higher margin products among its new offerings, as well as implementing supply chain initiatives designed to reduce product unit costs, and admit the material quoted from the Registration Statement. To the extent the allegations contained in Paragraph 4 of the Second Amended Complaint relate to Casper's pricing, promotions, and/or growth, the Underwriter Defendants understand that because the Court granted Defendants' motion to dismiss in part as to "Plaintiff's claims regarding Defendants' statements about Casper's pricing and promotions and growth," *see* Order at 35, a response is not required. To the extent that a response is deemed necessary, the Underwriter Defendants deny the remaining allegations in Paragraph 4 of the Second Amended Complaint. The Underwriter Defendants further state that the allegations in Paragraph 4 of the Second Amended Complaint

purport to characterize and quote statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

5.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 5 of the Second Amended Complaint.  The Underwriter Defendants deny the remaining allegations in Paragraph 5 of the Second Amended Complaint, except admit that Casper's IPO raised $88.4 million, as of September 30, 2019, Casper had $54.6 million in cash and cash equivalents on hand, and Casper's loss from operations for each quarter from December 31, 2017 to September 30, 2019, averaged more than $20 million.

6.     The Underwriter Defendants deny the allegations in Paragraph 6 of the Second Amended Complaint.

7.     The Underwriter Defendants deny the allegations in Paragraph 7 of the Second Amended Complaint to the extent they relate to Casper's profits, profitability, and/or distribution network.  To the extent the allegations contained in Paragraph 7 of the Second Amended Complaint relate to Casper's pricing, promotions, and/or growth, the Underwriter Defendants understand that because the Court granted Defendants' motion to dismiss in part as to "Plaintiff's claims regarding Defendants' statements about Casper's pricing and promotions and growth," *see* Order at 35, a response is not required.  To the extent that a response is deemed necessary, the Underwriter Defendants deny the remaining allegations in Paragraph 7 of the Second Amended Complaint.

8.     The Underwriter Defendants deny the allegations contained in Paragraph 8 of the Second Amended Complaint, except admit that Casper reported its earnings for 1Q20 on May 12, 2020, and that following the release, its share price declined $1.53 from the previous day's close.

The Underwriter Defendants further state that the allegations in Paragraph 8 of the Second Amended Complaint purport to characterize the May 12, 2020 earnings call and quarterly report on Form 10-Q, and respectfully refer the Court to the earnings call transcript and May 12, 2020 Form 10-Q for a true, correct, and complete statement of its contents.

9.      The Underwriter Defendants deny the allegations in Paragraph 9 of the Second Amended Complaint, except admit that on June 4, 2020, Casper's stock closed at $8.18 per share.

## JURISDICTION AND VENUE

10.     The allegations contained in Paragraph 10 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Plaintiff purports to assert claims under §§ 11 and 15 of the Securities Act, 15 U.S.C. §§ 77k and 77o, §§ 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5.

11.     The allegations contained in Paragraph 11 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations are construed to require a response, the Underwriter Defendants admit that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, § 22 of the Securities Act, 15 U.S.C. § 77v, § 27 of the Exchange Act, and 15 U.S.C. § 78aa.

12.     The allegations contained in Paragraph 12 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Plaintiff purports to base venue on the statute cited therein.

13.    The allegations contained in Paragraph 13 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations are construed to require a response, the Underwriter Defendants deny them, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 involving defendants other than the Underwriter Defendants, and admit that the Underwriter Defendants used certain means and instrumentalities of interstate commerce in the course of the IPO.

## PARTIES

14.    The Underwriter Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 14.

15.    The Underwriter Defendants admit, on information and belief, the allegations in the first and second sentences of Paragraph 15 of the Second Amended Complaint.  The Underwriter Defendants deny the allegations in the third sentence of Paragraph 15 of the Second Amended Complaint.

16.    The Underwriter Defendants admit, on information and belief, the allegations in Paragraph 16 of the Second Amended Complaint.

17.    The Underwriter Defendants admit, on information and belief, the allegations in Paragraph 17 of the Second Amended Complaint.

18.    The Underwriter Defendants admit, on information and belief, the allegations in Paragraph 18 of the Second Amended Complaint.

19.    The Underwriter Defendants deny the allegations in Paragraph 19 of the Second Amended Complaint, except admit that Philip Krim ("Krim" or "CEO), Gregory Macfarlane ("Macfarlane" or "CFO") and Neil Parikh ("Parikh" or "Chief Strategy Officer") (together, the

"Officer Defendants") were executives at Casper who reviewed, helped prepare, and signed the Registration Statement for Casper's IPO. The remaining allegations in Paragraph 19 of the Second Amended Complaint contain Plaintiff's defined terms, characterization, and/or legal conclusions as to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

20.     The allegations contained in Paragraph 20 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations are construed to require a response, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 20 of the Second Amended Complaint.

21.     The allegations in Paragraph 21 contain Plaintiff's legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

22.     The allegations in Paragraph 22 contain Plaintiff's legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

23.     The Underwriter Defendants admit, on information and belief, the allegations in Paragraph 23 of the Second Amended Complaint.

24.     The Underwriter Defendants admit, on information and belief, the allegations in Paragraph 24 of the Second Amended Complaint.

25.     The Underwriter Defendants admit, on information and belief, the allegations in Paragraph 25 of the Second Amended Complaint.

26.     The Underwriter Defendants admit, on information and belief, the allegations in Paragraph 26 of the Second Amended Complaint.

27.     The Underwriter Defendants admit, on information and belief, the allegations in Paragraph 27 of the Second Amended Complaint.

28.     The Underwriter Defendants admit, on information and belief, the allegations in Paragraph 28 of the Second Amended Complaint.

29.     The allegations in Paragraph 29 of the Second Amended Complaint contain Plaintiff's defined terms, as to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants adopt Plaintiff's designation of the defendants identified in ¶¶ 23 to 28 of the Second Amended Complaint as the "Director Defendants," and the collective designation of the Officer Defendants and Director Defendants as the "Individual Defendants."

30.     The allegations contained in Paragraph 30 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent the allegations are construed to require a response, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 30 of the Second Amended Complaint, except admit that each of the Individual Defendants signed the Registration Statement.

31.     The Underwriter Defendants admit the allegations in Paragraph 31 of the Second Amended Complaint.

32.     The allegations in Paragraph 32 contain Plaintiff's legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that they specialize, *inter alia,* in underwriting public offerings of securities, and that they served as the underwriters of the IPO.

33.     The Underwriter Defendants admit the allegations in Paragraph 33 of the Second Amended Complaint.

34.     The allegations in Paragraph 34 of the Second Amended Complaint contain Plaintiff's defined terms, as to which no response is required.  To the extent a response is required, Defendants adopt the Plaintiff's collective designation of Casper, the Individual Defendants, and the Underwriter Defendants as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Company Background

35.     The Underwriter Defendants deny the allegations in Paragraph 35 of the Second Amended Complaint, except admit the allegations in the first and second sentences of Paragraph 35 of the Second Amended Complaint, and admit the allegations in the third sentence of Paragraph 35 of the Second Amended Complaint only to the extent that the Registration Statement made representations that Casper brought the benefits of cutting-edge technology, data and insights to customers.  The Underwriter Defendants further state that the allegations in Paragraph 35 of the Second Amended Complaint purport to characterize the Registration Statement, and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

36.     The Underwriter Defendants admit the allegations in Paragraph 36 of the Second Amended Complaint.

37.     The Underwriter Defendants admit the allegations in Paragraph 37 of the Second Amended Complaint.

38.     The Underwriter Defendants deny the allegations in Paragraph 38 of the Second Amended Complaint, except admit that Casper's competitors include Tempur Sealy, Serta Simmons Bedding, and Sleep Number.

39.     The Underwriter Defendants deny the allegations in Paragraph 39 of the Second Amended Complaint, except admit the material quoted from the Registration Statement in the first sentence of Paragraph 39 of the Second Amended Complaint and admit the allegations in the second sentence of Paragraph 39 of the Second Amended Complaint only to the extent that Casper spent $154.58 million on sales and marketing activities in 2019.  The Underwriter Defendants further state that the allegations in the first sentence of Paragraph 39 of the Second Amended Complaint purport to characterize and quote the Registration Statement and respectfully refer the Court to the Registration Statement a true, correct, and complete statement of its contents.

40.     The Underwriter Defendants deny the allegations in Paragraph 40 of the Second Amended Complaint, except admit the material quoted from the Registration Statement in Paragraph 40 of the Second Amended Complaint.  The Underwriter Defendants further state the allegations in Paragraph 40 of the Second Amended Complaint purport to characterize and quote the Registration Statement and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

41.     The Underwriter Defendants deny the allegations in Paragraph 41 of the Second Amended Complaint, except admit the allegations in the second sentence of Paragraph 41 only to the extent that the Registration Statement stated that Casper was making significant long-term investments in its distribution capabilities.  The Underwriter Defendants further state that the allegations in the first sentence of Paragraph 41 of the Second Amended Complaint purport to

characterize and quote the Registration Statement and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

42.    The Underwriter Defendants deny the allegations in Paragraph 42 of the Second Amended Complaint, except admit the allegations in the first sentence of Paragraph 42 only to the extent that Casper had $54.6 million in cash and cash equivalents as of September 30, 2019.  The Underwriter Defendants further state the allegations in Paragraph 42 purport to characterize the Registration Statement and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

**FE1**

43.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Second Amended Complaint.

44.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Second Amended Complaint.

45.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

46.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

47.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

48.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

49.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

50.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

51.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

**FE2**

52.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Second Amended Complaint.

53.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

**FE3**

54.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Second Amended Complaint.

55.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

56.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

57.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Second Amended

Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

58.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

59.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

**FE4**

60.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Second Amended Complaint.

61.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Second Amended Complaint.

62.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

63.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Second Amended

Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

64.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

**FE5**

65.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Second Amended Complaint.

66.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

67.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

68.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

69.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

**FE6**

70.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Second Amended Complaint.

71.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

72.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

73.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

74.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Second Amended

Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

**FE7**

75. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Second Amended Complaint.

76. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

77. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

78. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Second Amended Complaint, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

**False and/or Misleading Statements Disseminated in Connection with the IPO**

79. The Underwriter Defendants deny the allegations in the first sentence of Paragraph 79 of the Second Amended Complaint. Defendants admit the allegations in the second sentence of Paragraph 79 of the Second Amended Complaint only to the extent that the Registration Statement stated that Casper had achieved 50.7% in gross margins for the three months ended

September 30, 2019, up from 42.8% for the year ended December 31, 2016.  The Underwriter Defendants further state the allegations in Paragraph 79 of the Second Amended Complaint purport to characterize the Registration Statement and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

80.     The Underwriter Defendants deny the allegations in the first sentence of Paragraph 80 of the Second Amended Complaint.  Defendants admit that the Registration Statement contained the statements in the second sentence of Paragraph 80 of the Second Amended Complaint.  Defendants admit the allegations in the third sentence of Paragraph 80 of the Second Amended Complaint only to the extent that the Registration Statement stated that from 2017 to September 30, 2019, Casper had maintained "'first purchase profitable'" e-commerce economics, defined as gross profit dollars, less marketing dollars over a specific time period.  The Underwriter Defendants further state the allegations in Paragraph 80 purport to characterize and quote the Registration Statement and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

81.     The Underwriter Defendants admit the material quoted from the Registration Statement in Paragraph 81 of the Second Amended Complaint.  The Underwriter Defendants further state the allegations in Paragraph 81 purport to characterize and quote statements in the Registration Statement and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

82.     The Underwriter Defendants understand that because the Court granted Defendants' motion to dismiss in part (the "Order") [Dkt. No. 35] as to "Plaintiff's claims regarding Defendants' statements about Casper's pricing and promotions and growth," *see* Order at 35, a response to Paragraph 82 is not required.  To the extent that a response is deemed necessary,

the Underwriter Defendants deny the allegations in Paragraph 82 of the Second Amended Complaint, except admit the allegations in the first sentence of Paragraph 82 only to the extent that the Registration Statement stated that in its first five years, Casper experienced rapid growth, that for the years 2018, 2017, and 2016, Casper's net revenue was $357.9 million, $250.9 million, and $169.1 million, respectively, representing a 45.5% compound annual growth rate, or CAGR, and admit the allegations in the second sentence of Paragraph 82 of the Second Amended Complaint. The Underwriter Defendants further state the allegations in Paragraph 82 purport to characterize and quote the Registration Statement and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

83.     The Underwriter Defendants deny the allegations in Paragraph 83 of the Second Amended Complaint, except admit the allegations in the first sentence of Paragraph 83, admit the allegations in second sentence of Paragraph 83 only to the extent that Casper's negative net cash flow was $53.28 million in 2018, and admit the allegations in third sentence of Paragraph 83 only to the extent that Casper had over $40 million in senior secured and subordinate debt as of September 30, 2019.

84.     The Underwriter Defendants admit the allegations in Paragraph 84 of the Second Amended Complaint.

85.     The allegations contained in Paragraph 85 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent the allegations are construed to require a response, the Underwriter Defendants deny them.

86.     Paragraph 86 is omitted from the Second Amended Complaint.

87.     The allegations in the first, second, and third sentences of Paragraph 87 of the Second Amended Complaint contain Plaintiff's characterizations as to which no response is

required. To the extent that a response is deemed necessary, the Underwriter Defendants deny those allegations, except admit the allegations in the second sentence of Paragraph 87 only to the extent that the Registration Statement stated that Casper's retail stores were "four-wall profitable." The Underwriter Defendants admit the material quoted from the Registration Statement in the fourth sentence of Paragraph 87 of the Second Amended Complaint. The Underwriter Defendants further state the allegations in Paragraph 87 purport to characterize and quote the Registration Statement and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

88.     The allegations in the first sentence of Paragraph 88 of the Second Amended Complaint contain Plaintiff's characterizations as to which no response is required. To the extent that a response is deemed necessary, the Underwriter Defendants deny those allegations, except admit that the Registration Statement stated that Casper set as a target for its future retail stores a cash-on-cash payback period ranging from 18 to 24 months. The Underwriter Defendants admit the material quoted from the Registration Statement in the second sentence of Paragraph 88. The Underwriter Defendants further state the allegations in Paragraph 88 purport to characterize and quote the Registration Statement and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

89.     The allegations in the first sentence of Paragraph 89 of the Second Amended Complaint contain Plaintiff's characterizations as to which no response is required. To the extent that a response is deemed necessary, the Underwriter Defendants deny those allegations, except admit that the Registration Statement stated that Casper's average order value (or "AOV") increased between 2017 and September 30, 2019. The Underwriter Defendants further state the allegations in Paragraph 89 purport to characterize and quote the Registration Statement and

respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

90.     The Underwriter Defendants deny the allegations in Paragraph 90 of the Second Amended Complaint, except admit the allegations in the first sentence of Paragraph 90 of the Second Amended Complaint only to the extent that the Registration Statement stated that Casper's retail store strategy had achieved "'first purchase profitable' e-commerce economics" and admit the material quoted from the Registration Statement in the second sentence of Paragraph 90 of the Second Amended Complaint.   The Underwriter Defendants further state the allegations in Paragraph 90 purport to characterize and quote the Registration Statement and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

91.     The allegations in Paragraph 91 of the Second Amended Complaint contain Plaintiff's characterizations as to which no response is required.  To the extent that a response is deemed necessary, the Underwriter Defendants deny the allegations contained in Paragraph 91 of the Second Amended Complaint, except admit the allegations in the first sentence of Paragraph 91 that the Registration Statement stated Casper had implemented a number of initiatives designed to expand its margins, admit the allegations in the second sentence of Paragraph 91 only to the extent that Casper implemented the strategic initiatives as referred to in the Registration Statement, and admit the material quoted from the Registration Statement in the second, third, and fourth sentences of Paragraph 91.  The Underwriter Defendants further state the allegations in Paragraph 91 purport to characterize and quote the Registration Statement and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

92.     The allegations in Paragraph 92 of the Second Amended Complaint contain Plaintiff's characterizations as to which no response is required.  To the extent that a response is

deemed necessary, the Underwriter Defendants deny the allegations contained in Paragraph 92 of the Second Amended Complaint, except admit the allegations in the first sentence of Paragraph 92 only to the extent that the Registration Statement provided preliminary results for the year ended December 31, 2019, admit the financial metrics for the year ended December 31, 2019 quoted from the Registration Statement in the second sentence of Paragraph 92, and admit the material quoted from the Registration Statement in the fifth sentence of Paragraph 92. The Underwriter Defendants further state the allegations in Paragraph 92 purport to characterize and quote the Registration Statement and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

93.     The allegations in Paragraph 93 of the Second Amended Complaint contain Plaintiff's characterizations as to which no response is required. To the extent that a response is deemed necessary, the Underwriter Defendants deny the allegations contained in Paragraph 93 of the Second Amended Complaint, except admit the allegations in the first sentence of Paragraph 93 only to the extent that the Registration Statement stated that Casper intended to expand into new international markets, and admit the material quoted from the Registration Statement in the second sentence of Paragraph 93. The Underwriter Defendants further state the allegations in Paragraph 93 purport to characterize and quote the Registration Statement and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

94.     The allegations in Paragraph 94 contain Plaintiff's characterizations as to which no response is required. To the extent that a response is deemed necessary, the Underwriter Defendants deny the allegations contained in Paragraph 94 of the Second Amended Complaint, except admit the allegations in the first sentence of Paragraph 94 that the Registration Statement stated that Casper managed a global supply chain of highly qualified, third-party manufacturing

- 23 -

and logistics partners to produce and distribute its products, and admit the material quoted from the Registration Statement in the second sentence of Paragraph 94. The Underwriter Defendants further state the allegations in Paragraph 94 purport to characterize and quote the Registration Statement and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

95. The allegations contained in Paragraph 95 of the Second Amended Complaint constitute legal conclusions to which no response is required. The Underwriter Defendants further state that to the extent the allegations in Paragraph 95 of the Second Amended Complaint relate to Casper's pricing, promotions, and/or growth, the Underwriter Defendants understand that because the Court granted Defendants' motion to dismiss in part as to "Plaintiff's claims regarding Defendants' statements about Casper's pricing and promotions and growth," *see* Order at 35, a response is not required. To the extent the allegations are construed to require a response, the Underwriter Defendants deny them.

96. The allegations contained in Paragraph 96 of the Second Amended Complaint constitute legal conclusions to which no response is required. The Underwriter Defendants further state that to the extent the allegations in Paragraph 96 of the Second Amended Complaint relate to Casper's pricing, promotions, and/or growth, the Underwriter Defendants understand that because the Court granted Defendants' motion to dismiss in part as to "Plaintiff's claims regarding Defendants' statements about Casper's pricing and promotions and growth," *see* Order at 35, a response is not required. To the extent the allegations are construed to require a response, the Underwriter Defendants deny them.

97. The allegations contained in Paragraph 97 of the Second Amended Complaint constitute legal conclusions to which no response is required. The Underwriter Defendants further

state that to the extent the allegations in Paragraph 97 of the Second Amended Complaint relate to Casper's pricing, promotions, and/or growth, the Underwriter Defendants understand that because the Court granted Defendants' motion to dismiss in part as to "Plaintiff's claims regarding Defendants' statements about Casper's pricing and promotions and growth," *see* Order at 35, a response is not required. To the extent the allegations are construed to require a response, the Underwriter Defendants deny them.

98.     The allegations contained in the first sentence of Paragraph 98 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations are construed to require a response, the Underwriter Defendants deny them. The Underwriter Defendants further state that to the extent the allegations in Paragraph 98 of the Second Amended Complaint relate to Casper's pricing, promotions, and/or growth, the Underwriter Defendants understand that because the Court granted Defendants' motion to dismiss in part as to "Plaintiff's claims regarding Defendants' statements about Casper's pricing and promotions and growth," *see* Order at 35, a response is not required. To the extent the allegations are construed to require a response, the Underwriter Defendants deny the remaining allegations in Paragraph 98 of the Second Amended Complaint, except admit the material quoted from the Registration Statement in the second sentence of Paragraph 98. The Underwriter Defendants further state that the allegations in Paragraph 98 of the Second Amended Complaint purport to characterize and quote statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

**The Truth Slowly Emerges**

99.     The Underwriter Defendants deny the allegations in Paragraph 99 of the Second Amended Complaint. The material quoted in Paragraph 99 of the Second Amended Complaint is

from the May 12, 2020 earnings call ("May 2020 Earnings Call"), not the March 19, 2020 earnings call as alleged in Paragraph 99, and respectfully refer the Court to the May 2020 Earnings Call transcript for a true, correct, and complete statement of its contents.

100.    The allegations contained in Paragraph 100 of the Second Amended Complaint constitute legal conclusions to which no response is required.  The Underwriter Defendants further state that to the extent the allegations in Paragraph 100 of the Second Amended Complaint relate to Casper's pricing, promotions, and/or growth, the Underwriter Defendants understand that because the Court granted Defendants' motion to dismiss in part as to "Plaintiff's claims regarding Defendants' statements about Casper's pricing and promotions and growth," *see* Order at 35, a response is not required.  To the extent the allegations are construed to require a response, the Underwriter Defendants deny them, except admit the allegations in the second sentence of Paragraph 100 only to the extent that the March 19, 2020 earnings call stated that Casper expected adjusted EBITDA losses of between $30 and $27 million during 1Q20.  The Underwriter Defendants further state that the allegations in Paragraph 100 of the Second Amended Complaint purport to characterize and quote statements made in the March 19, 2020 earnings call and respectfully refer the Court to the earnings call transcript for a true, correct, and complete statement of its contents.

101.    The Underwriter Defendants deny the allegations in Paragraph 101 of the Second Amended Complaint, except admit the allegations in the first sentence of Paragraph 101 only to the extent that on April 21, 2020 Casper's press release ("April 2020 Press Release") announced that Casper was taking corporate initiatives to improve Casper's financial position, admit the allegations in the second sentence of Paragraph 101, and admit the allegations in the fourth sentence of Paragraph 101, only to the extent that the April 2020 Press Release announced that

MacFarlane, Casper's CFO and COO, was resigning. The Underwriter Defendants further state that the allegations in Paragraph 101 purport to characterize the April 2020 Press Release and respectfully refer the Court to the April 2020 Press Release for a true, correct and complete statement of its contents.

102. The Underwriter Defendants admit the allegations in Paragraph 102 of the Second Amended Complaint. The Underwriter Defendants further state that the allegations in Paragraph 102 purport to characterize the May 12, 2020 release of financial results for the quarter ended March 31, 2020, and respectfully refer the Court to the release for a true, correct and complete statement of its contents.

103. The Underwriter Defendants deny the allegations contained in Paragraph 103 of the Second Amended Complaint, except admit the allegations in the first sentence of Paragraph 103 only to the extent that during Casper's May 2020 Earnings Call, Stuart B. Brown (Interim CFO, Principal Financial & Accounting Officer)—not Defendant Krim—attributed the decrease in Casper's gross margin to a change in logistics providers and to clearance sales of prior models in advance of Casper's new mattress launch at the end of the first quarter of 2020, and admit the allegations in the second sentence of Paragraph 103 only to the extent that during Casper's May 2020 Earnings Call, Brown stated that Casper was reducing the number of planned new retail openings in 2020. The Underwriter Defendants further state that the allegations in Paragraph 103 purport to characterize statements made in the May 2020 Earnings Call and respectfully refer the Court to the May 2020 Earnings Call transcript for a true, correct and complete statement of its contents.

104. The Underwriter Defendants deny the allegations in Paragraph 104 of the Second Amended Complaint, except admit that the allegations in the first sentence of Paragraph 104 only

to the extent that on May 12, 2020 Casper filed its May 12, 2020 Form 10-Q, which stated that Casper's cash and cash equivalents had increased by $48.5 million during the quarter, and admit the allegations in the third sentence of Paragraph 104 only to the extent that the May 12, 2020 Form 10-Q stated Casper had $116 million in cash on hand as of March 31, 2020. The Underwriter Defendants further state that the allegations in Paragraph 104 purport to characterize statements made in the May 12, 2020 Form 10-Q and respectfully refer the Court to the May 12, 2020 Form 10-Q for a true, correct and complete statement of its contents.

105. The Underwriter Defendants deny the allegations in Paragraph 105 of the Second Amended Complaint, except admit the allegations in the first sentence of Paragraph 105 only to the extent that on May 12, 2020, Casper's shares fell by $1.53 per share from the previous day's close, and admit that the May 13, 2020 report published by Wedbush contains the statements excerpted in the second and third sentences of Paragraph 105. The Underwriter Defendants further state that the allegations in Paragraph 105 purport to characterize and quote statements from the May 13, 2020 Wedbush report and respectfully refer the Court to the report itself for a true, correct and complete statement of its contents.

106. The Underwriter Defendants deny the allegations in Paragraph 106 of the Second Amended Complaint, except admit that as of market close on June 4, 2020, Casper's stock was trading at $8.18 per share.

107. The allegations contained in Paragraph 107 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

108.    The allegations contained in Paragraph 108 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

109.    The allegations contained in Paragraph 109 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

110.    The allegations contained in Paragraph 110 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

111.    The allegations contained in Paragraph 111 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

112.    The allegations contained in Paragraph 112 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

113.    The allegations contained in Paragraph 113 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

114.    The allegations contained in Paragraph 114 of the Second Amended Complaint constitute legal conclusions to which no response is required.   To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

115.    The allegations contained in Paragraph 115 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

116.    The allegations contained in Paragraph 116 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

## COUNT I
## Violations of Section 11 of the Securities Act
## Against All Defendants

117.    The Underwriter Defendants repeat each of the foregoing responses.

118.    The allegations contained in Paragraph 118 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit that Plaintiff purports to bring a Section 11 claim against all Defendants on behalf of other members of the purported class.

119.    The allegations contained in Paragraph 119 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

120.    The allegations contained in Paragraph 120 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

121.    The allegations contained in Paragraph 121 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

122.    The allegations contained in Paragraph 122 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny the allegations in Paragraph 122 of the Second Amended Complaint.

123.    The allegations in Paragraph 123 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent the allegations are construed to require a response, the Underwriter Defendants deny the allegations in Paragraph 123 of the Second Amended Complaint.

124.    The allegations in Paragraph 124 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent the allegations are construed to require a response, the Underwriter Defendants deny the allegations in Paragraph 124 of the Second Amended Complaint.

## COUNT II
### Violations of Section 15 of the Securities Act Against the Individual Defendants

125.    The Underwriter Defendants repeat each of the foregoing responses.[2]

126.    The allegations in Paragraph 126 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent the allegations are construed to require a response, the Underwriter Defendants deny the allegations in Paragraph 126 of the Second Amended Complaint, except admit that Plaintiff purports to bring a Section 15 claim against the Individual Defendants.

---

[2] Because Counts II, III, and IV of the Second Amended Complaint are not brought against the Underwriter Defendants, no response is required to Paragraphs 125–145 of the Second Amended Complaint.  To the extent the allegations in Paragraphs 125–145 of the Second Amended Complaint are construed to require a response by the Underwriter Defendants, the Underwriter Defendants' responses are included below.

127.    The allegations in Paragraph 127 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent the allegations are construed to require a response, the Underwriter Defendants deny the allegations in Paragraph 127 of the Second Amended Complaint.

128.    The allegations in Paragraph 128 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent the allegations are construed to require a response, the Underwriter Defendants deny the allegations in Paragraph 128 of the Second Amended Complaint.

129.    The allegations in Paragraph 129 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent the allegations are construed to require a response, the Underwriter Defendants deny the allegations in Paragraph 129 of the Second Amended Complaint.

130.    The allegations in Paragraph 130 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent the allegations are construed to require a response, the Underwriter Defendants deny the allegations in Paragraph 130 of the Second Amended Complaint.

## COUNT III
### (Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against Casper and the Officer Defendants)

131.    The Underwriter Defendants repeat each of the foregoing responses.  The allegations contained in Paragraph 131 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them, except admit Plaintiff purports to bring a claim against Casper and the Officer Defendants pursuant to Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

- 32 -

132.     The allegations contained in Paragraph 132 of the Second Amended Complaint constitute characterizations and legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

133.     The allegations contained in Paragraph 133 of the Second Amended Complaint constitute characterizations and legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

134.     The allegations contained in Paragraph 134 of the Second Amended Complaint constitute characterizations and legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

135.     The allegations contained in Paragraph 135 of the Second Amended Complaint constitute characterizations and legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

136.     The allegations contained in Paragraph 136 of the Second Amended Complaint constitute characterizations and legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

137.     The allegations contained in Paragraph 137 of the Second Amended Complaint constitute characterizations and legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

138.     The allegations contained in Paragraph 138 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

139.    The allegations contained in Paragraph 139 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

## COUNT IV
### (Violations of Section 20(a) of the Exchange Act Against the Officer Defendants)

140.    The Underwriter Defendants repeat each of the foregoing responses.

141.    The allegations contained in Paragraph 141 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

142.    The allegations contained in Paragraph 142 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

143.    The allegations contained in Paragraph 143 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

144.    The allegations contained in Paragraph 144 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

145.    The allegations contained in Paragraph 145 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that the allegations are construed to require a response, the Underwriter Defendants deny them.

## ANSWER TO PRAYER FOR RELIEF

Plaintiff's Prayer for Relief contains statements to which no responsive pleading is required. The Underwriter Defendants deny that Plaintiff or any putative class members Plaintiff purports to represent are entitled to any damages or any other of the relief requested.

## GENERAL DENIAL

The Underwriter Defendants deny each and every allegation in the Second Amended Complaint, except as expressly admitted or otherwise stated above.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion or production not otherwise legally assigned to them as to any element of Plaintiff's claims, the Underwriter Defendants assert the following affirmative and other defenses. The Underwriter Defendants reserve the right to amend this Answer to raise additional defenses, cross-claims, and third-party claims, not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to allege facts sufficient to state a claim under Sections 11 of the Securities Act upon which relief may be granted against the Underwriter Defendants.

## SECOND AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to adequately allege any misrepresentations or omissions of material fact.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the Second Amended Complaint's claims against any of the Underwriter Defendants under Sections 11 of the Securities Act.

## FOURTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiff because the Registration Statement did not contain any false or misleading statement of material fact or omit any material fact, and the Underwriter Defendants are not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others, or for any claimed misleading statement or omission of material fact not based on the Registration Statement.

## FIFTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiff because, at all relevant times, the Underwriter Defendants conducted a reasonable and diligent investigation and had reasonable grounds to believe, and did believe, at the time the Registration Statement became effective, that the statements in the Registration Statement were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any recovery from the Underwriter Defendants because, with respect to portions of the Registration Statement purporting to be made on the authority of experts retained to assist in preparing such documents (other than the Underwriter Defendants), including, but not limited to, financial statements contained in the Registration Statement, the Underwriter Defendants had no reasonable grounds to believe, and did not believe at the time such part of the Registration Statement became effective, that the statements therein were untrue or that there was

an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the Registration Statement did not fairly represent the statement of the expert.

## SEVENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiff because any alleged misstatements by the Underwriter Defendants were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

## EIGHTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiff because they had no duty to disclose any material facts allegedly omitted, complied with all applicable disclosure requires, and had no duty to verify, opine upon, audit, review or correct the statements made in the Registration Statement that the Second Amended Complaint alleges were misleading. Defendants did not violate Item 303 because the events that impacted the business in the first quarter of 2020, *i.e.*, including but not limited to the COVID-19 pandemic and the resulting decline in performance, the dispute with a logistics partner, and the discounting of existing inventory, did not exist at the time of the IPO.

## NINTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable because none of them breached any duty owed to Plaintiff or the members of the putative class.

## TENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiff because any allegedly untrue statements of material fact and/or omissions of material fact in the Registration Statement were not material.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Underwriter Defendants are not liable to Plaintiff because the substance of the allegedly material information that Plaintiff alleges to have been omitted or misrepresented was in fact disclosed in the Registration Statement, Defendant Casper's own public filings and announcements, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

**TWELFTH AFFIRMATIVE DEFENSE**

The Underwriter Defendants are not liable to Plaintiff because the Underwriter Defendants acted at all times in good faith, including by acting in conformity with the rules and regulations of the Securities and Exchange Commission, and had no knowledge, and were not reckless or negligent in not knowing, that any alleged statement or omission was false or misleading.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Underwriter Defendants are not liable to Plaintiff because the Underwriter Defendants did not know, and in the exercise of reasonable care could not have known, of any alleged misstatements or omissions of fact in the Registration Statement.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff cannot recover from the Underwriter Defendants because Plaintiff has not suffered any cognizable injury or sustained any damages and because any damages (which the Underwriter Defendants deny) are speculative.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Underwriter Defendants are not liable to Plaintiff because any damages or injuries allegedly sustained by Plaintiff were not actually or legally caused by the Underwriter Defendants or any misstatement or omission alleged in the Second Amended Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the injuries alleged by Plaintiff, to the extent any exist, were caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of the Underwriter Defendants, by the conduct of third parties for whom the Underwriter Defendants were not responsible, or through forces in the marketplace over which the Underwriter Defendants have no control. Casper's stock drop is attributable to COVID-19-related market-wide factors and other factors unrelated to the alleged misrepresentations or omissions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable because the purported misrepresentations and omissions alleged in the Second Amended Complaint did not affect the market price of Casper stock.

## EITHTEENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiff because any losses allegedly suffered by Plaintiff are the proximate result, either in whole or in part, of actions or omissions of parties other than the Underwriter Defendants, for which the Underwriter Defendants are in no way liable.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff knew or, in the exercise of reasonable care, could have learned of the alleged untruths and/or omissions of which they complain.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not reasonably rely on any alleged misstatements or omissions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against the Underwriter Defendants are barred in whole or in part because the alleged damages or other injuries were caused solely by the acts, omissions, and/or negligence of the Plaintiff or others.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Underwriter Defendants are entitled to recover contribution from others for any liability they incur as a result of any of the purported misstatements, omissions and conduct alleged in the claims against the Underwriter Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because any injury or damage as alleged in the Second Amended Complaint was caused and brought about by the acts, conduct or omissions of individuals and/or entities other than the Underwriter Defendants and, as such, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiff because Plaintiff purchased Casper stock with actual or constructive knowledge of the risks involved in an investment in Casper stock, and thus assumed the risk that the value of the securities would decline if such risks materialized.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not properly maintainable as class action claims.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with their duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Second Amended Complaint, and are therefore barred from recovering any damages which might reasonably have been avoided.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Underwriter Defendants are barred, in whole or in part, by laches, equitable estoppel, waiver, ratification, or other equitable doctrines.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because at all relevant times the Underwriter Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the purported misstatements or omissions alleged in the Second Amended Complaint concern non-actionable matters of opinion, or are puffery, rather than matters of material fact.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Underwriter Defendants are barred in whole or in part to the extent that the damages sought exceed those permitted under the Securities Act or any other applicable rule or regulation promulgated thereunder.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and the putative class did not acquire their shares pursuant or traceable to Casper's Registration Statement at issue.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

This action is barred in whole or in part, because it is "without merit" within the meaning of the last sentence of Section 11(e) of the Securities Act. The Underwriter Defendants also reserve the right to assert an affirmative claim against Plaintiff on this basis.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover attorney's fees, accountants' or experts' fees or other costs and disbursements, or any other relief purportedly requested in the Second Amended Complaint.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff in this action is barred in whole or in part to the extent recovery is had in any other lawsuit, action, proceeding or otherwise.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable because the Registration Statement complied with the laws of the United States and the regulations of the Securities and Exchange Commission.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered damages, if at all, such damages must be offset by Plaintiff's gains.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants adopt by reference any applicable defense pled or that may be pled by any other defendant not expressly set forth herein. The Underwriter Defendants reserve the right to assert such additional defenses as may be appropriate at a later time.

## PRAYER FOR RELIEF

WHEREFORE, the Underwriter Defendants pray for judgment against the Plaintiff as follows:

1.      Dismissing the entire action with prejudice;

- 42 -

2.    Determining that this action is not a proper class action Pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3.    Entering judgment against Plaintiff and in favor of the Underwriter Defendants with respect to Count I;

4.    Awarding the Underwriter Defendants their reasonable costs and expenses incurred in this action, including attorneys' fees and costs; and

5.    Awarding the Underwriter Defendants such other, further, or different relief as the Court deems just and proper.

Dated: New York, New York
       March 27, 2023

WILLKIE FARR & GALLAGHER LLP

/s/ Todd G. Cosenza
Todd G. Cosenza
Charles D. Cording
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8677
Email: tcosenza@willkie.com
       ccording@willkie.com

*Attorneys for Underwriter Defendants*