**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ROBERT LEMATTA, Individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>CASPER SLEEP INC., PHILIP KRIM, GREGORY MACFARLANE, NEIL PARIKH, DIANE IRVINE, ANTHONY FLORENCE, JACK LAZAR, BENJAMIN LERER, KAREN KATZ, DANI REISS, MORGAN STANLEY & CO. LLC, GOLDMAN SACHS & CO., LLC, JEFFERIES LLC, BOFA SECURITIES, INC., UBS SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., PIPER SANDLER & CO. and GUGGENHEIM SECURITIES, LLC,<br><br>   Defendants. | Case No. 1:20-cv-02744-MKB-RML<br><br>**ECF Case** |

---

**CASPER DEFENDANTS' ANSWER TO
LEAD PLAINTIFF'S CONSOLIDATED SECOND AMENDED COMPLAINT**

---

KIRKLAND & ELLIS LLP

601 Lexington Avenue
New York, NY 10022
Telephone: (212) 466-4800

*Counsel for Casper Defendants*

Casper Sleep Inc. ("Casper"), Philip Krim, Gregory Macfarlane, Neil Parikh, Diane Irvine, Anthony Florence, Jack Lazar, Benjamin Lerer, Karen Katz, and Dani Reiss (the "Individual Defendants," and together with Casper, the "Casper Defendants"), by and through their undersigned counsel, Kirkland & Ellis LLP, hereby Answer the Consolidated Second Amended Complaint dated June 30, 2021, filed by Lead Plaintiff Saleh Doran Gahtan ("Plaintiff") in the above-captioned action (ECF No. 29) (the "Second Amended Complaint") and allege additional or affirmative defenses as follows. The Casper Defendants deny each and every allegation in the Second Amended Complaint's section headings and in all portions of the Second Amended Complaint not contained in numbered paragraphs.

## RESPONSE TO: NATURE OF THE ACTION

The Second Amended Complaint's introductory paragraph is comprised of Plaintiff's characterizations of his claims, to which no response is required. To the extent a response is required, the Casper Defendants deny any allegations set forth in the introductory paragraph.

Additionally, to the extent any allegations in numbered or unnumbered paragraphs of the Second Amended Complaint relate to Casper's pricing, promotions, and/or growth, the Casper Defendants understand that because the Court granted Defendants' motion to dismiss in part (ECF No. 35) (the "Order") as to "Plaintiff's claims regarding Defendants' statements about Casper's pricing and promotions and growth," *see* Order at 35, a response is not required. To the extent a response is deemed necessary, the Casper Defendants deny those allegations, except as explicitly admitted herein. The Casper Defendants otherwise hereby answer the numbered paragraphs of the Second Amended Complaint as follows.

1.      Paragraph 1 is comprised of Plaintiff's characterizations of his claims and allegations which purport to state conclusions of law, to which no response is required.  To the extent a response is required, the Casper Defendants deny Paragraph 1.

2.      The Casper Defendants deny the first and second sentences of Paragraph 2.  The Casper Defendants admit the material quoted from Casper's IPO Registration Statement (the "Registration Statement") in the third sentence of Paragraph 2.  The Casper Defendants further state that the allegations in Paragraph 2 purport to characterize and quote statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the Registration Statement.  To the extent the allegations in Paragraph 2 relate to Casper's pricing, promotions, and/or growth, the Casper Defendants understand that because the Court granted the Defendants' motion to dismiss in part as to "Plaintiff's claims regarding Defendants' statements about Casper's pricing and promotions and growth," *see* Order at 35, a response is not required.  Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 2.

3.      The Casper Defendants deny the first sentence of Paragraph 3.  The Casper Defendants admit the second sentence of Paragraph 3 only to the extent that the Registration Statement stated that Casper's gross profit margin was 42.4% for the three months ended December 31, 2018 and 50.7% for the three months ended September 30, 2019.  The Casper Defendants further state that the allegations in Paragraph 3 purport to characterize and quote statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the Registration

3

Statement. To the extent the allegations in Paragraph 3 relate to Casper's pricing, promotions, and/or growth, the Casper Defendants understand that because the Court granted Defendants' motion to dismiss in part as to "Plaintiff's claims regarding Defendants' statements about Casper's pricing and promotions and growth," *see* Order at 35, a response is not required. Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 3.

4.      The allegations in Paragraph 4 of the Second Amended Complaint contain Plaintiff's characterizations as to which no response is required. The Casper Defendants admit the first sentence of Paragraph 4 only to the extent that the Registration Statement stated that up to the date of filing of the Registration Statement, *i.e.*, February 5, 2020, Casper had had significant results improving gross margins, that price optimization was a key initiative, and that it was introducing higher margin products among its new offerings, as well as implementing supply chain initiatives designed to reduce product unit costs. The Casper Defendants admit the material quoted from the Registration Statement in the second sentence of Paragraph 4. The Casper Defendants further state that the allegations in Paragraph 4 purport to characterize and quote statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the Registration Statement. The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in the last sentence of Paragraph 4. To the extent the allegations in Paragraph 4 relate to Casper's pricing, promotions, and/or growth, the Casper Defendants understand that because the Court granted Defendants' motion to dismiss in part as to "Plaintiff's claims regarding Defendants' statements about Casper's pricing and promotions and growth," *see* Order at 35, a response is not

required.    Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 4.

5.    The allegations in Paragraph 5 of the Second Amended Complaint contain Plaintiff's characterizations as to which no response is required.  The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 5.  The Casper Defendants admit the second sentence of Paragraph 5 only to the extent that Casper's IPO raised $88.4 million.  The Casper Defendants admit the third sentence of Paragraph 5 only to the extent that as of September 30, 2019, Casper had $54.6 million in cash and cash equivalents on hand.  The Casper Defendants admit the allegation in the fourth sentence of Paragraph 5 only to the extent that Casper's loss from operations for each quarter from December 31, 2017 to September 30, 2019 averaged more than $20 million.  Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 5.

6.    The allegations in Paragraph 6 of the Second Amended Complaint contain Plaintiff's characterizations as to which no response is required.  To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 6.

7.    The allegations in Paragraph 7 of the Second Amended Complaint contain Plaintiff's characterizations as to which no response is required.  To the extent the allegations in Paragraph 7 relate to Casper's pricing, promotions, and/or growth, the Casper Defendants understand that because the Court granted Defendants' motion to dismiss in part as to "Plaintiff's claims regarding Defendants' statements about Casper's pricing and promotions and growth," *see* Order at 35, a response is not required.  To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 7.

5

8.      The allegations in Paragraph 8 of the Second Amended Complaint contain Plaintiff's characterizations as to which no response is required.  The Casper Defendants admit that Casper reported its earnings for 1Q20 on May 12, 2020, and that following the release, its share price declined $1.53 from the previous day's close.  The Casper Defendants further state that the allegations in Paragraph 8 purport to characterize the May 12, 2020 earnings call and quarterly report on Form 10-Q, and respectfully refer the Court to the transcript of Casper's May 12, 2020 earnings call and Casper's May 12, 2020 Form 10-Q for a complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the transcript of the May 12, 2020 earnings call or May 12, 2020 Form 10-Q.  Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 8.

9.      The Casper Defendants admit that on June 4, 2020, Casper's stock closed at $8.18 per share.  Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 9.

10.     The allegations in Paragraph 10 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants admit that Plaintiff purports to state claims under §§ 11 and 15 of the Securities Act, 15 U.S.C. §§ 77k and 77o, §§ 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5, but denies that Plaintiff is entitled to any relief.

11.     The allegations in Paragraph 11 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants admit that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, § 22 of the Securities Act, 15 U.S.C. § 77v, § 27 of the Exchange Act, and 15 U.S.C. § 78aa.

12.     The allegations in Paragraph 12 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants admit that Plaintiff purports to base venue on the statute cited therein.  Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 12.

13.     The allegations in Paragraph 13 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants admit that, in connection with making statements identified in the Registration Statement, they, directly or indirectly, used certain means and instrumentalities of interstate commerce.  Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 13.

14.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 14.

15.     The Casper Defendants admit the first and second sentences of Paragraph 15. Except as expressly admitted, Defendants deny the allegations in Paragraph 15.

16.     The Casper Defendants admit the allegations in Paragraph 16.

17.     The Casper Defendants admit the allegations in Paragraph 17.

18.     The Casper Defendants admit the allegations in Paragraph 18.

19.     The Casper Defendants admit that Philip Krim ("Krim" or "CEO"), Gregory Macfarlane ("Macfarlane" or "CFO") and Neil Parikh ("Parikh" or "Chief Strategy Officer") (together, the "Officer Defendants") were executives at Casper who signed the Registration Statement for Casper's IPO.  The remaining allegations in Paragraph 19 of the Second Amended Complaint contain Plaintiff's defined terms, characterization, and/or legal conclusions as to which no response is required.  Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 19.

20. The allegations in Paragraph 20 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, the Officer Defendants:

(a) admit that from time to time they participated in the management of Casper;

(b) admit that from time to time they were involved in the high-level operations of Casper;

(c) admit that they were privy to certain confidential proprietary information concerning Casper and its business and operations;

(d) deny the allegations in Paragraph 20(d);

(e) admit that Krim and Macfarlane provided certain certifications regarding internal control over financial reporting for the periods pertaining to Casper's Form 10-Qs filed during their tenures as CEO and CFO, respectively;

(f) deny the allegations in Paragraph 20(f); and

(g) deny the allegations in Paragraph 20(g).

Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 20.

21. The allegations in Paragraph 21 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 21.

22. The allegations in Paragraph 22 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 22.

23. The Casper Defendants admit the allegations in Paragraph 23.

24. The Casper Defendants admit the allegations in Paragraph 24.

25. The Casper Defendants admit the allegations in Paragraph 25.

26. The Casper Defendants admit the allegations in Paragraph 26.

27. The Casper Defendants admit the allegations in Paragraph 27.

28. The Casper Defendants admit the allegations in Paragraph 28.

29. Paragraph 29 does not contain any allegations that require a response.

30. The allegations in Paragraph 30 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, the Individual Defendants:

(a) admit that each of them signed the Registration Statement;

(b) admit that from time to time the Officer Defendants participated in the management of Casper;

(c) admit that from time to time the Officer Defendants were involved in the high-level operations of Casper;

(d) admit that they were privy to certain proprietary confidential information concerning Casper and its business and operations;

(e) deny the allegations in Paragraph 30(e);

(f) admit that Diane Irvine, Benjamin Lerer, and Jack Lazar, in addition to their duties as directors of Casper, oversaw Casper's financial and accounting controls to the extent of their duties as members of the separately designated audit committee; and

(g) deny the allegations in Paragraph 30(g).

Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 30.

31. The Casper Defendants admit the allegations in Paragraph 31 to the extent that allegations are made against them.

32.    The allegations in Paragraph 32 contain characterizations and/or conclusions of law, to which no response is required.  To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 32 to the extent that allegations are made regarding them.

33.    The Casper Defendants admit the allegations in Paragraph 33.

34.    Paragraph 34 does not contain any allegations that require a response.

### RESPONSE TO: SUBSTANTIVE ALLEGATIONS

35.    The Casper Defendants admit the first and second sentences of Paragraph 35.  The Casper Defendants admit the third sentence of Paragraph 35 only to the extent that the Registration Statement made representations that Casper brought the benefits of cutting-edge technology, data and insights to customers.  The Casper Defendants further state that the allegations in Paragraph 35 purport to characterize and quote statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the Registration Statement.  Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 35.

36.    The Casper Defendants admit the allegations in Paragraph 36.

37.    The Casper Defendants admit the allegations in Paragraph 37.

38.    The allegations in Paragraph 38 of the Second Amended Complaint contain Plaintiff's characterizations as to which no response is required.  The Casper Defendants admit that Casper's competitors include Tempur Sealy, Serta Simmons Bedding, and Sleep Number. Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 38.

39.    The Casper Defendants admit the material quoted from the Registration Statement in the first sentence of Paragraph 39.  The Casper Defendants further state that the allegations in

Paragraph 39 purport to characterize and quote statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the Registration Statement. The Casper Defendants admit the second sentence of Paragraph 39 only to the extent that Casper spent $154.58 million on sales and marketing activities in 2019. Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 39.

40. The allegations in Paragraph 40 of the Second Amended Complaint contain Plaintiff's characterizations as to which no response is required. The Casper Defendants admit the material quoted from the Registration Statement in Paragraph 40. The Casper Defendants further state that the allegations in Paragraph 40 purport to characterize and quote statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the Registration Statement. Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 40.

41. The Casper Defendants deny the first sentence of Paragraph 41. The Casper Defendants admit the second sentence of Paragraph 41 only to the extent that the Registration Statement stated that Casper was making significant long-term investments in its distribution capabilities. The Casper Defendants further state that the allegations in Paragraph 41 purport to characterize and quote statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent

11

with the Registration Statement.  Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 41.

42.     The allegations in Paragraph 42 of the Second Amended Complaint contain Plaintiff's characterizations as to which no response is required.  The Casper Defendants admit the allegations in the first sentence of Paragraph 42 only to the extent that Casper had $54.6 million in cash and cash equivalents as of September 30, 2019.  The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in the third sentence of Paragraph 42.  Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 42.  The Casper Defendants further state the allegations in Paragraph 42 purport to characterize the Registration Statement and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

**FE1**

43.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 43.

44.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 44.

45.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 45, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

46.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 46, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

47.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 47, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

48.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 48, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

49.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 49, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

50.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 50, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

51.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 51, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

**FE2**

52.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 52.

53.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 53, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

**FE3**

54.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 54.

55.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 55, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

56.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 56, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

57.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 57, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

58.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 58, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

59.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 59, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

**FE4**

60.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 60.

61.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 61.

62.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 62, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

63.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 63, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

64.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 64, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

**FE5**

65.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 65.

66.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 66, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

67.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 67, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

68.     The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 68, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

69. The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 69, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

**FE6**

70. The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 70.

71. The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 71, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

72. The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 72, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

73. The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 73, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

74. The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 74, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

**FE7**

75. The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 75.

76.    The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 76, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

77.    The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 77, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

78.    The Casper Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 78, which are purportedly based on the statements of a former Casper employee whose identity, credibility, reliability, and accuracy have not been established.

79.    The Casper Defendants deny the first sentence of Paragraph 79.  The Casper Defendants admit the second sentence of Paragraph 79 only to the extent that the Registration Statement stated that Casper had achieved 50.7% in gross margins for the three months ended September 30, 2019, up from 42.8% for the year ended December 31, 2016.  The Casper Defendants further state that the allegations in Paragraph 79 purport to characterize and quote statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the Registration Statement.  Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 79.

80.    The Casper Defendants deny the first sentence of Paragraph 80.  The Casper Defendants admit that the Registration Statement contained the statements in the second sentence of Paragraph 80.  The Casper Defendants admit the third sentence of Paragraph 80 only to the extent that the Registration Statement stated that from 2017 to September 30, 2019, Casper had

17

maintained "'first purchase profitable'" e-commerce economics, defined as gross profit dollars, less marketing dollars over a specific time period. The Casper Defendants further state that the allegations in Paragraph 80 purport to characterize and quote statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the Registration Statement. Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 80.

81. The Casper Defendants admit the material quoted from the Registration Statement in Paragraph 81. The Casper Defendants further state that the allegations in Paragraph 81 purport to characterize and quote statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the Registration Statement. Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 81.

82. The Casper Defendants admit the first sentence of Paragraph 82 only to the extent that the Registration Statement stated that in its first five years, Casper experienced rapid growth, that for the years 2016, 2017, and 2018, Casper's net revenue was $169.1 million, $250.9 million, and $357.9 million respectively, representing a 45.5% compound annual growth rate, or CAGR. The Casper Defendants admit the second sentence of Paragraph 82. The Casper Defendants further state that the allegations in Paragraph 82 purport to characterize and quote statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete, accurate, and in-context statement of its content and disclosures, and the Casper

18

Defendants deny any characterization or allegation inconsistent with the Registration Statement. Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 82.

83.    The allegations in Paragraph 83 of the Second Amended Complaint contain Plaintiff's characterizations as to which no response is required. The Casper Defendants admit the first sentence of Paragraph 83. The Casper Defendants admit the second sentence of Paragraph 83 only to the extent that Casper's negative net cash flow was $53.28 million in 2018. The Casper Defendants admit the third sentence of Paragraph 83 only to the extent that Casper had over $40 million in senior secured and subordinate debt as of September 30, 2019. The Casper Defendants further state that the allegations in Paragraph 83 purport to characterize statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the Registration Statement. Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 83.

84.    The Casper Defendants admit the allegations in Paragraph 84.

85.    The allegations in Paragraph 85 contain characterizations and/or conclusions of law, to which no response is required. To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 85.

86.    Paragraph 86 is omitted from the Second Amended Complaint.

87.    The allegations in Paragraph 87 of the Second Amended Complaint contain Plaintiff's characterizations as to which no response is required. The Casper Defendants deny the first sentence of Paragraph 87. The Casper Defendants admit the second sentence of Paragraph 87 only to the extent that the Registration Statement stated that "[a]s of September 30, 2019, our existing stores that have been operating for one year or longer are all four-wall profitable." The

19

Casper Defendants admit the material quoted from the Registration Statement in the fourth sentence of Paragraph 87. The Casper Defendants further state that the allegations in Paragraph 87 purport to characterize and quote statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the Registration Statement. Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 87.

88. The Casper Defendants admit the first sentence of Paragraph 88 only to the extent that the Registration Statement stated that Casper set as a target for its future retail stores a cash-on-cash payback period ranging from 18 to 24 months. The Casper Defendants admit the material quoted from the Registration Statement in the second sentence of Paragraph 88. The Casper Defendants further state that the allegations in Paragraph 88 purport to characterize and quote statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the Registration Statement. Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 88.

89. The Casper Defendants admit the first sentence of Paragraph 89 only to the extent that the Registration Statement stated that Casper's average order value (or "AOV") increased between 2017 and September 30, 2019. The Casper Defendants admit the material quoted from the Registration Statement in the second sentence of Paragraph 89. The Casper Defendants further state that the allegations in Paragraph 89 purport to characterize and quote statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a

20

complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the Registration Statement. Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 89.

90.    The Casper Defendants admit the first sentence of Paragraph 90 only to the extent that the Registration Statement stated that Casper's retail store strategy had achieved "'first purchase profitable' e-commerce economics." The Casper Defendants admit the material quoted from the Registration Statement in the second sentence of Paragraph 90. The Casper Defendants further state that the allegations in Paragraph 90 purport to characterize and quote statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the Registration Statement. Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 90.

91.    The Casper Defendants admit the first sentence of Paragraph 91 only to the extent that the Registration Statement stated that Casper had implemented a number of initiatives designed to expand its margins. The Casper Defendants admit the second sentence of Paragraph 91 only to the extent that Casper implemented the strategic initiatives as referred to in the Registration Statement. The Casper Defendants admit the material quoted from the Registration Statement in the second, third, and fourth sentences of Paragraph 91. The Casper Defendants further state that the allegations in Paragraph 91 purport to characterize and quote statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the Registration

Statement.    Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 91.

92.    The allegations in Paragraph 92 of the Second Amended Complaint contain Plaintiff's characterizations as to which no response is required.  To the extent a response is required, the Casper Defendants admit the first sentence of Paragraph 92 only to the extent that the Registration Statement provided preliminary results for the year ended December 31, 2019. The Casper Defendants admit the financial metrics for the year ended December 31, 2019 quoted from the Registration Statement in the second sentence of Paragraph 92.  The Casper Defendants admit the material quoted from the Registration Statement in the fifth sentence of Paragraph 92. The Casper Defendants further state that the allegations in Paragraph 92 purport to characterize and quote statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the Registration Statement.  Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 92.

93.    The allegations in Paragraph 93 of the Second Amended Complaint contain Plaintiff's characterizations as to which no response is required.  To the extent a response is required, the Casper Defendants admit the first sentence of Paragraph 93 only to the extent that the Registration Statement stated that Casper intended to expand into new international markets. The Casper Defendants admit the material quoted from the Registration Statement in the second sentence of Paragraph 93.  The Casper Defendants further state that the allegations in Paragraph 93 purport to characterize and quote statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete, accurate, and in-context

statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the Registration Statement. Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 93.

94. The allegations in Paragraph 94 contain Plaintiff's characterizations as to which no response is required. To the extent a response is required, the Casper Defendants admit the first sentence of Paragraph 94 that the Registration Statement stated that Casper managed a global supply chain of highly qualified, third-party manufacturing and logistics partners to produce and distribute its products. The Casper Defendants admit the material quoted from the Registration Statement in the second sentence of Paragraph 94. The Casper Defendants further state that the allegations in Paragraph 94 purport to characterize and quote statements made in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the Registration Statement. Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 94.

95. The allegations in Paragraph 95 contain characterizations and/or conclusions of law that do not require a response. To the extent the allegations in Paragraph 95 relate to Casper's pricing, promotions, and/or growth, the Casper Defendants understand that because the Court granted Defendants' motion to dismiss in part as to "Plaintiff's claims regarding Defendants' statements about Casper's pricing and promotions and growth," *see* Order at 35, a response is not required. To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 95.

96. The allegations in Paragraph 96 of the Second Amended Complaint contain Plaintiff's characterizations as to which no response is required. The allegations in Paragraph 96

23

contain characterizations and/or conclusions of law, to which no response is required. To the extent the allegations in Paragraph 96 relate to Casper's pricing, promotions, and/or growth, the Casper Defendants understand that because the Court granted Defendants' motion to dismiss in part as to "Plaintiff's claims regarding Defendants' statements about Casper's pricing and promotions and growth," *see* Order at 35, a response is not required. To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 96.

97. The allegations in Paragraph 97 contain characterizations and/or conclusions of law, to which no response is required. To the extent the allegations in Paragraph 97 relate to Casper's pricing, promotions, and/or growth, the Casper Defendants understand that because the Court granted Defendants' motion to dismiss in part as to "Plaintiff's claims regarding Defendants' statements about Casper's pricing and promotions and growth," *see* Order at 35, a response is not required. To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 97.

98. The allegations in Paragraph 98 of the Second Amended Complaint contain Plaintiff's characterizations as to which no response is required. The allegations contained in the first sentence of Paragraph 98 of the Second Amended Complaint constitute legal conclusions to which no response is required. The Casper Defendants admit the material quoted from the Registration Statement in the second sentence of Paragraph 98 but deny the remaining allegations in the second sentence. The Casper Defendants respectfully refer the Court to the Registration Statement for a complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the Registration Statement. To the extent the allegations in Paragraph 98 relate to Casper's pricing, promotions, and/or growth, the Casper Defendants understand that because the Court granted Defendants'

24

motion to dismiss in part as to "Plaintiff's claims regarding Defendants' statements about Casper's pricing and promotions and growth," *see* Order at 35, a response is not required. Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 98.

99.     The Casper Defendants deny the allegations in Paragraph 99. The material quoted in Paragraph 99 is from the May 12, 2020 earnings call ("May 2020 Earnings Call"). The Casper Defendants respectfully refer the Court to the May 2020 Earnings Call transcript for a true, correct, and complete statement of its contents.

100.    The allegations in Paragraph 100 contain characterizations and/or conclusions of law, to which no response is required. To the extent the allegations in Paragraph 100 relate to Casper's pricing, promotions, and/or growth, the Casper Defendants understand that because the Court granted Defendants' motion to dismiss in part as to "Plaintiff's claims regarding Defendants' statements about Casper's pricing and promotions and growth," *see* Order at 35, a response is not required. To the extent a response is required, the Casper Defendants admit the second sentence of Paragraph 100 only to the extent that it was disclosed during the March 19, 2020 earnings call that Casper expected adjusted EBITDA losses of between $30 and $27 million during 1Q20. The Casper Defendants respectfully refer the Court to the transcript of the March 19, 2020 earnings call for a complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the transcript of the March 19, 2020 earnings call. Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 100.

101.    The allegations in Paragraph 101 of the Second Amended Complaint contain Plaintiff's characterizations as to which no response is required. The Casper Defendants admit the first sentence of Paragraph 101, only to the extent that on April 21, 2020, Casper's press release

("April 2020 Press Release") announced that Casper was taking corporate initiatives to improve Casper's financial position. The Casper Defendants admit the second sentence of Paragraph 101. The Casper Defendants admit the fourth sentence of Paragraph 101, only to the extent that the April 2020 Press Release announced that Macfarlane, Casper's CFO and COO, was resigning. The Casper Defendants respectfully refer the Court to the April 2020 Press Release for a complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the April 2020 Press Release. Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 101.

102.    The Casper Defendants admit the allegations in Paragraph 102. The Casper Defendants further state that the allegations in Paragraph 102 purport to characterize the May 12, 2020 release of financial results for the quarter ended March 31, 2020, and respectfully refer the Court to the release for a true, correct, and complete statement of its contents.

103.    The allegations in Paragraph 103 of the Second Amended Complaint contain Plaintiff's characterizations as to which no response is required. The Casper Defendants admit the first sentence of Paragraph 103 only to the extent that during Casper's May 2020 Earnings Call, Stuart B. Brown (Interim CFO, Principal Financial & Accounting Officer) attributed the decrease in Casper's gross margin to a change in logistics providers and to clearance sales of prior models in advance of Casper's new mattress launch at the end of the first quarter of 2020. The Casper Defendants admit the second sentence of Paragraph 103 only to the extent that during Casper's May 2020 Earnings Call, Brown stated that Casper was reducing the number of planned new retail openings in 2020. The Casper Defendants deny that Defendant Krim made the alleged statements. The Casper Defendants respectfully refer the Court to the transcript of the May 2020 Earnings Call for a complete, accurate, and in-context statement of its content and disclosures, and the Casper

26

Defendants deny any characterization or allegation inconsistent with the transcript of the May 2020 Earnings Call. Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 103.

104. The Casper Defendants admit the allegations in the first sentence of Paragraph 104 only to the extent that on May 12, 2020, Casper filed its May 12, 2020 Form 10-Q, which stated that Casper's cash and cash equivalents had increased by $48.5 million during the quarter. The Casper Defendants admit the allegations in the third sentence of Paragraph 104 only to the extent that the May 12, 2020 Form 10-Q stated Casper had $116 million in cash on hand as of March 31, 2020. The Casper Defendants respectfully refer the Court to the May 12, 2020 Form 10-Q for a complete, accurate, and in-context statement of its content and disclosures, and the Casper Defendants deny any characterization or allegation inconsistent with the May 12, 2020 Form 10-Q. Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 104.

105. The Casper Defendants admit the first sentence of Paragraph 105 only to the extent that on May 12, 2020, Casper's shares fell by $1.53 per share from the previous day's close. The Casper Defendants admit that the May 13, 2020 report published by Wedbush contains the statements excerpted in the second and third sentences of Paragraph 105. The Casper Defendants further state that the allegations in Paragraph 105 purport to characterize and quote statements from the May 13, 2020 Wedbush report and respectfully refer the Court to the report itself for a true, correct, and complete statement of its contents. Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 105.

106. The Casper Defendants admit that as of market close on June 4, 2020, Casper's stock was trading at $8.18 per share. Except as expressly admitted, the Casper Defendants deny the allegations in Paragraph 106.

27

107.    The allegations in Paragraph 107 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 107.

## RESPONSE TO: PLAINTIFF'S CLASS ACTION ALLEGATIONS

108.    The allegations in Paragraph 108 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 108.

109.    The allegations in Paragraph 109 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 109.

110.    The allegations in Paragraph 110 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 110.

111.    The allegations in Paragraph 111 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 111.

112.    The allegations in Paragraph 112 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 112.

113.    The allegations in Paragraph 113 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 113.

114.     The allegations in Paragraph 114 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 114.

115.     The allegations in Paragraph 115 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 115.

116.     The allegations in Paragraph 116 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 116.

### RESPONSE TO: COUNT I

117.     The Casper Defendants repeat, reallege, and reiterate each and every response to the allegations contained in Paragraphs 1 through 116.

118.     The allegations in Paragraph 118 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 118.

119.     The allegations in Paragraph 119 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 119.

120.     The allegations in Paragraph 120 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 120.

121. The allegations in Paragraph 121 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 121.

122. The allegations in Paragraph 122 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 122.

123. The allegations in Paragraph 123 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 123.

124. The allegations in Paragraph 124 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 124.

### RESPONSE TO: COUNT II

125. The Casper Defendants repeat, reallege, and reiterate each and every response to the allegations contained in Paragraphs 1 through 124.

126. The allegations in Paragraph 126 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 126.

127. The allegations in Paragraph 127 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 127.

128. The allegations in Paragraph 128 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 128.

129. The allegations in Paragraph 129 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 129.

130. The allegations in Paragraph 130 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 130.

## RESPONSE TO: COUNT III

131. The Casper Defendants repeat, reallege, and reiterate each and every response to the allegations contained in Paragraphs 1 through 130.

132. The allegations in Paragraph 132 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 132.

133. The allegations in Paragraph 133 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 133.

134. The allegations in Paragraph 134 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 134.

135.     The allegations in Paragraph 135 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 135.

136.     The allegations in Paragraph 136 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 136.

137.     The allegations in Paragraph 137 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 137.

138.     The allegations in Paragraph 138 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 138.

139.     The allegations in Paragraph 139 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 139.

## RESPONSE TO: COUNT IV

140.     The Casper Defendants repeat, reallege, and reiterate each and every response to the allegations contained in Paragraphs 1 through 139.

141.     The allegations in Paragraph 141 contain characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 141.

142.    The allegations in Paragraph 142 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 142.

143.    The allegations in Paragraph 143 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 143.

144.    The allegations in Paragraph 144 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 144.

145.    The allegations in Paragraph 145 contain characterizations and/or conclusions of law that do not require a response. To the extent a response is required, the Casper Defendants deny the allegations in Paragraph 145.

## ANSWER TO PRAYER FOR RELIEF

The Casper Defendants deny that Plaintiff or any of the members of the putative class Plaintiff purports to represent are entitled to the relief sought in the Prayer for Relief or under any other theory, and request that the Court dismiss all claims against the Casper Defendants with prejudice and order such further relief as the Court deems just and proper.

## GENERAL DENIAL

The Casper Defendants deny each and every allegation in the Second Amended Complaint, except as expressly admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, persuasion or production not otherwise legally assigned to them as to any element of Plaintiff's claims, the Casper Defendants assert the following

33

affirmative and other defenses.  Except where expressly noted, each defense is asserted by each of the Casper Defendants.  The Casper Defendants reserve the right to rely on other defenses if and when these defenses become known during the course of the litigation.  Consequently, the Casper Defendants reserve the right to amend their Answer and to assert any additional defenses, crossclaims, counterclaims, and third-party claims that become known or available.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  The Second Amended Complaint also fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1), and otherwise fails properly to identify the alleged false or misleading statements of which Plaintiff complains.

## SECOND AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to adequately allege any misrepresentations or omissions of material fact.

## THIRD AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to adequately allege that Plaintiff actually relied on the Casper Defendants' alleged misstatements or omissions when it purchased or sold the Casper stock at issue.  Plaintiff claims that he indirectly relied on the Casper Defendants' alleged misstatements by relying on the market price of Casper stock.  Second Amended Complaint ¶¶ 114-116.  This presumption, however, rests on a faulty economic premise, which should be rejected. *See Amgen, Inc. v. Connecticut Retirement Plans & Trust Funds*, 133 S. Ct. 1184, 1204 (Alito, J., concurring).

34

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover against the Casper Defendants, in whole or in part, because the "fraud on the market" theory of reliance is unavailable, and Plaintiff will be otherwise unable to establish that he relied upon the purported misstatements and omissions alleged in the Second Amended Complaint.

## FIFTH AFFIRMATIVE DEFENSE

The Casper Defendants are not liable because at no time did any Casper Defendant make any misrepresentation or omission of material fact.

## SIXTH AFFIRMATIVE DEFENSE

The Casper Defendants are not liable because any alleged misrepresentations and omissions were immaterial to the investment decisions of Plaintiff or any member of any putative class. In light of the total mix of information available to the marketplace, none of the alleged misstatements or omissions would have significantly altered the total mix of information made available and thus have been material to a reasonable investor.

## SEVENTH AFFIRMATIVE DEFENSE

The Casper Defendants are not liable because the alleged misstatements constitute nonactionable puffery.

## EIGHTH AFFIRMATIVE DEFENSE

The Casper Defendants are not liable because any allegedly untrue statement of material fact or misleading statements were opinion statements that the Casper Defendants honestly, and upon a reasonable basis, believed to be true at the time the alleged statements were made.

35

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the misstatements and omissions alleged in the Second Amended Complaint were forward-looking and satisfied the safe-harbor provisions of the Private Securities Litigation Reform Act of 1995, federal securities laws, and/or the "bespeaks caution" doctrine. *See* 15 U.S.C. § 78u-5(i)(1).

## TENTH AFFIRMATIVE DEFENSE

The Casper Defendants are not liable because they had no duty to disclose any of the information that they allegedly failed to disclose and because they complied with all applicable disclosure requirements.

## ELEVENTH AFFIRMATIVE DEFENSE

The Casper Defendants did not violate Item 303 because the events that impacted the business in the first quarter of 2020, *i.e.*, including, but not limited to, the COVID-19 pandemic and the resulting decline in performance, and the dispute with a logistics partner did not exist at the time of the IPO.

## TWELFTH AFFIRMATIVE DEFENSE

The Casper Defendants are not liable because none of them breached any duty owed to Plaintiff or the members of the putative class.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Casper Defendants are not liable because they did not act with scienter and did not act knowingly or recklessly as to any alleged misstatement or omission.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Casper Defendants are not liable because they, at all times, and with respect to all matters contained herein, acted in good faith, exercised reasonable care, and did not know, and in

the exercise of reasonable care could not have known, of the purported untruths, misstatements, and/or omissions alleged in the Second Amended Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Casper Defendants are not liable because they acted in good faith, exercised reasonable care and diligence and/or reasonably relied on the work, opinions, information, representations, and advice of others, upon whom the Casper Defendants were entitled to rely, including the professional judgments of Casper's in-house and outside professionals, other Casper officers and employees, and Casper's procedures and processes.  The Casper Defendants in good faith believed the alleged misstatements to be materially accurate and not misleadingly incomplete.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Casper Defendants are not liable because the purported misrepresentations and omissions alleged in the Second Amended Complaint did not affect the market price of Casper stock or did not affect the market price of Casper stock to the extent alleged by Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not pleaded, and cannot prove, loss causation, and/or has not pleaded, and cannot prove, that Plaintiff suffered damages that can be attributed and/or causally related to the alleged misrepresentations or omissions.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover against the Casper Defendants because Plaintiff will be unable to establish that the purported misstatements and omissions alleged in the Second Amended Complaint were the cause of Plaintiff's decision to purchase Casper securities or the terms of his investment.

37

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff and the members of the putative class did not rely upon any alleged misrepresentations or omissions made by the Casper Defendants, and, in any event, any such reliance would have been unreasonable in view of available public information and cautionary statements. If there were any misstatements, then Plaintiff and the members of the putative class's claims are barred because they knew, or in the exercise of reasonable care should have known, of some or all the material facts and information relating to the claims, statements, and omissions alleged in the Second Amended Complaint at the time they bought Casper's securities, and their own negligence or other fault proximately contributed to the injuries allegedly suffered by Plaintiff and the members of the putative class.

## TWENTIETH AFFIRMATIVE DEFENSE

The action is barred, in whole or in part, because Plaintiff has not suffered any injury or damage, or, in the alternative, because any injury or damage that Plaintiff claims to have sustained was not caused by the Casper Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot recover against the Casper Defendants because the losses, if any, sustained by Plaintiff were not actually or proximately caused by, and resulted from causes other than, the acts and occurrences alleged in the Second Amended Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the injuries alleged by Plaintiff, to the extent any exist, were caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of the Casper Defendants, by the conduct of third parties for whom the Casper Defendants

were not responsible, or through forces in the marketplace over which the Casper Defendants have no control.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The Casper Defendants are not liable, in whole or in part, because Plaintiff and the members of the putative class purchased Casper stock with actual or constructive knowledge of the risks involved in an investment in Casper stock and thus voluntarily assumed the risk of the losses alleged in the Second Amended Complaint.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

This action may not properly be maintained as a class action.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims arising under § 15 of the Securities Act and § 20(a) of the Securities Exchange Act of 1934 and related regulations are barred because Plaintiff and the members of the putative class cannot establish the primary liability necessary to assert a claim for control person liability. Individual Defendants did not have "control" over any person or entity primarily liable, as the term "control" is defined under the applicable laws and/or because the Individual Defendants acted in good faith and did not directly or indirectly induce any of the alleged acts that would constitute a violation of any applicable laws.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

The Casper Defendants are not liable because Plaintiff's losses, if any, should be reduced, diminished, and/or eliminated under the proportionate liability provisions of the Securities Exchange Act of 1934 to reflect only Defendants' percentage of responsibility, if any.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Casper Defendants did not knowingly violate the securities laws and thus are not jointly and severally liable.  Therefore, any recovery for alleged damages is limited to the percentage of responsibility of each Casper Defendant in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to Plaintiff and members of the putative class's alleged damages, according to the proportionate liability provisions of the Private Securities Litigation Reform Act of 1995.  *See* 15 U.S.C. § 78u-4(f)(3)(A).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff and the members of the putative class suffered damages, if at all, such damages must be capped pursuant to the Private Securities Litigation Reform Act of 1995. *See* 15 U.S.C. § 78u-4(e).

## TWENTY-NINETH AFFIRMATIVE DEFENSE

To the extent Plaintiff and the the members of the putative class suffered damages, if at all, their failure to mitigate their damages bars recovery.

## THIRTIETH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiff or the members of the putative class is subject to offset in the amount of any value gained through the investment, including tax benefits actually received by Plaintiff or the members of the putative class through their investments.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Individual Defendants are not liable because they acted at all times in good faith and did not directly or indirectly induce the alleged wrongful act or acts nor were they culpable participants in any of the alleged wrongdoing.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The Casper Defendants deny that Plaintiff is entitled to recover attorneys' fees, costs, or expenses.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The action is barred, in whole or in part, because Plaintiff lacks standing to maintain this action under Article III or any other applicable statute or common law.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The Casper Defendants are entitled to recover contribution from others for any liability they incur as a result of any of the purported misrepresentations, omissions, and conduct alleged in the claims against the Casper Defendants.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

If, and to the extent that the Casper Defendants are found to have made any false or misleading statements or omissions (which the Casper Defendants deny), the actual facts which Plaintiff alleges to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources. Plaintiff is not entitled to any recovery from the Casper Defendants because the substance of the allegedly material information that Plaintiff alleges to have been omitted or misrepresented was in fact disclosed in the public disclosures of other parties and third parties, in Casper's own public filings and announcements, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and the putative class did not acquire their shares pursuant or traceable to Casper's Registration Statement at issue.

41

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and the members of the putative class assert damages resulting from sources other than "the depreciation in value of such security resulting from such part of the registration statement, with respect to which his liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading." 15 U.S.C. § 77k(e).

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Individual Defendants are not liable to Plaintiff because, at all relevant times, Individual Defendants conducted a reasonable and diligent investigation and had reasonable grounds to believe, and did believe, at the time the Registration Statement became effective, that the statements in the Registration Statement were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any recovery from Individual Defendants because, with respect to portions of the Registration Statement purporting to be made on the authority of experts retained to assist in preparing such documents (other than the Individual Defendants), including, but not limited to, financial statements contained in the Registration Statement, Individual Defendants had no reasonable grounds to believe, and did not believe at the time such part of the Registration Statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the Registration Statement did not fairly represent the statement of the expert.

42

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Casper Defendants are barred, in whole or in part, by laches, equitable estoppel, waiver, ratification, or other equitable doctrines.

## FORTY-FIRST AFFIRMATIVE DEFENSE

This action is barred in whole or in part, because it is "without merit" within the meaning of the last sentence of Section 11(e) of the Securities Act.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Any recovery by Plaintiff in this action is barred in whole or in part to the extent recovery is had in any other lawsuit, action, proceeding or otherwise.

## FORTY-THIRD AFFIRMATIVE DEFENSE

The Casper Defendants are not liable because the Registration Statement complied with the laws of the United States and the regulations of the Securities and Exchange Commission.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

The Casper Defendants adopt by reference any applicable defense pled or that may be pled by any other defendant not expressly set forth herein.  The Casper Defendants reserve the right to assert such additional defenses as may be appropriate at a later time.

## PRAYER FOR RELIEF

WHEREFORE, the Casper Defendants pray for judgment against Plaintiff as follows:

1.    Dismissing the entire action with prejudice;

2.    Determining that this action is not a proper class action Pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3.    Entering judgment against Plaintiff and in favor of the Casper Defendants with respect to Plaintiff's Counts I, II, III, and IV;

4.    Awarding the Casper Defendants their reasonable costs and expenses incurred in this action, including attorney's fees and costs; and

5.    Awarding the Casper Defendants such other, further, or different relief as the Court deems just and proper.

Respectfully submitted,

Dated: New York, New York
      March 27, 2023

/s/ Stefan Atkinson

Stefan Atkinson, P.C.
Jenny Lee
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Attorneys for Defendants Casper Sleep, Inc.,*
*Philip Krim, Gregory Macfarlane, Neil Parikh,*
*Diane Irvine, Anthony Florence, Jack Lazar,*
*Benjamin Lerer, Karen Katz, and Dani Reiss*