UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT LEMATTA, Individually and on behalf of all others similarly situated, | Case No: 1:20-cv-02744 |
| Plaintiff, | **CLASS ACTION** |
| v. | Honorable Margo K. Brodie |
| CASPER SLEEP INC., PHILIP KRIM, GREGORY MACFARLANE, NEIL PARIKH, DIANE IRVINE, ANTHONY FLORENCE, JACK LAZAR, BENJAMIN LERER, KAREN KATZ, DANI REISS, MORGAN STANLEY & CO. LLC, GOLDMAN SACHS & CO. LLC, JEFFERIES LLC, BOFA SECURITIES, INC., UBS SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., PIPER SANDLER & CO. and GUGGENHEIM SECURITIES, LLC, | Honorable Robert M. Levy |
| Defendants. | |

**[PROPOSED] CONFIDENTIALITY ORDER**

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a)    The following documents and information may be designated as "confidential" provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it:

X _____ Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.

X _____ Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

X _____ Medical and Legal Records, including medical files and reports.

X _____ Non-public criminal history.

1

(b)     If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown.

(c)     If a document or information that qualifies as "confidential" pursuant to (a) or (b) above is so sensitive that the designating party reasonably believes that disclosure to the persons permitted to review "confidential" documents and information under this order would expose that party to significant risk, that party may designate the document as "highly confidential."  The highly confidential designation should be used sparingly.

(d)     An attorney for the producing party may designate documents or parts thereof as confidential or highly confidential by stamping the word "confidential" or "highly confidential" on each page.

        If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices 'confidential' or 'highly confidential' and incorporate by reference the appended material into the responses.

        At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential or highly confidential specific portions of the transcript which contain confidential or highly confidential matters under the standards set forth in paragraphs (a) and (c) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential or highly confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential or highly confidential shall thereafter be treated as confidential or highly confidential in accordance with this order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter, and the highly confidential portion and exhibits shall be bound in a separate volume and marked "Highly Confidential."

(e)     Documents designated "confidential" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this order and shall further be advised of the obligation to honor the confidential designation. Before confidential documents are shown to experts, actual witnesses, or proposed witnesses, each person must agree to be bound by this order by signing a document substantially in the form of Exhibit A. If such person refuses to sign a document substantially in the form of Exhibit A, the party desiring to disclose the confidential or highly confidential information may seek appropriate relief from the Court. The parties agree that any discovery material produced in this litigation and designated as confidential or highly confidential may only be used in connection with this litigation.

2

(f)    Documents designated "highly confidential" shall be shown only to the attorneys, experts, court personnel, witnesses in the litigation during their depositions and testimony at trial or a hearing, and witnesses in deposition preparation to whom disclosure is reasonably necessary (although deponents and witnesses shall not be permitted to retain any copies of highly confidential documents). They shall not be shown to the parties, except to the extent a party is a deponent or witness in the litigation to whom disclosure is reasonably necessary, but may be summarized to a party. Each person who is permitted to see highly confidential documents shall first be shown a copy of this order and shall further be advised of the obligation to honor the highly confidential designation. Before highly confidential documents are shown to experts, actual witnesses, or proposed witnesses, each person must agree to be bound by this order by signing a document substantially in the form of Exhibit A. If such person refuses to sign a document substantially in the form of Exhibit A, the party desiring to disclose the highly confidential information may seek appropriate relief from the Court. The parties agree that any discovery material produced in this litigation and designated as confidential or highly confidential may only be used in connection with this litigation.

(g)    Review of the confidential or highly confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(h)    The inadvertent, unintentional, or *in camera* disclosure of a confidential or highly confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this order.

(i)    If a party believes that a document designated or sought to be designated confidential or highly confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the designating party to demonstrate that such designation is proper.

(j)    If any court filing incorporates confidential or highly confidential material or would reveal its contents, the portions of such filing shall be delivered to the Court in a sealed envelope prominently bearing the caption of this action and the label "Confidential. Filed Under Seal." Counsel shall file under seal those and only those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set forth the substance of such confidential or highly confidential information, unless independent good cause is demonstrated.

(k)    Within a reasonable period after the conclusion of the litigation, all confidential and highly confidential material shall be returned to the respective producing parties or destroyed by the recipients.

(l)    In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(m)    This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

Dated: June 20, 2023

**POMERANTZ LLP**

*/s/ Joshua B. Silverman*
Joshua B. Silverman
Louis C. Ludwig
10 South LaSalle, Suite 3505
Chicago, Illinois  60005
Telephone: (312) 377-1181
Email: jbsilverman@pomlaw.com
lcludwig@pomlaw.com

Jeremy A. Lieberman
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100 Email:
jalieberman@pomlaw.com

***Lead Counsel***

**THE SCHALL LAW FIRM**
Brian Schall
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

***Additional Counsel for Lead Plaintiff***

**KIRKLAND & ELLIS LLP**

*/s/ Jenny Lee*
Stefan Atkinson
Jenny Lee

4

601 Lexington Avenue
New York, NY 10022
Telephone: (212) 390 4623
Facsimile: (212) 446-4900
Email: stefan.atkinson@kirkland.com
jenny.lee@kirkland.com

***Counsel for Defendants Casper Sleep Inc., Anthony Florence, Diane Irvine, Karen Katz, Philip Krim, Jack Lazar, Benjamin Lerer, Gregory Macfarlane, Neil Parikh, and Dani Reiss***

**WILLKIE FARR & GALLAGHER LLP**

*/s/ Charles Dean Cording*
Charles Dean Cording
787 7th Avenue
New York, NY 10019-6099
Telephone: 212-728-8154
Email: ccording@willkie.com

***Counsel for Defendants Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Jefferies LLC, BofA Securities, Inc., UBS Securities LLC, Citigroup Global Markets Inc., Piper Sandler & Co., Guggenheim Securities, LLC***

Dated: June ___, 2023

_____

ROBERT M. LEVY
United States Magistrate Judge

5

**EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled_____, case number_____, have been designated as confidential. I have been informed that such documents or information labeled "confidential" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Print Name: _____

Sign Name: _____

Dated: _____

Signed in the presence of:

_____(Attorney)