## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT LEMATTA, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CASPER SLEEP, INC., et al., <br><br> Defendants. | Case No. 1:20-cv-02744 <br><br> Hon. Margo K. Brodie |

## STIPULATION OF SETTLEMENT

This Stipulation and Agreement of Settlement (together with all Exhibits thereto, the "Stipulation"), dated as of June 6, 2024 which is entered into by and among Lead Plaintiff Saleh Doron Gahtan ("Lead Plaintiff," and together with Class Members, "Plaintiffs"), and Defendants Casper Sleep, Inc. ("Casper" or "the Company"), Philip Krim, Gregory MacFarlane, Neil Parikh, Diane Irvine, Anthony Florence, Jack Lazar, Benjamin Lerer, Karen Katz, Dani Reiss (together with Casper, the "Casper Defendants"), Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Jefferies LLC, BofA Securities, Inc., UBS Securities LLC, Citigroup Global Markets Inc., Piper Sandler & Co., and Guggenheim Securities, LLC (the "Underwriter Defendants," and together with the Casper Defendants, "Defendants"), by and through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by Lead Plaintiff and Defendants (together the "Parties," and each a "Party") and is intended by the Parties to fully and finally release, resolve, remise, and discharge Released Plaintiffs' Claims as against Released Defendants' Parties and Released Defendants' Claims against Released Plaintiffs' Parties (all

1

as defined herein), subject to the approval of the United States District Court for the Eastern District of New York (the "Court").

WHEREAS, the initial complaint in the above-captioned action (this "Action") was filed on June 19, 2020 (ECF No. 1) by initial plaintiff Robert Lematta alleging violations of Sections 11 and 15 of the Securities Act of 1933. By minute order dated August 27, 2020 (entry not numbered on ECF), Mr. Gahtan was appointed Lead Plaintiff;

WHEREAS, on October 27, 2020, Lead Plaintiff filed an Amended Complaint (ECF No. 16), which added Claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934;

WHEREAS, on December 1, 2020, Defendants moved to stay this action in favor of a state court action asserting violations of the Securities Act of 1933 (ECF No. 21), which motion was subsequently withdrawn on May 12, 2021 (ECF No. 27);

WHEREAS, on June 30, 2021, Lead Plaintiff filed a Second Amended Complaint (ECF No. 29);

WHEREAS, all Defendants thereafter moved to dismiss the Second Amended Complaint on July 30, 2021 (ECF No. 31), which was fully briefed and filed pursuant to the Court's bundling rule on September 21, 2021 (ECF No. 33). By Order dated September 30, 2022, the Court partially granted and partially denied the motion to dismiss (ECF No. 35);

WHEREAS, on January 18, 2023, the Parties mediated before an experienced mediator familiar with securities class actions, Jed Melnick. This mediation did not resolve the Action, so the Parties returned to litigation;

WHEREAS, Defendants thereafter answered the Complaint, denying any wrongdoing and asserting defenses (ECF Nos. 54-55), the Parties exchanged initial disclosures and engaged in substantial additional written and deposition discovery;

WHEREAS, between party and non-party productions, Lead Plaintiff received and reviewed over 30,000 documents comprising approximately 258,000 pages, and took or participated in 11 depositions, informing him of the strengths and weaknesses of his case;

WHEREAS, in January 2024, the Parties agreed to resume mediation and on April 4, 2024, participated in another mediation session before Mr. Melnick. At the end of the session, the mediator made a mediator's proposal to resolve the Action for a cash payment by Casper of $3,000,000. The following week, both Parties accepted the mediator's proposal, and on April 24, 2024, the Parties entered into a term sheet outlining the key terms of this Settlement;

WHEREAS, the term sheet calls for the Settlement to be more fully documented in a Stipulation of Settlement;

WHEREAS, Lead Plaintiff believes that the Claims asserted in the Action have merit and that the evidence of the underlying events and transactions alleged in the Second Amended Complaint, developed through its discovery to date, support his Claims. Nonetheless, Lead Plaintiff and his counsel recognize and acknowledge the expense and length of continued prosecution of the Action through trial and any subsequent appeals. Lead Plaintiff and his counsel also have taken into account the uncertain outcome and risks of any litigation, including risk of collecting upon a judgment, and believe that it is desirable that the settlement as set forth in this Stipulation confers substantial benefits upon the Class. Based on their evaluation, Lead Plaintiff and his counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to the Class, and that it is in the best interests of the Class to settle the Claims raised in the Action pursuant to the terms and provisions of this Stipulation; and

WHEREAS, Defendants, individually and collectively, have denied and continue to deny all allegations of wrongdoing or liability whatsoever arising out of any of the conduct, statements,

acts or omissions alleged, or that could have been alleged, in the Action. Defendants further deny that Lead Plaintiff or the Class have suffered damages, that the price of Casper common stock was artificially inflated during the periods referenced in the Class definition as the result of any alleged misrepresentations, omissions, or non-disclosures by Defendants, or that any Casper investors were harmed by the conduct alleged in the Second Amended Complaint. In addition, Defendants maintain that they have meritorious defenses to all Claims in this Action. Nonetheless, Defendants recognize the expense, risks and uncertainty inherent in any litigation, and desire to settle the Claims against them so as to avoid the burden and expense of further litigation. Defendants therefore believe that it is desirable to secure releases to the fullest extent permitted by law and fully and finally resolve the Action in the manner and upon the terms and conditions set forth in this Stipulation;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties through their undersigned counsel that, subject to the approval of the Court, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released Plaintiffs' Claims and Released Defendants' Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed fully, finally and with prejudice and all Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

I.    Definitions

A.    "Action" means the putative consolidated class action captioned *Lematta, et al. v. Casper Sleep, Inc.*, et al., No. 1:20-cv-02744 (E.D.N.Y.).

B.  "Authorized Claimant" means any Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

C.  "Award to Lead Plaintiff" means a request for reimbursement to Lead Plaintiff for his reasonable costs and expenses (including lost wages) directly related to Lead Plaintiff's representation of the putative class and Class in the Action.

D.  "Business Day" means any day except Saturday or Sunday or any other day on which national banks are authorized by law or executive order to close in the State of New York.

E.  "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

F.  "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

G.  "Claims Administrator" means Strategic Claims Services.

H.  "Class" means, for the purposes of settlement only, all persons and entities that purchased or otherwise acquired Casper common stock pursuant or traceable to the Company's February 7, 2020 initial public offering, and/or during the period from March 19, 2020, through

May 12, 2020, both dates inclusive (the "Class"). Excluded from the Class are Defendants, any former or current officer or director of Casper or Durational Capital Management LP, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the above has or had a majority ownership interest. Also excluded from the Class are any persons and entities who or which submit a request for exclusion from the Class that is accepted by the Court.

      I.      "Class Counsel" means Pomerantz LLP.

      J.      "Class Members" means all persons or entities who are members of the Class as defined in ¶ H of this Section I. and who have not validly Opted Out of the Class.

      K.      "Effective Date" means the date that is five (5) Business Days after the date on which all of the conditions to the Settlement, set forth in Section X.A, are satisfied.

      L.      "Escrow Account" means an interest-bearing account maintained by the Escrow Agent (as defined below).

      M.      "Escrow Agent" means Huntington National Bank.

      N.      "Final" when referring to the Judgment means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Judgment, and (ii) if an appeal or request for review is filed, the day after the date the last-taken appeal or request for review is dismissed, or the Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise; provided, however, that no order of the Court or modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of attorneys' fees and expenses or to the Plan of Allocation shall constitute grounds for cancellation or

termination of this Settlement or affect its terms, including the release in ¶ Z of this Section I, or shall affect or delay the date on which the Judgment becomes Final.

O.    "Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action, materially in the form attached hereto as Exhibit B.

P.    "Notice" means the "Notice of Pendency and Proposed Settlement of Class Action," substantially in the form attached hereto as Exhibit A-1.

Q.    "Opt Out" or "Opted Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be "Class Members" means all persons or entities who are members of the Class as defined in ¶ H of this Section I, and who have validly opted out of the Class.

R.    "Person" means an individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

S.    "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Settlement Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs, and expenses as may be awarded by the Court. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and Defendants shall have no responsibility or liability with respect thereto.

T.    "Postcard Notice" means the postcard form of notice directing Class Members to the Settlement Website for full Notice and other relevant documents, substantially in the form attached hereto as Exhibit A-4.

U.    "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Class substantially in the form attached hereto as Exhibit A.

V.    "Proof of Claim" means the Proof of Claim and Release to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

W.    "Released Claims" means Released Plaintiffs' Claims and Released Defendants' Claims, including Unknown Claims.

X.    "Released Defendants' Claims" means the release by Defendants, upon the Effective Date, as against Released Plaintiffs' Parties (as defined herein), of all claims and causes of action of every nature and description, whether known or unknown, including the provisions of California Civil Code § 1542, whether arising under federal, state, common or foreign law, that arise out of, in connection with, or relate to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the settlement.

Y.    "Released Defendants' Parties" means Defendants and each of their respective predecessors, successors, parent corporations, sister corporations, past, present, or future subsidiaries, affiliates, principals, assigns, assignors, legatees, devisees, executors, administrators, estates, heirs, spouses, immediate family members, receivers and trustees, settlors, beneficiaries, officers, directors, members, shareholders, employees, independent contractors, servants, agents, partners, representatives, attorneys, legal representatives, auditors, accountants, successors in interest, insurers, and reinsurers.

Z.    "Released Plaintiffs' Claims" means the release, upon the Effective Date, by Lead Plaintiff and all Class Members who have not Opted Out of this Settlement pursuant to the procedures ordered by the Court, together with their successors, assigns, executors, heirs,

administrators, representatives, attorneys, and agents, in their capacities as such (each of the foregoing, the "Releasing Plaintiffs' Parties"), as against Released Defendants' Parties (as defined herein), all causes of action of every nature and description, whatsoever, in law, equity, or otherwise, whether accrued or unaccrued, fixed or contingent, liquid or unliquidated, direct or indirect, known or unknown, including the provisions of California Civil Code § 1542, whether arising under federal, state, local, statutory, common, or foreign law, or any other law, rule or regulation, whether class-based or individual in nature, that were or could have been asserted in the Second Amended Complaint or could in the future be asserted in any forum, whether foreign or domestic, by Plaintiff, any member of the Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, whether brought directly or indirectly against any of the Defendants, which (a) arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in this Action, or which could have been alleged in this Action, or (b) arise out of, are based upon, or in any way relate to, directly or indirectly, the purchase, acquisition, holding, sale, or disposition of any Casper securities during the periods referenced in the Class definition. Released Claims in this paragraph shall not include claims related to the enforcement of the Settlement.

AA.    "Released Plaintiffs' Parties" means Plaintiff and all other Class members, and their respective attorneys, insurers, and reinsurers.

BB.    "Settlement" means the settlement contemplated by this Stipulation.

CC.    "Settlement Administration Costs" means all costs and expenses associated with providing notice of the Settlement to the Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: the costs of publishing the

Summary Notice, the costs of printing and mailing the Postcard Notice and/or Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund (as defined in paragraph III.A) to the Authorized Claimants.  Such costs do not include legal fees.

DD.    "Settlement Amount" means the sum of $3,000,000 (Three Million U.S. Dollars). The Settlement Amount is to be paid by Casper in cash compensation to establish the Settlement Fund and includes all Settlement Administration Costs, Class Counsel's attorneys' fees and expenses (as allowed by the Court), Award to Lead Plaintiff (as allowed by the Court), Class Member benefits, as well as any other costs, expenses, or fees of any kind whatsoever associated with the Settlement.  Casper shall not be responsible for any of Plaintiffs' attorneys' fees, expenses, or costs in this Action beyond Casper's $3,000,000 payment to establish the Settlement Fund.  No other Defendant shall pay, or be liable to pay, any part of the Settlement Amount.

EE.    "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

FF.    "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

GG.    "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached hereto as Exhibit A-3.

HH.    "Supplemental Agreement" means a separate agreement executed between Lead Plaintiff and Defendants, which is incorporated by reference into this Stipulation.

II.    "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund.

JJ.    "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in Section IX hereof.

KK.    "Unknown Claims" means and includes any and all claims that Lead Plaintiff and Class Members (with respect to Released Plaintiffs' Claims) or Defendants (with respect to Released Defendants' Claims) do not know or suspect to exist at the time of the release. This includes claims which, if known, might have affected the Settlement and Released Plaintiffs' Claims and Released Defendants' Claims, including the decision to object or not to object to this Settlement. The Parties expressly acknowledge and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

> *A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

Lead Plaintiff, Class Members, and Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those known or believed to be true with respect to the subject matter of Released Plaintiffs' Claims or Released Defendants' Claims, but they expressly, fully, finally, and forever settle and release, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal

theories, or authorities. The Parties expressly acknowledge, and each releasing party and Released Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and a material element of the Settlement.

## II.    Settlement Consideration

A.    In consideration of the full and final release, settlement and discharge of all Released Plaintiffs' Claims, exchange for settlement and release of all Claims, Casper shall provide cash compensation of $3,000,000 to establish the Settlement Fund for the benefit of the Class (including the payment of attorneys' fees and expenses as approved by the Court, as well as costs incurred in connection with the notice, administration and distribution of the Settlement, as approved by the Court). Casper shall not be responsible for any of Plaintiffs' attorneys' fees, expenses, or costs in this Action beyond Casper's cash compensation of $3,000,000 to establish the Settlement Fund. No other Defendant shall pay, or be liable to pay, any part of the Settlement Amount. Casper agrees to transfer the Settlement Amount as follows by wire to an interest-bearing Escrow Account in a financial institution designated by Plaintiffs' counsel that will act as the Escrow Agent:

1.    $500,000 within seven (7) calendar days following preliminary approval;

2.    $500,000 within twenty (20) calendar days following the first payment;

3.    $500,000 within twenty (20) calendar days following the second payment;

4.    $500,000 within twenty (20) calendar days following the third payment;

5.    $500,000 within twenty (20) calendar days following the fourth payment; and

6.    $500,000 within twenty (20) calendar days following the fifth payment.

No payment shall become due until Plaintiff's Counsel has provided Casper's Counsel with wire instructions and a Form W-9 for the Settlement Fund. Upon the Effective Date, Defendants shall also release all of Released Defendants' Claims.

B.      Under no circumstances will Casper or its insurers be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement, including, without limitation, as compensation to any Class Member, as payment of Plaintiffs' attorneys' fees and expenses awarded by the Court, in payment of any fees or expenses incurred by any Class Member or Class Counsel, or as interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account).

**III.    The Escrow Account**

A.      The Escrow Account, including any interest earned thereon net of any Taxes on the income thereof, shall be used to pay: (i) Class Counsel's attorneys' fees and expenses; (ii) Taxes and Tax Expenses; (iii) Settlement Administration Costs, and (iv) Award to Lead Plaintiff. The balance of the Escrow Account shall be the Net Settlement Fund and shall be distributed to the Authorized Claimants as set forth in the Plan of Allocation. Plaintiffs and Class Members shall look solely to the Net Settlement Fund for payment and satisfaction of any and all Released Claims.

B.      All funds and instruments held by the Escrow Agent shall be deemed *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further orders of the Court.

C.      Escrow Agent shall invest the Settlement Fund exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank

account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

D.    Prior to the Effective Date, the Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by order of the Court, or with the prior written agreement of Class Counsel and Defendants' counsel.

E.    After the Effective Date, Defendants shall have no interest in the Settlement Fund or in the Net Settlement Fund.

F.    The Escrow Agent shall be authorized to execute only such transactions as are consistent with the terms of this Stipulation and the order(s) of the Court. Defendants and Defendants' counsel shall have no responsibility for, interest in, or liability whatsoever with respect to any action, omission, transaction or determination of the Escrow Agent or agents or designees thereof .

**IV.    The Notice and Administration Account**

A.    The Settlement Administrator shall establish and administer the Notice and Administration Account. The Notice and Administration Account shall be established using funds in the Settlement Fund and shall be used only for the payment of necessary and reasonable Settlement Administration Costs.

B.    The Escrow Agent is authorized to transfer up to $250,000 from the Settlement Fund to the Notice and Administration Account for Settlement Administration Costs without further approval. No further amounts may be transferred prior to final approval of the Settlement, except by Court order.

C.      Plaintiffs, Class Counsel, Defendants, and Defendants' counsel shall not bear any liability for Settlement Administration Costs.

D.      Casper shall provide within ten (10) Business Days after the Court's entry of an order preliminarily approving the Settlement, and at no cost to the Settlement Fund, Lead Plaintiff, the Class, Class Counsel, or the Claims Administrator, reasonably available lists of shareholders of record for the period beginning with its initial public offering and extending six months thereafter.  Except for Casper's obligation to produce the above transfer records for purposes of providing Notice to the Class, Defendants shall not bear any cost or responsibility for Class Notice, administration, or the allocation of the Settlement Amount among Class members.

E.      Casper shall no later than ten (10) calendar days following the filing of this Stipulation with the Court serve or cause to be served proper notice of the proposed Settlement upon those who are entitled to receive notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715, et seq. ("CAFA"). Casper is solely responsible for the costs of the CAFA notice and administering the CAFA notice.

F.      The Parties shall request that after notice is given and not earlier than ninety (90) calendar days after the later of the dates on which the appropriate Federal official and the appropriate State officials are provided with notice pursuant to CAFA as set forth in paragraph E of this Section, the Court hold a Final Approval Hearing and approve the Settlement of the Litigation as set forth herein. At or after the Final Approval Hearing, the Parties will request that the Court approve the proposed Plan of Allocation and Class Counsel will request that the Court approve the Fee and Expense Application.

## V.    Preliminary Approval Order

A.    The Parties shall submit this Stipulation together with its exhibits to the Court, and Plaintiffs shall apply for entry of a Preliminary Approval Order substantially in the form and content of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement as set forth in the Stipulation, preliminary certification of the Class for settlement purposes only, and approval of forms of notice to be disseminated on the Settlement website and emailed (either as an attachment or link) to all potential Class Members whose email address can be identified with reasonable effort (the "Notice"), to be mailed to all other potential Class Members who can be identified with reasonable effort (the "Postcard Notice"), and to be published (the "Summary Notice"), substantially in the forms and contents of Exhibits A-1, A-3, and A-4 hereto.  The Notice shall include a Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, the general terms of the Settlement set forth in the Stipulation, and shall set forth the procedure by which Persons who otherwise would be members of the Class may request to be excluded from the Class.

B.    The Parties shall request that, after the Postcard Notice and Notice have been mailed and emailed and the Summary Notice published, in accordance with this Stipulation, the Court hold the Settlement Hearing and finally approve the Settlement of the Action with respect to the Parties.

## VI.    Final Approval of the Settlement

A.    Plaintiffs shall move consistent with the schedule to be set by the Court for final approval of the Settlement, including entry of the Judgment, as defined herein.  At the Settlement Hearing, the Parties shall jointly request entry of the Judgment.

B.     In the Judgment, the Class shall be certified for purposes of this Settlement only, but in the event that the Judgment does not become Final or the Settlement fails to become effective for any reason, all Parties reserve all their rights on all issues, including class certification. For purposes of this Settlement only, in connection with the Judgment, Defendants shall consent to (i) the appointment of Plaintiff as the class representative, (ii) the appointment of Pomerantz LLP as Class Counsel, and (iii) the certification of the Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

**VII.    Attorneys' Fees and Expenses**

A.     Class Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund for: (a) an award of attorneys' fees not to exceed one-third of the Settlement Fund (including both the initially deposited Settlement Amount and any interest earned thereon); plus (b) reimbursement of actual litigation costs and expenses and consultants, incurred in connection with prosecuting the Action plus any interest thereon at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Class Counsel reserves the right to make additional applications for expenses incurred, if necessary.

B.     Immediately after the Court enters an order awarding Class Counsel fees and expenses ("Fee Award"), the amounts awarded by the Court shall be released from escrow and wired as directed by Class Counsel. These payments shall be subject to Class Counsel's obligation to make appropriate refund or repayment within seven (7) days of the date that any condition to establishing the Effective Date has not occurred and shall not occur, or if the Court or any appellate court enters an order reversing or reducing any award of attorneys' fees or litigation expenses.

C.      The procedure for and allowance or disallowance by the Court of any application for Class Counsel attorneys' fees and expenses are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.

D.      Class Counsel may apply to the Court to authorize the payment of an Award to Lead Plaintiff for the time and expenses expended by Plaintiffs in assisting Class Counsel in the litigation of this Action. Any Award to Lead Plaintiff shall be payable after the Effective Date, and from the Settlement Fund only.

E.      Except as provided in Section II, Defendants shall have no responsibility for, or liability with respect to, any payment to Lead Plaintiff, Class Members, Class Counsel or any other Plaintiffs' counsel and/or any other Person who receives payment from the Settlement Fund.

## VIII.  Administration of Net Settlement Fund

A.      Each Class Member wishing to participate in the Settlement shall be required to submit a Proof of Claim in the form annexed hereto as Exhibit A-2, signed under penalty of perjury by the beneficial owner(s) of the stock or by someone with documented authority to sign for the beneficial owner(s), and supported by such documentation as specified in the instructions accompanying the Proof of Claim.

B.      All Proofs of Claim must be received within the time prescribed in the Preliminary Approval Order unless otherwise ordered by the Court. Any Class Member who fails to submit a

properly completed Proof of Claim within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund, but will in all other respects be subject to the provisions of this Stipulation and the Judgment, including, without limitation, the release of the Released Claims and dismissal of the Action with prejudice.

C.    The Settlement Administrator shall administer the Settlement subject to such approvals by the Court as circumstances may require.

D.    Each Proof of Claim shall be submitted to the Settlement Administrator who shall determine, in accordance with this Stipulation and the Plan of Allocation to be formulated by Class Counsel for approval by the Court, the extent, if any, to which each claim shall be allowed, subject to appeal to the Court.

E.    The Settlement Administrator shall administer and calculate the Claims submitted by Class Members, determine the extent to which Claims shall be allowed, and oversee distribution of the Net Settlement Fund subject to appeal to, and jurisdiction of, the Court. Neither Class Counsel, its designees or agents, Plaintiffs, Defendants' counsel, nor Defendants shall have any liability arising out of such determination.

F.    The administrative determination of the Settlement Administrator accepting and rejecting Claims shall be presented to the Court, on notice to the Defendants' counsel, for approval by the Court.

G.    Following the Effective Date and upon application to the Court by Class Counsel, the Net Settlement Fund shall be distributed to Authorized Claimants by the Settlement Administrator. The Net Settlement Fund shall be distributed to the Authorized Claimants

substantially in accordance with the terms of this Stipulation and a Plan of Allocation to be approved by the Court, subject to and in accordance with paragraphs G-P of this Section.

H.    Any such Plan of Allocation is not a part of this Stipulation and it is not a condition of this Settlement that any particular Plan of Allocation be approved.

I.    No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until after the Effective Date.

J.    Each Class Member who claims to be an Authorized Claimant shall be required to submit to the Settlement Administrator a completed Proof of Claim signed under penalty of perjury and supported by such documents as specified in the Proof of Claim and as are reasonably available to such Class Member.

K.    Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim within such period as may be ordered by the Court or otherwise allowed shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but shall in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.

L.    All Persons who fall within the definition of the Class and who do not timely and validly request to be excluded from the Class in accordance with the instructions set forth in the Notice (as defined in Section V.A, above) shall be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment with respect to all Released Plaintiffs' Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

M.    Neither Defendants nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the distribution of the Net Settlement Fund, or any losses incurred in connection with any such matters.

N.    This is not a claims made settlement.  There will be no reversions to Defendants or their insurers.

O.    Defendants shall have no involvement in the solicitation or review of Proofs of Claim, or involvement in the administration process, which will be conducted by the Settlement Administrator in accordance with this Stipulation.

P.    Any change in the allocation of the Net Settlement Fund ordered by the Court shall not affect the validity or finality of this Settlement.

Q.    No Person shall have any claim against Plaintiffs or Class Counsel, the Settlement Administrator, Defendants, or Defendants' counsel based on investments or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation or further orders of the Court.

## IX.    Tax Treatment

A.    The Parties, their counsel, the Court, and the Escrow Agent shall treat the Escrow Account as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1 for all periods on and after the date of the Court order preliminarily approving this Stipulation.  The Parties, their counsel, the Court and the Escrow Agent agree to take no action inconsistent with the treatment of the Escrow Account in such manner.  In addition, the Settlement Administrator, Escrow Agent, and as necessary, Defendants, shall make the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)) back to the earliest permitted date.  Such

elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties and thereafter to cause the appropriate filing to occur. All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Escrow Account being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.

B.    For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Settlement Administrator. The Settlement Administrator shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2 by, e.g., (i) obtaining a taxpayer identification number, (ii) timely and properly satisfying any information reporting or withholding requirements imposed on distributions from the Escrow Account, and (iii) timely and properly filing or causing to be filed on a timely basis, all federal, state, local and foreign tax returns and other tax related statements necessary or advisable with respect to the Escrow Account (including, without limitation, all income tax returns, all informational returns, and all returns described in Treas. Reg. § 1.468B-2(1)), and (iv) timely and properly paying any Taxes imposed on the Escrow Account. Such returns and statements (as well as the election described in IX.A hereof) shall be consistent with this IX.B and in all events shall reflect that all Taxes on the income earned by the Escrow Account shall be paid out of the Escrow Account as provided in IX.C hereof.

C.    All (i) Taxes arising with respect to the income earned by the Escrow Account, and (ii) Tax Expenses, shall be paid out of the Escrow Account. Further, Taxes and the Tax expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Escrow Account without prior order from the Court,

and the Escrow Agent shall be obligated (notwithstanding anything herein to contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be deducted or withheld under Treas. Reg. § 1.468B-2(1)(2)). All Parties and their tax attorneys and accountants shall to the extent reasonably necessary carry out the provisions of paragraphs A-C of this Section.

D.    Defendants shall have no responsibility to make any filings relating to the Escrow Account and will have no responsibility to pay Taxes on any income earned by the Escrow Account.  In the event this Stipulation is canceled or terminated and funds from the Settlement Fund are returned, Defendants shall be responsible for the payment of Taxes (including any interest or penalties), if any, accrued but not yet paid from the returned funds.

**X.    Settlement Conditions and Termination**

A.    The Effective Date of the Settlement shall be deemed to occur when all of the following conditions are satisfied:

1.    Counsel for Plaintiffs and Defendants have executed this Stipulation;

2.    The Court enters the Preliminary Approval Order, as provided in Section V;

3.    Defendants shall have timely funded and/or caused to be funded the Settlement Fund with the Settlement Amount;

4.    The Court has approved the Settlement as described herein following Notice to the Class, and has entered the Judgment, as provided in Section VI;

5.    The time within which Defendants may exercise their option to terminate this Stipulation in accordance with the terms of the Supplemental Agreement shall have expired without the exercise of that option; and

6.    The Judgment has become Final.

23

B.      Upon the Effective Date, Lead Plaintiff and the Class Members, on behalf of themselves, and to the fullest extent permitted by law, their heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged the Released Plaintiffs' Claims and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any Released Plaintiffs' Claim against any Released Party, directly or indirectly, whether or not such members of the Class execute and deliver a Proof of Claim to the Settlement Administrator.  Defendants also release and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any of Released Defendants' Claims.

C.      If the conditions specified in paragraph A of this Section are not met, then this Stipulation shall be canceled and terminated, unless Class Counsel and Defendants' counsel mutually agree in writing to proceed with the Settlement.

D.      If either (a) the Effective Date does not occur, (b) this Stipulation is canceled or terminated pursuant to its terms, or (c) this Stipulation does not become final for any reason, then the Settlement Fund and all interest earned on the Settlement Fund while held in escrow (less Settlement Administration Costs paid or incurred), plus any amount then remaining in the Notice and Administration Account, including both interest paid and accrued (less expenses and costs which have not yet been paid but which are properly chargeable to the Notice and Administration Account), shall be refunded by the Settlement Administrator and/or the Escrow Agent to Defendants as directed by Defendants' counsel within seven (7) days of such cancellation or termination, and the Parties shall retain all rights, Claims, defenses, and arguments available to

them prior to the execution of the Settlement Agreement..

E.      Upon the occurrence of all of the events specified in paragraph A of this Section, the obligation of the Settlement Administrator and/or the Escrow Agent to return funds from the Settlement Fund to Defendants pursuant to paragraph D of this Section, shall be absolutely and forever extinguished.

F.      If either (a) the Effective Date does not occur, (b) this Stipulation is canceled or terminated pursuant to its terms, or (c) this Stipulation does not become final for any reason, all of the Parties to this Stipulation shall be deemed to have reverted to their respective status as of April 24, 2024, and counsel shall meet and confer on an appropriate schedule to propose to the Court, and they shall proceed in all respects as if this Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective Claims and defenses in the Action. Notwithstanding the foregoing language, the following provisions of this Stipulation shall survive any termination or cancellation of the Settlement: this Section X.F; Section X.C; Section XI; and, to the extent applicable, Section XII.

G.      Notwithstanding any other provision, section, or paragraph in this Stipulation, Defendants may, in accordance with the terms set forth in the Parties' Supplemental Agreement, and in its sole discretion, elect in writing to terminate the Settlement and this Stipulation if the opt-out threshold defined in the Supplemental Agreement is exceeded and not cured in accordance with the terms of the Supplemental Agreement. Unless otherwise directed by the Court, the Supplemental Agreement will not be filed with the Court.

**XI.    No Admissions**

A.      The Parties hereto intend the Settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Action and entry in this

Settlement shall not be deemed an admission by any Plaintiff or any Defendant as to the merits of any claim or defense or any allegation made in the Action.

      B.     Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or infirmity of any Released Claim, of any allegation made in the Action, or of any wrongdoing or liability by any Defendant ; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of any Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other  tribunal; or (c) is or may be deemed to be or may be used as an admission or evidence that Plaintiffs would have received less than the Settlement Amount had the Action been prosecuted to conclusion.  Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that Defendants may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**XII.**   **Miscellaneous Provisions**

      A.     Within forty-five (45) days after the Effective Date, and subject to commercially reasonable efforts, Plaintiffs shall either return or destroy all designated Confidential Information and copies thereof.  However, Plaintiffs shall not be required to locate, isolate, or destroy/return emails generated in connection with legal representation in this Action (including attachments to emails) that may include Confidential Information, or Confidential Information contained in

memoranda or draft or final expert reports. Nothing in this paragraph requires any party, its counsel, or their respective consultants, vendors or other affiliates, to delete or destroy data which may reside on one or more backup tapes or other media maintained for the purpose of disaster recovery, business continuity or other reasons, or requires more than reasonable and practical actions to locate, identify, or destroy any other electronic data. Defendants shall also at such time, and subject to commercially reasonable efforts, return or destroy all designated Confidential Information and copies thereof they have received from Lead Plaintiff or any third-party.

B.      Notwithstanding the requirements of paragraph A of this Section, counsel may retain (1) attorney work product, including an index that refers or relates to Confidential Information; (2) draft or final expert reports, including exhibits thereto; and (3) one complete set of all documents filed with the Court, including any filed under seal. Any retained Confidential Information shall continue to be protected under the Confidentiality Protective Order entered by the Court.

C.      At all times prior to and following the filing of this Stipulation with the Court, all of the Parties, including all of their respective attorneys and representatives, shall be prohibited from making public comments intended to disparage any other Party regarding the Claims and defenses asserted in the Action by any other Party. Nothing in this paragraph shall limit Defendants' ability to continue to publicly state that they believe that the Lead Plaintiff's Claims lack merit and that they deny wrongdoing as well as any liability for the Claims made against them. Nothing in this paragraph shall limit Lead Plaintiff or its counsel from making statements or expressing their belief concerning: (i) the merits of the Claims or defenses in the (ii) the terms and conditions, amount, benefits, or favorable nature of the Settlement; or (iii) the reasons and support for the Settlement, Plan of Allocation, and any application or applications described in

Section VII above.  The Parties reserve their right to rebut, in a manner that such party determines to be appropriate (while protecting from disclosure confidential communications made in furtherance of settlement), any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

D.     The Parties hereto: (a) acknowledge that it is their intent to consummate the Settlement contemplated by this Stipulation; (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation; and (c) agree to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

E.     All counsel who execute this Stipulation represent and warrant that they have authority to do so on behalf of their respective clients.

F.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

G.     This Stipulation may be amended or modified only by a written instrument signed by counsel for all Parties hereto or their successors in interest.

H.     This Stipulation, exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement between Plaintiffs on the one hand, and Defendants on the other hand, and supersede any and all prior agreements, written or oral, between the Parties.  No representations, warranties or inducements have been made concerning this Stipulation or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

I.      This Stipulation may be executed in one or more original, photocopied or facsimile counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

J.      This Stipulation shall be binding upon, and inure to the benefit of the successors, assigns, executors, administrators, affiliates (including parent companies), heirs and legal representatives of the Parties hereto.  No assignment shall relieve any Party hereto of obligations hereunder.

K.      All terms of this Stipulation and all exhibits hereto shall be governed and interpreted according to the internal laws of the State of New York without regard to its conflicts of law rules and in accordance with the laws of the United States.

L.      All Parties hereby irrevocably submit to the jurisdiction of the Court with respect to enforcement of the terms of this Stipulation and for any suit, action, proceeding or dispute arising out of or relating to this Stipulation or the applicability of this Stipulation.  In any action to enforce the terms of this Stipulation, the prevailing party shall be entitled to reasonable attorneys' fees and costs.

M.      The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Defendants' Parties with respect to the Released Plaintiffs' Claims, and any potential counterclaims or cross-claims any Defendant could have asserted against Released Plaintiffs' Parties with respect to Released Defendants' Claims.  Accordingly, Plaintiffs and Defendants agree not to assert in any forum that the litigation was brought by Plaintiffs or Class Counsel, or defended by Defendants, or their respective counsel, in bad faith or without a reasonable basis. The Parties hereto shall assert no Claims of any violation of Rule 11 of the Federal Rules of Civil

Procedure relating to the prosecution, defense, or settlement of the Action. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel, and with the assistance of an experienced mediator, Jed Melnick.

N.      This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Stipulation is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to its preparation.

O.      Except as otherwise provided herein, each Party shall bear its own fees and costs.

P.      The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

Q.      The headings herein are used for the purpose of convenience and are not intended to have legal effect.

R.      Notices required or permitted by this Stipulation shall be submitted either by overnight mail or, if expressly agreed and receipt acknowledged, by email as follows:

**To Plaintiffs:**

Joshua B. Silverman
POMERANTZ LLP
10 South LaSalle Street
Suite 3505
Chicago, IL 60603
jbsilverman@pomlaw.com

**To Defendants:**

Stefan Atkinson, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
stefan.atkinson@kirkland.com

Charles D. Cording
WILKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
ccording@willkie.com

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound.

**POMERANTZ LLP**

Joshua B. Silverman
Patrick V. Dahlstrom
Louis C. Ludwig
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
jbsilverman@pomlaw.com
pdhalstrom@pomlaw.com
lcludwig@pomlaw.com

*Attorneys for Lead Plaintiff and the Class*

**KIRKLAND & ELLIS, LLP**

Stefan Atkinson, P.C.
Jenny Lee
601 Lexington Avenue
New York, NY 10022
Telephone: 212/446-4800
212/446-4900 (fax)
stefan.atkinson@kirkland.com
jenny.lee@kirkland.com

*Attorneys for Casper Defendants*

**WILLKIE FARR & GALLAGHER LLP**

Todd G. Cosenza
Charles D. Cording
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8677
tcosenza@willkie.com
ccording@willkie.com

*Attorneys for Underwriter Defendants*

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound.

**POMERANTZ LLP**

_____

Joshua B. Silverman
Patrick V. Dahlstrom
Louis C. Ludwig
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
jbsilverman@pomlaw.com
pdhalstrom@pomlaw.com
lcludwig@pomlaw.com

*Attorneys for Lead Plaintiff
and the Class*

**KIRKLAND & ELLIS, LLP**

_____

Stefan Atkinson, P.C.
Jenny Lee
601 Lexington Avenue
New York, NY 10022
Telephone: 212/446-4800
212/446-4900 (fax)
stefan.atkinson@kirkland.com
jenny.lee@kirkland.com

*Attorneys for Casper Defendants*

**WILLKIE FARR &
GALLAGHER LLP**

_____

Todd G. Cosenza
Charles D. Cording
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8677
tcosenza@willkie.com
ccording@willkie.com

*Attorneys for Underwriter
Defendants*

31