**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT LEMATTA, Individually and on behalf of all others similarly situated, | Case No: 1:20-cv-02744 |
| Plaintiff, | **CLASS ACTION** |
| v. | Honorable Margo K. Brodie |
| CASPER SLEEP INC., et al., | Honorable Robert M. Levy |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**TO ENFORCE THE STIPULATION OF SETTLEMENT**

After agreeing to settle this Action in its entirety for payment of $3,000,000, Defendant

Casper Sleep, Inc. ("Casper") has defaulted on its payment obligations.  Lead Plaintiff Saleh

Doron Gahtan ("Lead Plaintiff") respectfully requests that the Court enter an order: (1) requiring

Casper to comply with its payment obligations under the binding Stipulation of Settlement (the

"Stipulation"), ECF No. 80; (2) requiring Casper to remit to the Settlement Fund within twenty-

four hours the two payments of $500,000 each upon which it has defaulted, together with

interest; and (3) awarding attorneys' fees to Lead Plaintiff as provided in Section XII(L) of the

Stipulation.

On June 6, 2024, Defendants Casper, Philip Krim, Gregory MacFarlane, Neil Parikh,

Diane Irvine, Anthony Florence, Jack Lazar, Benjamin Lerer, Karen Katz, Dani Reiss (together

with Casper, the "Casper Defendants"), Morgan Stanley & Co. LLC, Goldman Sachs & Co.

LLC, Jefferies, LLC, BofA Securities, Inc., UBS Securities LLC, Citigroup Global Markets, Inc.,

Piper Sandler & Co., and Guggenheim Securities, LLC (the "Underwriter Defendants," and

together with the Casper Defendants, "Defendants,"), together with Lead Plaintiff, entered into a

Stipulation of Settlement (the "Stipulation") to settle this Action in its entirety in exchange for a cash payment of $3,000,000. *See* ECF No. 80. Pursuant to Section II(A) of the Stipulation, Casper was required to pay $3,000,000 in six installments of $500,000, with the first payment due seven (7) calendar days after the Court entered its Preliminary Approval Order, and five subsequent payments each due twenty (20) calendar days after the preceding payment. *Id.* The Court issued the Preliminary Approval Order on July 18, 2024, requiring Casper to meet the following payment schedule:

1. $500,000 – 7 days after the order granting preliminary approval – **July 25, 2024**
2. $500,000 – 20 days after the 1st payment – **August 14, 2024**
3. $500,000 – 20 days after the 2nd payment – **September 3, 2024**
4. $500,000 – 20 days after the 3rd payment – **September 23, 2024**
5. $500,000 – 20 days after the 4th payment – **October 13, 2024**
6. $500,000 – 20 days after the 5th payment – **November 3, 2024**

*Id*.

To date, Casper has made *no* payments, defaulting on its first two payment obligations. Nor has Casper agreed to cure its default, or provided Lead Plaintiff or Class Members any security to ensure that the breaches will be cured and that Casper will not default on other payments as they become due. Instead, Casper has simply stiffed the Class. That must end.

## I.    PROCEDURAL HISTORY

After being appointed by the Court, Lead Plaintiff thoroughly researched and prepared a robust Amended Complaint asserting violations of the Securities Act of 1933 and the Securities Exchange Act of 1934. *See* ECF No. 29. The Court sustained the Amended Complaint's core claims over Defendants' motions to dismiss. *See* ECF No. 35. Thereafter, Lead Plaintiff vigorously pursued discovery to advance the interests of the Class. At the same time, his counsel engaged in mediation to resolve this Action. Ultimately, after multiple rounds of mediation and follow-up negotiations, the Parties agreed to settle this Action in its entirety for a cash payment

of $3,000,000 payable in six installments, which was documented in the Stipulation dated June 6, 2024.  The Stipulation provided that "[a]ll Parties hereby irrevocably submit to the jurisdiction of the court with respect to enforcement of the terms of this Stipulation and for any suit, action, proceeding or dispute arising out of or relating to this Stipulation or the applicability of this Stipulation. In any action to enforce the terms of this Stipulation, the prevailing party shall be entitled to reasonable attorneys' fees and costs."  *See* ECF No. 80, at 29.

On July 7, 2024, Lead Plaintiff filed an unopposed motion for preliminary approval.  ECF Nos. 78-81.  On July 18, 2024, this Court granted Lead Plaintiff's motion for preliminary approval and "retain[ed] jurisdiction to consider all further matters relating to the administration and enforcement of the Settlement."  ECF No. 82, at 15.  The issuance of the Preliminary Approval Order fixed Casper's payment schedule, but Casper has defaulted on its payment obligations.  Payments due on July 25, 2024 and August 14, 2024 were not paid and are now overdue.  Casper should be ordered to cure its default immediately and make the remaining payments without delay, so that the Settlement can proceed to final approval, and compensation can be distributed to the Settlement Class who were harmed by Defendants' alleged securities fraud that gave rise to this action.

## II.    ARGUMENT

### A.    This Court has jurisdiction to enforce the Stipulation of Settlement

Casper's refusal to make required payments is a breach of contract enforceable by this Court.  "A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it."  *Essar Steel Algoma v. S. Coal Sales Corp.*, No. 17MC0360ATRWL, 2022 WL 11405807, at *1 (S.D.N.Y. Oct. 18, 2022), *report and recommendation adopted sub nom. Essar Steel Algoma Inc. v. Nevada Holdings, Inc.*, No.

3

17MISC360ATRWL, 2023 WL 4927762 (S.D.N.Y. Aug. 2, 2023) (quoting *Meetings & Expositions Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974)).

Moreover, the Stipulation provides that the Parties "irrevocably submit to the jurisdiction of the court with respect to enforcement of the terms of this Stipulation and for any suit, action, proceeding or dispute arising out of or relating to this Stipulation or the applicability of this Stipulation." *See* ECF No. 80, at 29. And, in addition to incorporating the terms of the Stipulation, the Court's Preliminary Approval Order makes clear that the Court "retain[ed] jurisdiction to consider all further matters relating to the administration and enforcement of the Settlement." ECF No. 82, at 15.

**B.      Casper materially breached the Stipulation of Settlement**

Casper agreed in the Stipulation to fund the Settlement account in a series of payments to a financial institution designated by Lead Plaintiff's counsel (Huntington Bank) beginning July 25, 2024. Casper has materially breached these obligations, failing to make either the payment due on July 25, 2024, or the payment due on August 14, 2024. Further defaults are likely absent Court intervention.

Lead Plaintiff respectfully requests that this Court require Casper to cure its default and adhere to future payment obligations. The Court is empowered "to enforce [the] settlement agreement," upon showing that its terms have been breached. *Barbecho v. Matrat LLC*, No. 15 CV 00170-LTS, 2021 WL 3862662, at *1 (S.D.N.Y. Aug. 30, 2021) (quoting *Gomez v. Terri Vegetarian LLC*, No. 17-CV-213, 2021 WL 2349509, at *3 (S.D.N.Y. June 9, 2021)). This is essentially a breach of contract claim, governed by state law. *Id.* The Stipulation is governed by New York law, under which "a breach of contract claim … has four elements: (1) the

existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Id*. at *2.

Each of these elements are established beyond dispute here. The Stipulation provides an enforceable contract. *See* ECF 80. Lead Plaintiff has performed its obligations, in particular by setting up the Escrow Account, providing payment details to Casper's counsel, and by moving for and obtaining preliminary approval of the Settlement consistent with the Stipulation. *See* Declaration of Joshua B. Silverman ("Silverman Decl."), attached hereto as Exhibit A, at ¶3. Although Lead Plaintiff has performed its obligations, Casper has not. Casper breached its obligations to make a $500,000 payment on July 25, 2024 and another $500,000 payment on August 14, 2024. *Id.* at ¶4. As a result, Lead Plaintiff and the Class have sustained $1,000,000 plus interest in damages. *Id.*

Consequently, Lead Plaintiff established all four elements of its breach of contract claim against Casper. *See Essar Steel Algoma*, 2022 WL 11405807, at *2 (holding that each of the requisite elements of a breach of contract claim existed where the defendants signed the settlement agreement, the plaintiff made the necessary filings pursuant to the settlement agreement, and defendants failed to deliver payment pursuant to the settlement agreement); *Barbecho*, 2021 WL 3862662, at *2-3 (same); *Tendilla v. 1465 Espresso Bar LLC*, No. 18-CV-5991 (AJN), 2021 WL 2209873, at *2–3 (S.D.N.Y. June 1, 2021) (same).

Lead Plaintiff and the putative Class respectfully request that the Court enter an order requiring Casper to cure its default immediately and mandating it to adhere to future obligations under the Stipulation.

**C.**   **Lead Plaintiff is entitled to attorneys' fees and costs under the Stipulation of Settlement**

Under New York law, a contractual attorneys' fees provision is enforceable if it is "unmistakably clear" that the parties intended for counsel fees to be awarded as damages in litigation between them about the contract. *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 178-79 (2d Cir. 2005) (Sotomayor, J.) (affirming district court's decision to award attorneys' fees based on contractual fee provision).

Here, Section XII(L) of the Stipulation provides that, "[i]n any action to enforce the terms of this Stipulation, the prevailing party shall be entitled to reasonable attorneys' fees and costs." *See* ECF No. 80, at 29. This provision is "unmistakably clear" – Lead Plaintiff and Defendants intended for Lead Plaintiff to recover reasonable attorneys' fees and costs incurred if it is required to seek enforcement of the Stipulation and prevails. Thus, Lead Plaintiff respectfully requests that this Court award attorneys' fees and costs pursuant to this provision, in an amount to be proved up after Casper's breach is resolved.

**III.   CONCLUSION**

For these reasons, Lead Plaintiff respectfully requests that this Court order Casper to cure its default (with interest on the overdue payments) within twenty-four (24) hours, adhere to the agreed-upon payment schedule, and award attorneys' fees and costs as provided in the Stipulation of Settlement.

Dated: August 20, 2024

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Joshua B. Silverman*

Joshua B. Silverman
Louis C. Ludwig

6

Christopher P.T. Tourek
10 South LaSalle, Suite 3505
Chicago, Illinois 60005
Telephone: (312) 377-1181
Facsimile: (312) 229-8811
Email: jbsilverman@pomlaw.com
lcludwig@pomlaw.com
ctourek@pomlaw.com

Jeremy A. Lieberman
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com

*Lead Counsel*