**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT LEMATTA, Individually and on behalf of all others similarly situated, | Case No: 1:20-cv-02744 |
| Plaintiff, | **CLASS ACTION** |
| v. | Honorable Margo K. Brodie |
| CASPER   SLEEP   INC.,   et al., | Honorable Robert M. Levy |
| Defendants. | |

**REPLY IN SUPPORT OF MOTION**
**TO ENFORCE THE STIPULATION OF SETTLEMENT**

Casper's response concedes that it has repeatedly and intentionally breached its payment obligations under the Stipulation of Settlement ("Stipulation"), ECF No. 80.  Specifically, Casper admits that it promised to fund the escrow account in six payments beginning one week after preliminary approval was granted.  *See* Stipulation, § II(A) ("Casper agrees to transfer the Settlement Amount as follows" and setting a hard deadline for each payment).  The Stipulation provides no option for Casper to defer payments.  *Id.*

Casper also admits that it has breached these payment obligations.  Although the deadline for each of the first three payments has now lapsed, Casper agrees that it has not made a single payment.  Casper also agrees that its breach is intentional: it explains that it would prefer to use the money it promised to pay into the Escrow Account for other purposes.

Unable to contest that it has intentionally breached the Stipulation of Settlement, Casper now attempts to mischaracterize its violation as immaterial.  Not so.  ***Casper's primary obligation*** under the Stipulation was to fund the Settlement Fund.  Its abrogation of that duty has imperiled the Settlement, cheated Class Members of a certainty they negotiated under the

Stipulation of Settlement, prevented Notice and Administration Costs from being funded from the Settlement Account as the Stipulation provides, and stolen from the Class interest that would have otherwise accrued.

Finally, Casper does not dispute that the Stipulation of Settlement expressly contemplates enforcement of the Stipulation in the event of a breach, with attorneys' fees and costs available to the non-breaching Party if it prevails. *See* ECF No. 80 at § XII(L).

## I.    CASPER MATERIALLY BREACHED THE STIPULATION OF SETTLEMENT

Casper does not, and cannot, argue that it made the payments required under the Stipulation. *See* Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Enforce the Stipulation of Settlement ("DM"), 5-8. As outlined in Lead Plaintiff's opening brief, Casper's failure to deliver payments pursuant to the Stipulation constitutes a material breach of contract. *See* Memorandum of Law in Support of Motion to Enforce the Stipulation of Settlement, pp. 4-5; *Essar Steel Algoma v. S. Coal Sales Corp.*, No. 17MC0360ATRWL, 2022 WL 11405807, at *2 (S.D.N.Y. Oct. 18, 2022), *report and recommendation adopted sub nom. Essar Steel Algoma Inc. v. Nevada Holdings, Inc.*, No. 17MISC360ATRWL, 2023 WL 4927762 (S.D.N.Y. Aug. 2, 2023) (holding that each of the requisite elements of a breach of contract claim existed where the defendants signed the settlement agreement, the plaintiff made the necessary filings pursuant to the settlement agreement, and defendants failed to deliver payment pursuant to the settlement agreement); *Barbecho v. Matrat LLC*, No. 15 CV 00170-LTS, 2021 WL 3862662, at *2–3 (S.D.N.Y. Aug. 30, 2021) (same); *Tendilla v. 1465 Espresso Bar LLC*, No. 18-CV-5991 (AJN), 2021 WL 2209873, at *2–3 (S.D.N.Y. June 1, 2021) (same).

Casper cannot distinguish Lead Plaintiff's cited cases. Casper incorrectly claims that the Stipulation, unlike the settlement agreements in those cases, does not "expressly contemplate

certain consequences for failure to pay an installment." DM, 6. Casper is wrong on both the facts and the law. First, the Stipulation *does* contemplate a consequence to Casper's failure to pay, stating that the Parties "irrevocably submit to the jurisdiction of the court with respect to enforcement of the terms of this Stipulation and for any suit, action, proceeding or dispute arising out of or relating to this Stipulation or the applicability of this Stipulation." *See* ECF No. 80 at § XII(L). That the Stipulation did not separately address each form of potential breach is a distinction without a difference.

Second, enforcement in the cited authority did not hinge on the provisions Defendants identify. *See, e.g., Essar Steel Algoma*, 2022 WL 11405807, at *2 ("Defendants' breach also has been indisputably established. Defendants were obligated to either pay a lump sum of $4.425 million, or, absent such payment, either make timely coal deliveries or three installment payments of $1,916,666.00 to Algoma … Defendants did not pay the lump sum, did not meet any of the deadlines, and have neither delivered any coal nor made any of the installment payments to Algoma. As a result, Algoma has not received the value of what it bargained for and has been damaged by that amount, which totals $5.75 million."). Discussion of the referenced provisions in those cases was limited to considering enhanced damage provisions or notice obligations – neither of which are at issue here. *See Barbecho*, 2021 WL 3862662, at *2–3 (express notice and cure provision not in the Stipulation here); *Gomez v. Terri Vegetarian LLC*, No. 17-CV-213 (JLC), 2021 WL 2349509, at *3–4 (S.D.N.Y. June 9, 2021) (10% late penalty on any outstanding installment); *Tendilla*, 2021 WL 2209873, at *2 (breach of the installment provision required defendant to pay the full settlement and an additional $3,250 in liquidated damages). Each held that a failure to fund the settlement on the agreed-upon dates established a

3

breach of contract. *Id*. Consequently, they all confirm that Casper's identical failure to fund the Settlement is a breach of contract.

Notably, the ***only case*** that Casper cites to argue that its breach should be disregarded as immaterial has no bearing on the case at bar. *Fitzpatrick v. Am. Int'l Grp., Inc.* is an ***employment case*** the court decided on a motion for summary judgment if the defendants materially breached the plaintiff's ***employment contract*** when they failed to pay him interest. *See Fitzpatrick v. Am. Int'l Grp., Inc.*, No. 10 CIV. 142 MHD, 2013 WL 709048, at *1 (S.D.N.Y. Feb. 26, 2013), *on reconsideration in part,* No. 10 CIV. 142 MHD, 2013 WL 3270319 (S.D.N.Y. June 26, 2013), *and on reconsideration in part,* No. 10 CIV. 142 MHD, 2013 WL 5427883 (S.D.N.Y. Sept. 27, 2013). Unlike Lead Plaintiff's authority, *Fitzpatrick* has nothing to do with a party's failure to fund a class action settlement and is inapplicable here.

Moreover, the significance of Casper's breach is plain and uncontestable. Casper's decision to keep for itself the funds it had promised to the Settlement Class to fund the Settlement Account has: (1) deprived plaintiffs of the primary benefit of the bargain they negotiated under the Settlement Agreement; (2) deprived plaintiffs of the certainty that, by now, at least half of the Settlement Amount would not be safely escrowed and not in jeopardy – critical given Casper's proven untrustworthiness; (3) deprived Lead Plaintiff of the use of those funds for Notice and Administration Costs, as the Stipulation expressly contemplated (*see* ECF 80 at § IV);[1] and (4) deprived plaintiffs of interest that would have accrued in the Escrow Account (*see* ECF No. 80 at § III).  Casper's feeble attempt to characterize its intentional breach as harmless is wholly without support.  *See The Taxis For All Campaign, et al. v. New York City*

---

[1] To help protect the Settlement Class from the full impact of Casper's breach, Lead Counsel has backstopped those costs so notice could be issued consistent with this Court's preliminary approval order.

*Taxi and Limousine Commission, et al.*, No. 11 CIV. 0237 (GBD), 2024 WL 4007963, at *5 (S.D.N.Y. Aug. 29, 2024) (rejecting a similar argument from defendants who, like Casper, failed to provide any case law to support their position); DM 7-8. As the Second Circuit has recognized, a "party injured by breach of contract is entitled to be placed in the position it would have occupied had the contract been fulfilled according to its terms." *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 185 (2d Cir. 2007) (citing *Boyce v. Soundview Tech. Group, Inc.,* 464 F.3d 376, 384 (2d Cir.2006)).

Casper's claim that payment would be inconvenient to it lacks merit. DM 7-8. Casper has not declared bankruptcy, does not claim to be insolvent, and has not provided any evidence that it is unable to make the payments as agreed in and required by the Stipulation. At any rate, Casper does not come close to raising an impossibility defense. That "defense excuses a party's performance only when the destruction of the subject matter of the contract or the means of performance makes performance objectively impossible." *The Taxis For All Campaign*, 2024 WL 4007963, at *6 (quoting *Red Tree Invs., LLC v. Petróleos de Venez., S.A.*, 82 F.4th 161, 170 (2d Cir. 2023)). "To establish this defense, Defendants must demonstrate that they took virtually every action within [their] power to perform their contractual duties." *Id*. Here, Casper has provided *no* evidence that it has done everything in its power to perform its contractual duties. Casper simply would prefer to use the promised funds for other purposes. That is has some "financial difficulties" is irrelevant: "where impossibility or difficulty of performance is occasioned only by financial difficulty or economic hardship, even to the extent of insolvency or bankruptcy, performance of a contract is not excused." *Id*. (quoting *Red Tree Invs., LLC*, 82 F.4th at 171).

Finally, Casper's assertion that "the delay in initial payments is unlikely to impinge on" Lead Plaintiff moving for final approval (DM 8) is manifestly false. Unless this motion is granted and the breach is promptly cured, the Settlement will fail. Lead Plaintiff owes a fiduciary duty to the Settlement Class and cannot, consistent with that duty, seek final approval of a breached and unfunded Settlement.

## II.   LEAD PLAINTIFF IS ENTITLED TO ITS FEES AND COSTS IN BRINGING THIS MOTION

The Stipulation of Settlement clearly provides that a Party forced to seek judicial enforcement, if it prevails, is entitled to fees and costs from the breaching party. *See* ECF No. 80 at § XII(L). Obviously, such fees and costs cannot be fully tabulated until this motion is resolved. Within seven (7) days thereafter, Lead Plaintiff will file a fee request for this Court's consideration.

## III.   CONCLUSION

For all of these reasons, Lead Plaintiff respectfully requests that this Court order Casper to cure its default (with interest on the overdue payments) within twenty-four (24) hours, adhere to the agreed-upon payment schedule, and award attorneys' fees and costs as provided in the Stipulation of Settlement.

Dated: September 10, 2024

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Joshua B. Silverman*

Joshua B. Silverman
Louis C. Ludwig
Christopher P.T. Tourek
10 South LaSalle, Suite 3505

6

Chicago, Illinois 60005
Telephone: (312) 377-1181
Facsimile: (312) 229-8811
Email: jbsilverman@pomlaw.com
lcludwig@pomlaw.com
ctourek@pomlaw.com

Jeremy A. Lieberman
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com

***Lead Counsel***