**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ROBERT LEMATTA, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>   v.<br><br>CASPER SLEEP, INC., et al.,<br><br>         Defendants. | Case No. 1:20-cv-02744<br><br>Hon. Margo K. Brodie |

**ORDER AMENDING PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT**

WHEREAS, Lead Plaintiff Saleh Doron Gahtan ("Lead Plaintiff" or "Plaintiff"), on behalf of himself and the Class; and Defendants Casper Sleep, Inc. ("Casper" or "the Company"), Philip Krim, Gregory MacFarlane, Neil Parikh, Diane Irvine, Anthony Florence, Jack Lazar, Benjamin Lerer, Karen Katz, Dani Reiss (together with Casper, the "Casper Defendants"), Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Jefferies, LLC, BofA Securities, Inc., UBS Securities LLC, Citigroup Global Markets, Inc., Piper Sandler & Co., and Guggenheim Securities, LLC (the "Underwriter Defendants," and together with the Casper Defendants, "Defendants," and together with Lead Plaintiff, the "Parties" and each a "Party"), entered into the Stipulation of Settlement dated June 6, 2024 (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits attached thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the above-captioned class action

pending before the Court (the "Action"); the Court having already considered and granted preliminary approval of the Settlement on July 18, 2024 (the "Preliminary Approval Order," Docket Entry No. 82); notice having already issued pursuant thereto; and upon consultation with the Parties with respect to a revised payment schedule for Settlement Amount and its impact on previously-scheduled dates;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 8th day of October, 2024, that:

1. The Preliminary Approval Order remains in effect without alteration except as specified below. This amended order is issued solely to address amended deadlines for final approval briefing and hearing and for class members to file claims, opt out of the Settlement, or object to the Settlement. Lead Counsel shall cause the amended dates to be published on the front page of the Settlement Website in prominent type. No additional notice shall be required.

2. **Paragraph 6 of the Preliminary Approval Order is superseded by the following:** The Court hereby vacates the November 15, 2024, date for the Settlement Hearing and reschedules the Settlement Hearing to be held **in Courtroom 6F North, 225 Cadman Plaza East, Brooklyn, New York 11201 on February 6, 2025, at 2:00 P.M.** for the following purposes:

(a) to determine finally whether the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23(a) and (b) are satisfied;

(b) to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine finally whether to approve the Settlement as provided under the Stipulation, entering the Final Approval Order and dismissing the Action on the merits and with prejudice, and to determine, among other things, whether the release of the Released Claims as against the Released Parties, as set forth in

the Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute any of the Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Stipulation;

(d)     to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)     to consider any application of Class Counsel for an award of fees and reimbursement of litigation expenses, or an application for an Award to Lead Plaintiff;

(f)     to consider Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Hearing by Class Members (or by counsel on their behalf) provided that they gave proper notice that they intend to appear at the Settlement Hearing; and

(g)     to rule upon such other matters as the Court may deem appropriate.

3.     **Paragraph 17 of the Preliminary Approval Order is superseded by the following:** In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a)     A properly completed and executed Proof of Claim and Release Form must be submitted to the Settlement Administrator: (a) electronically through the Settlement website, https://www.strategicclaims.net/casper/ by 11:59 P.M. Eastern Time on November 8, 2024; or (b) at the Post Office Box indicated in the Notice, postmarked no later than November 8, 2024. This deadline may be

further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when: (a) the claim receives a confirmation notice from Strategic Claims Services for electronic submissions; or (b) legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Settlement Administrator at the address designated in the Notice.

(b)    the Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Settlement Administrator or Class Counsel; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.  The Settlement Administrator or Class Counsel may

request additional documentation of any claim they deem to be insufficiently documented.

(c)    Once the Settlement Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Settlement Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice, serve upon the Settlement Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(d)    As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with the processing of the Proof of Claim and Release Forms, including any discovery aimed at any Party hereto.

4.     **Paragraph 19 of the Preliminary Approval Order is superseded by the following:** Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A Class Member wishing to make such request for exclusion shall mail it by first-class mail, postage prepaid, or otherwise deliver it, so that it is received no later than November 30, 2024 ("Exclusion Deadline"), to the address listed in the Notice.  In order to be valid, such request for exclusion (A) must clearly indicate the name and address and phone number and email contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement and Class in *Lematta v. Casper Sleep, Inc., et al.*, Case No. 20-cv-02744 (E.D.N.Y.)" and (B) state the date, number of shares and dollar amount of each Casper securities purchase or acquisition pursuant or traceable to the Company's February 7, 2020 initial public offering, and/or during the period from March 19, 2020, through May 12, 2020, both dates inclusive, and any sale transactions, as well as the number of Casper shares held by the Person as of March 19, 2020 and May 12, 2020.  In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase or acquisition and, if applicable, sale of Casper securities during the Class Period; and (ii) demonstrating the Person's status as a beneficial owner of the Casper securities.  Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury.  The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the request for exclusion.

5.      **Paragraph 23 of the Preliminary Approval Order is superseded by the following:** The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or any application for an award of fees or reimbursement of expenses, provided, however, that no Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Final Approval Order, or any other order relating thereto, unless that Person has served copies of any objections, papers, and briefs to the following counsel by November 30, 2024:

**To Plaintiff:**

Joshua B. Silverman
POMERANTZ LLP
10 South LaSalle Street
Suite 3505
Chicago, IL 60603
jbsilverman@pomlaw.com

**To Defendant:**

Stefan Atkinson, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
stefan.atkinson@kirkland.com

Charles D. Cording
WILKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
ccording@willkie.com

To be valid, any such objection must contain the Person's: (1) name, address, and telephone number; (2) a list of all purchases and sales of Casper securities pursuant or traceable to the Company's February 7, 2020 initial public offering, and/or during the period from March 19, 2020, through May 12, 2020, both dates inclusive, in order to show membership in the Class; (3) all grounds for the objection, including any legal support known to the Class Member and/or his, her, or its counsel; and (4) the name, address and telephone number of all counsel who represent the Class Member, including former or current counsel who may be entitled to compensation in connection with the objection. Attendance at the Settlement Hearing is not necessary but Persons wishing to be heard orally in opposition to the approval of the Settlement Stipulation, the Plan of

Allocation, and/or application for an award of fees or reimbursement of expenses are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

6. **Paragraph 26 of the Preliminary Approval Order is superseded by the following:** All papers in support of the Settlement, the Plan of Allocation and/or any application for an award of fees or reimbursement of expenses shall be filed and served by November 18, 2024.

7. **Paragraph 27 of the Preliminary Approval Order is superseded by the following:** Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or any application for an award of fees or reimbursement of expenses shall be filed no later than December 13, 2024.

Dated: October 8, 2024

_____/s/MKB_____
MARGO K. BRODIE
United States District Judge