# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT LEMATTA, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CASPER SLEEP, INC., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:20-cv-02744 <br> ) <br> ) <br> ) Hon. Margo K. Brodie <br> ) <br> ) |

**DECLARATION OF JOSEPHINE BRAVATA CONCERNING: (A) MAILING OF THE POSTCARD NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS; AND (D) CLAIMS RECEIVED TO DATE**

I, Josephine Bravata, declare as follows:

1.     I am the Director of Quality Assurance at Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. I have over twenty years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over five hundred and fifty (550) class action settlements since its inception. I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

**MAILING OF THE POSTCARD NOTICE**

2.     Pursuant to the Court's Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement, dated July 18, 2024 and the Order Amending Preliminary Approval of Class Action Settlement (Dkt. Nos. 82 and 95, the "Preliminary Approval Orders"), SCS was appointed and approved as Settlement and Claims Administrator to supervise and administer the notice procedure and claims processing, as well as the other services in connection with the

1

Settlement of the above-captioned action.[1] I submit this declaration in order to provide the Court and the Parties information regarding the mailing of the Postcard Notice to potential Class Members, as well as updates concerning other aspects of the Settlement administration process.

3.    SCS sent the Depository Trust Company ("DTC") the Notice of Pendency and Settlement of Class Action ("Notice") and Proof of Claim and Release Form ("Claim Form") (collectively, the "Notice and Claim") for the DTC to publish on its Legal Notice System ("LENS") on August 2, 2024. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted. A true and correct copy of the Notice and Claim is attached as **Exhibit A**.

4.    As in most class actions of this nature, the large majority of potential Class Members are expected to be beneficial purchasers/owners whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers/owners. The names and addresses of these beneficial purchasers/owners are known only to the nominees. SCS maintains a proprietary master list consisting of 1,037 banks and brokerage companies ("Nominee Account Holders"), as well as 1,266 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups"). On August 2, 2024, SCS caused a letter to be mailed or e-mailed to the 2,303 nominees contained in the SCS master mailing list. The letter notified them of the Settlement and requested that within ten (10) calendar days from the date of the letter, they either: (a) send a Postcard Notice to their customers who may be beneficial purchasers/owners within ten (10) calendar days after receipt of the copies of Postcard Notice; (b) email an electronic

---

[1] All capitalized terms not otherwise defined herein have the meanings set forth in the Stipulation of Settlement, dated as of June 6, 2024 (Dkt. No. 80, the "Stipulation").

link of the Notice and Claim supplied by SCS to beneficial purchasers/owners within ten (10) calendar days after receipt of the link; or (c) provide SCS with a list of the names, mailing addresses, and email addresses, to the extent email addresses were available, of such beneficial purchasers/owners so that SCS could promptly mail the Postcard Notice or email the link to the Notice and Claim on the settlement website directly to them. A copy of the letter sent to these nominees is attached as **Exhibit B.**

5. SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 233 individuals and/or entities identified in the transfer records that were provided to SCS by Defendants' Counsel, Kirkland & Ellis LLP. These records reflect the individuals and/or entities that purchased or otherwise acquired the common stock of Casper Sleep, Inc. ("Casper") pursuant or traceable to the February 7, 2020 Initial Public Offering, and/or during the period from March 19, 2020 through May 12, 2020, both dates inclusive ("Class Period"), SCS printed and mailed the Postcard Notice to potential members of the Settlement Class. The transfer record mailing was completed on August 2, 2024. Following this mailing, SCS received 1,109 additional names and addresses of potential Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS, SCS received a requests from three nominees for Postcard Notices so that the nominee could forward them to their 3,910 clients, and a nominee notified SCS that they mailed a total of 68 Postcard Notices to their clients. To date, 5,320 Postcard Notices have been mailed to potential Class Members. **Exhibit C** is a copy of the Postcard Notice.

6. Additionally, SCS were sent two email addresses to email the Notice and Claim link, and SCS was notified by a nominee that they emailed 9,913 of their clients to notify them of this settlement and provide a direct link to the Notice and Claim on the settlement website.

3

7.    In total, 15,235 settlement notices (either via mailed Postcard Notice or emailed Notice and Claim link) were sent to potential Class Members by SCS or nominees.

8.    Of the 5,320 Postcard Notices mailed, 314 Postcard Notices were returned as undeliverable. Of these, the United States Postal Service provided a forwarding address for 24, and SCS immediately mailed another Postcard Notice to the updated addresses.  The remaining 290 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses, and 120 were re-mailed to updated addresses.

## PUBLICATION OF THE SUMMARY NOTICE

9.    Pursuant to the Preliminary Approval Orders, SCS caused the Summary Notice of Pendency and Settlement of Class Action ("Summary Notice") to published electronically once nationally over *Globe Newswire* on August 13, 2024.  The confirmation of publication is included as **Exhibit D** hereto**.**

## TOLL-FREE PHONE LINE

10.    SCS maintains a toll-free telephone number (1-866-274-4004) for Class Members to call and obtain information about the Settlement as well as request a copy of the Notice and Claim. SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries.

## SETTLEMENT WEBSITE

11.    On July 30, 2024, SCS established a webpage on its website for the Settlement at www.strategicclaims.net/casper/. The website is accessible 24 hours a day, 7 days a week.  The website contains the case-related deadlines, an online claim filing link, and the important case documents such as the Notice and Claim, the Preliminary Approval Order, and the Stipulation with exhibits. On October 18, 2024, SCS updated the website with the new deadlines and added the

Order Amending Preliminary Approval of Class Action Settlement (Dkt. No. 95, the "Amended Order") to the important documents section of the webpage.

### REPORT ON EXCLUSIONS AND OBJECTIONS

12.     The Postcard Notice, Notice, Summary Notice, and the Settlement Website informed potential Class Members that written requests for exclusion are to be mailed to SCS such that they are postmarked no later than November 30, 2024[2].  SCS has been monitoring all mail delivered for this case.  As of the date of this declaration, SCS has received no request for exclusion.

13.     According to the Notice, Class Members seeking to object to the Settlement, the adequacy of the representation, the proposed Plan of Allocation of the Net Settlement Fund, the Final Order and Judgment contemplated by the Stipulation, the application for attorneys' fees and reimbursement of expenses and/or the application for reimbursement of reasonable time, costs, and expenses of Plaintiff, are required to submit their objection in writing such that the request is received by the Clerk of the Court as well as Class Counsel and Defendants' Counsel, no later than November 30, 2024[3].  As of the date of this declaration, SCS has neither received any objections nor been notified that Class Counsel has received any objections.

### CLAIMS RECEIVED TO DATE

14. The deadline for claims submission was filed online at www.strategicclaims.net/casper/ by November 8, 2024 or postmarked no later than November 8,

---

[2] Original exclusion deadline was October 25, 2024; however, pursuant to the Amended Order, the current exclusion deadline is November 30, 2025.

[3] Original objection deadline was October 25, 2024; however, pursuant to the Amended Order, the current objection deadline is November 30, 2025.

2024.[4]  As of the date of this declaration, SCS has received 5,642 claims.  SCS is currently processing the submitted claims.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 14th day of November 2024, in Media, Pennsylvania.

Josephine Bravata

---

[4] Original claims filing deadline was October 16, 2024; however, pursuant to the Amended Order, the current claims filing deadline is November 8, 2025.


**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ROBERT LEMATTA, Individually and On Behalf of All Others Similarly Situated,<br><br>                                  Plaintiff,<br><br>                    v.<br><br><br>CASPER SLEEP, INC., et al.,<br><br>                                  Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:20-cv-02744<br>)<br>)  Hon. Margo K. Brodie<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION**

**TO:**   **ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED CASPER COMMON STOCK PURSUANT OR TRACEABLE TO THE COMPANY'S FEBRUARY 7, 2020 INITIAL PUBLIC OFFERING, AND/OR DURING THE PERIOD FROM MARCH 19, 2020, THROUGH MAY 12, 2020, BOTH DATES INCLUSIVE (THE "CLASS").**

EXCLUDED FROM THE CLASS ARE DEFENDANTS, ANY FORMER OR CURRENT OFFICER OR DIRECTOR OF CASPER OR DURATIONAL CAPITAL MANAGEMENT LP, MEMBERS OF THEIR IMMEDIATE FAMILIES AND THEIR LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS, OR ASSIGNS, AND ANY ENTITY IN WHICH ANY OF THE ABOVE HAS OR HAD A MAJORITY OWNERSHIP INTEREST. ALSO EXCLUDED FROM THE CLASS ARE ANY PERSONS AND ENTITIES WHO OR WHICH SUBMIT A REQUEST FOR EXCLUSION FROM THE CLASS THAT IS ACCEPTED BY THE COURT.

*PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS LITIGATION. IF YOU ARE A MEMBER OF THE CLASS DESCRIBED HEREIN, YOU MAY BE ENTITLED TO RECEIVE A PAYMENT PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED BELOW.*

**CLASS RECOVERY:** This Notice has been sent to you pursuant to an Order of the United States District Court for the Eastern District of New York (the "Court") in the above-captioned action (the "Action"). This is not a solicitation from a lawyer. One of the purposes of this Notice is to inform you of the proposed Settlement of the Action for $3,000,000 (Three Million U.S. Dollars). Lead Plaintiff Saleh Doron Gahtan ("Plaintiff") estimates that approximately 8.4 million shares of Casper may have been impacted. If all such shares were impacted, and all holders are eligible to and elect to participate in the Settlement, the average recovery per share could be $0.35, before deduction of any fees, expenses, costs, and awards described herein. The actual amount disbursed to members of the Class who participate in the Settlement may be more or less than this figure.

**POTENTIAL OUTCOME OF THE CASE:** The parties vigorously disagree on both liability and damages, and do not agree on what damages per share would be recoverable if Plaintiff prevailed on each claim alleged under the Securities Act of 1933 and the Securities Exchange Act of 1934. The issues on which the parties disagree include, but are not limited to: (a) whether Defendants made any material misrepresentations or omissions; (b) whether Defendants acted with the requisite state of mind (*scienter*); (c) the materiality of the allegedly false and misleading statements; and (d) the effect, if any, of those statements on the price of Casper's common stock. Defendants deny that they are liable to the Plaintiff or the Class, and the Settlement is not an admission of wrongdoing or liability.

**REASONS FOR SETTLEMENT:** Plaintiff believes that the proposed Settlement is fair, reasonable, adequate, and in the best interests of, the Class. Plaintiff and his counsel have reached this conclusion after investigating and considering, among other things, the strengths and weaknesses of Plaintiff's claims, including Defendants' contentions that the Class's claims are without merit and have not been adequately pled, the uncertainties of this complex litigation,

the legal and factual defenses available to Defendants, and the concrete benefits provided by the Settlement to the members of the Class.  The Settlement was entered into after extended mediation proceedings.  Without admitting any wrongdoing or liability whatsoever, Defendants are nevertheless willing to settle to avoid the continuing burden, expense, and inconvenience of this Action, as well as to avoid the cost, delay, and risk of continuing the Action, provided that all of the claims of the Class are settled and compromised.

**ATTORNEYS' FEES AND COSTS SOUGHT:** As Class Counsel, Pomerantz LLP, has not received any payment for its services in conducting this litigation on behalf of Plaintiff and Class Members, nor has it been reimbursed for its out-of-pocket expenditures.  If the Settlement is approved by the Court, Class Counsel will apply to the Court for attorneys' fees not to exceed 33 1/3% of the Settlement Amount, and reimbursement of expenses not to exceed $280,000, and a compensatory award to Plaintiff not to exceed $15,000.  If Class Counsel applies for awards in the maximum amount referenced, and the Court grants such awards, the total average cost per share would be $0.154.

**NOTICE AND ADMINISTRATION COSTS:** The Court has authorized and the parties have agreed that no more than $250,000 of the Settlement Amount may be expended to cover the costs related to the publication and mailing of Notice to the Class and Administration of all claims filed by Class Members without further approval.  Any amount expended in excess of $250,000 for Settlement Administration costs must be approved by the Court.

**IDENTIFICATION OF PLAINTIFF'S COUNSEL:** Requests for further information regarding the Action and this Notice may be directed to Class Counsel: Joshua B. Silverman, Esq., Pomerantz LLP, 10 South LaSalle St., Suite 3505, Chicago, IL 60603, 312-377-1181, jbsilverman@pomlaw.com.

## I.      THE CLASS INVOLVED IN THE PROPOSED SETTLEMENT

The proposed Settlement affects the rights of Class Members. The Class consists of:

> **All persons and entities that purchased or otherwise acquired Casper common stock pursuant or traceable to the Company's February 7, 2020 initial public offering, and/or during the period from March 19, 2020, through May 12, 2020, both dates inclusive.**

Excluded from the Class are Defendants, any former or current officer or director of Casper or Durational Capital Management LP, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the above has or had a majority ownership interest. Also excluded are any persons and entities who timely requested exclusion in compliance with the procedures described in Section IV.

*The sending of this Notice should not be construed as any indication of the Court's view as to the merits of any claims or defenses asserted by any party to this Action.*

## II.      THE LITIGATION

### Summary

This Action was initiated on June 19, 2020, asserting that Casper, certain of its executives, and the underwriters of Casper's initial public offering ("IPO") misled investors in violation of Sections 11 and 15 of the Securities Act of 1933 and/or Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 about Casper's profitability, profit trends and distribution network.

On August 27, 2020, Mr. Gahtan was appointed lead plaintiff, and Pomerantz approved as lead counsel. On October 27, 2020, Plaintiff filed an Amended Complaint. Following the withdrawal of a motion to stay proceedings in favor of parallel state court actions, Plaintiff filed a Second Amended Complaint on June 30, 2021.  The parties thereafter briefed a motion to dismiss.  On September 30, 2022, the Court largely denied Defendants' motion to dismiss, and upheld Plaintiff's most significant claims about profitability and distribution. On March 27, 2023, Defendants answered the Second Amended Complaint. The Parties then commenced discovery.

### Investigation and Discovery Conducted by Counsel

Prior to filing the Amended Complaint, Class Counsel performed an extensive investigation into the merits of the Action, including consultation with experts concerning the amount of damages suffered by the Class; interviews of more than a dozen confidential witnesses who previously worked at Casper; detailed reviews of all relevant public filings, SEC filings, press releases, court filings in related state actions, and other public statements; review of analyst reports; and research of the applicable law with respect to the claims asserted in the complaints filed in the Action, and the potential defenses thereto.

2

From March 2023 through January 2024, counsel for Plaintiff and Defendants completed extensive fact discovery. Plaintiff and Defendants each propounded requests for production of documents upon the opposing party and Defendants propounded interrogatories upon Plaintiff. Plaintiff also served third-party subpoenas for production of documents on Casper's logistics provider and an investment firm affiliated with Casper's CEO. Over the course of the approximately 10-month discovery period, Class Counsel reviewed and analyzed over 258,000 pages of documents produced by Defendants and third parties. During that same timeframe, Plaintiff produced documents to Defendants and responded to Defendants' interrogatories.  Plaintiff further took or participated in eleven depositions of key witnesses.

### Proposed Settlement

Class Counsel and Defendants' Counsel participated in protracted negotiations including two mediation sessions on March 9, 2023 and April 4, 2024 before Jed Melnick, Esq., an experienced mediator affiliated with JAMS ADR. During these negotiations, the parties discussed, among other things, the respective claims and defenses, damage analyses, legal analyses, the evidence to be offered by the parties at trial, structures for a possible settlement, and other important factual and legal issues.

After a second mediation session on April 4, 2024, the Parties accepted a mediator's proposal to settle this Action for a cash payment by Casper of $3,000,000, and further documented in the Stipulation of Settlement executed on June 6, 2024 ("Stipulation"). Class Counsel believe that the claims asserted in the Action have merit and that the evidence developed to date in the action supports the claims asserted therein.  By entering the Settlement, Defendants do not concede the truth of any of the claims against them and continue to deny any wrongdoing.

Class Counsel recognize the expense and length of continued proceedings, trial, and appeals, and have taken into account the uncertain outcome and the risk of any litigation, especially complex securities fraud class actions as here, as well as the risks of collection.  In light of these risks, Class Counsel believe that the Settlement set forth in the Stipulation confers a meaningful benefit upon the Class.  Based on their evaluation, Class Counsel have determined that the Settlement is in the best interests of the Class.

### The Release

In consideration for the payment of the Settlement Amount to the Settlement Fund, Class Members who do not file for exclusion from the Class will release, discharge, and dismiss with prejudice all Plaintiffs' Released Claims, without costs to any party except as provided herein, upon the Effective Date.  Plaintiff and all other Class Members, whether or not any such Person submits a Proof of Claim and Release Form ("Proof of Claim") or shares in the Net Settlement Fund, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees and administrators, will be deemed by this Settlement on the Effective Date to release and forever discharge any and all of the Plaintiffs' Released Claims.

On the Effective Date, all Class Members, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceedings asserting Plaintiffs' Released Claims in any court of law or equity, arbitration tribunal, or administrative forum.  Defendants have also released claims against Plaintiff, Class Counsel, Class Members, and their related persons arising out of the prosecution of this Action.

### III.    PROPOSED PLAN OF ALLOCATION

The Settlement Fund less taxes, approved costs, fees, and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit valid Proofs of Claim ("Authorized Claimants").

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Class Members.  Any orders regarding a modification of the Plan of Allocation will be posted to the Settlement website, www.strategicclaims.net/casper/.

The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss."  The Recognized Loss formula is not intended to be an estimate of the amount of what a Class Member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.  To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized

3

Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $20.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

The Plan of Allocation takes into consideration the limitation on damages provision of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(e) which incorporates a 90-day lookback period, the advice of Plaintiff's experts, and the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005).

### The Basis For Calculating Your Recognized Loss

The $3,000,000 settlement amount and any interest earned thereon shall be the Settlement Fund. The Settlement Fund less taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit valid Proofs of Claim ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount of what a Class Member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

The Plan of Allocation takes into consideration the Limitation on Damages provision of the PSLRA, 15 U.S.C. § 78u-4(e), the advice of Plaintiffs' experts, and the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336 (2005). For purposes of this Settlement, the Recognized Loss shall be calculated as follows:

1. **For Casper Common Stock purchased between February 7, 2020 and March 18, 2020, and sold on or before June 18, 2020**, the Recognized Loss per share is *the lesser of* (but not less than zero):
   a. $12 (the IPO offer price) *minus* the sale price; or
   b. the purchase price *minus* the sale price.

2. **For Casper Common Stock purchased between February 7, 2020 and March 18, 2020, and held through at least June 19, 2020,** the Recognized Loss per share is *the lesser of* (but not less than zero):
   a. $12 (the *IPO* offer price) *minus* the greater of the sale price or $8.78 (the closing price on June 19, 2020); or
   b. the *purchase* price *minus* the sale price.

3. **For Casper Common Stock purchased between March 19, 2020 and May 11, 2020, inclusive, and sold on or before May 11, 2020,** the Recognized Loss per share is *the lesser of* (but not less than zero):
   a. $12 (*the* IPO offer price) *minus* the sale price; or
   b. the *purchase* price *minus* the sale price.

4. **For Casper Common Stock purchased between March 19, 2020 and May 11, 2020, inclusive, and held or sold between May 12, 2020 and June 19, 2020 or held through at least June 19, 2020,** the Recognized Loss per share is equal to the *greater of* (but not less than zero):
   a. the *lesser of* (i) $12 *minus* the sale price, or if held through June 18, 2020, $12 *minus* the *greater of* the sale price or $8.78 (the closing price on June 19, 2020) or (ii) the purchase price *minus* the sale price; and
   b. the *lesser of* $1.53 per share, or the purchase price *minus* the "90-day lookback value" on the date of sale provided in Table 1 below; and

4

5. **For Casper Common Stock purchased on or after May 12, 2020 and before June 19, 2020**, the Recognized Loss per share is *the lesser of* (but not less than zero):

    a.   $12 (the IPO offer price) *minus* the sale price, or if held through June 18, 2020, $12 *minus* the greater of the sale price or $8.78 (the closing price on June 19, 2020); or

    b.   the purchase price *minus* the sale price.

| Table 1 | | | | | |
|---|---|---|---|---|---|
| **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** |
| 5/12/2020 | $6.37 | 6/11/2020 | $7.37 | 7/13/2020 | $8.01 |
| 5/13/2020 | $6.54 | 6/12/2020 | $7.40 | 7/14/2020 | $8.01 |
| 5/14/2020 | $6.47 | 6/15/2020 | $7.45 | 7/15/2020 | $8.01 |
| 5/15/2020 | $6.50 | 6/16/2020 | $7.50 | 7/16/2020 | $8.01 |
| 5/18/2020 | $6.52 | 6/17/2020 | $7.58 | 7/17/2020 | $8.00 |
| 5/19/2020 | $6.52 | 6/18/2020 | $7.64 | 7/20/2020 | $8.00 |
| 5/20/2020 | $6.53 | 6/19/2020 | $7.68 | 7/21/2020 | $7.99 |
| 5/21/2020 | $6.58 | 6/22/2020 | $7.72 | 7/22/2020 | $7.99 |
| 5/22/2020 | $6.61 | 6/23/2020 | $7.76 | 7/23/2020 | $7.98 |
| 5/26/2020 | $6.68 | 6/24/2020 | $7.80 | 7/24/2020 | $7.96 |
| 5/27/2020 | $6.72 | 6/25/2020 | $7.83 | 7/27/2020 | $7.97 |
| 5/28/2020 | $6.74 | 6/26/2020 | $7.85 | 7/28/2020 | $7.98 |
| 5/29/2020 | $6.76 | 6/29/2020 | $7.88 | 7/29/2020 | $8.00 |
| 6/1/2020 | $6.80 | 6/30/2020 | $7.91 | 7/30/2020 | $8.02 |
| 6/2/2020 | $6.84 | 7/1/2020 | $7.94 | 7/31/2020 | $8.04 |
| 6/3/2020 | $6.93 | 7/2/2020 | $7.96 | 8/3/2020 | $8.04 |
| 6/4/2020 | $7.00 | 7/6/2020 | $7.99 | 8/4/2020 | $8.04 |
| 6/5/2020 | $7.12 | 7/7/2020 | $8.00 | 8/5/2020 | $8.05 |
| 6/8/2020 | $7.25 | 7/8/2020 | $8.02 | 8/6/2020 | $8.06 |
| 6/9/2020 | $7.32 | 7/9/2020 | $8.02 | 8/7/2020 | $8.07 |
| 6/10/2020 | $7.36 | 7/10/2020 | $8.03 | N/A | N/A |

**General Provisions:**

1. There shall be no Recognized Loss attributed to any Casper securities other than Casper Common Stock.

2. The date of a purchase or sale of Casper Common Stock is the "trade" date, and not the "settlement" date. The date of purchase for shares purchased in the IPO is February 7, 2020.

3. The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

4. The date of covering a "short sale" is deemed to be the date of purchase of Casper Common Stock; and the date of a "short sale" is deemed to be the date of sale of Casper Common Stock. Shares originally sold short will have a Recognized Loss of zero.

5. Exercise of option contracts into Casper Common Stock will be considered to be purchases or sales of Casper Common Stock as of the date of the exercise.

6. No cash payment will be made on a claim where the potential distribution amount is less than $20. Please be advised

5

that if you did not incur a Recognized Loss as defined in the Plan of Allocation you will not receive a cash distribution from the Net Settlement Fund, but you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Claims against the Released Parties.

7. The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds.

8. No person shall have any claim against Class Counsel, the Claims Administrator or other agent designated by Class Counsel, or any Defendant or any Defendants' Counsel based on the distribution made substantially in accordance with the Stipulation and this Plan of Allocation, or further orders of the Court.

9. Class members who do not submit valid Proofs of Claim will not share in the settlement proceeds. Class members who do not either submit a Request for Exclusion or submit a valid Proof of Claim will nevertheless be bound by the settlement and the Order and Final Judgment of the Court dismissing this Action.

## IV.  REQUESTING EXCLUSION FROM THE CLASS

**IF YOU ARE A MEMBER OF THE CLASS, YOU MAY BE ELIGIBLE TO SHARE IN THE BENEFITS OF THIS SETTLEMENT AND WILL BE BOUND BY ITS TERMS UNLESS YOU EXCLUDE YOURSELF FROM THE CLASS.**

Each member of the Class shall be bound by all determinations and judgments of the Court in connection with the Settlement, whether favorable or unfavorable, unless such Class Member shall mail, by first-class mail, sufficient postage prepaid, a written request for exclusion from the Class, received no later than October 25, 2024, addressed to the Claims Administrator at:

*Lematta v. Casper Sleep, Inc., et al.*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

Such request for exclusion shall be in a form that sufficiently identifies (1) the name and address, phone number, and email contact information (if any) of the person(s) or entity seeking exclusion, (2) a list of all transaction(s) involving Casper securities during the period from February 7, 2020 through May 12, 2020, including the number of shares, principal amount and trade date of each purchase and sale; and (3) specifically state that the person(s) "requests to be excluded from the Settlement and Class in *Lematta v. Casper Sleep, Inc., et al.*, No. 20-cv-02744 (E.D.N.Y.)." A request for exclusion shall not be effective unless submitted within the time and in the form and manner provided for herein. **You cannot exclude yourself by telephone, email, or fax.**

In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase or acquisition and, if applicable, sale of Casper securities pursuant or traceable to the Company's February 7, 2020 initial public offering, and/or during the period from March 19, 2020, through May 12, 2020, both dates inclusive; and (ii) demonstrating the person's status as a beneficial owner of the Casper securities. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury.

**If a person or entity who is a member of the Class duly and timely requests to be excluded from the Class, such person or entity will not be bound by any orders or judgments entered in respect of the Settlement and shall not be entitled to receive any benefits provided by the Settlement in the event it is finally approved by the Court.**

If a judgment approving the Settlement provided for in the Stipulation is finally entered, all members of the Class who have not requested exclusion shall conclusively be deemed to have released and shall thereafter be barred from asserting any of the Plaintiff's Released Claims.

## V.  STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT

If the proposed Settlement is approved, Class Counsel intend to apply to the Court for an award of attorneys' fees and reimbursement of expenses from the Settlement Fund. Class Counsel will seek no more than 33 1/3% of the Settlement Amount (and any interest earned thereon) as fees, plus reimbursement for the litigation expenses and costs actually incurred in prosecuting the action not to exceed $280,000, and any interest earned thereon. Class Counsel believe their intended fee request to be fair and reasonable. Class Counsel have litigated this Action on a wholly contingent basis and have received no compensation during the period the Action has been pending, while expending considerable time and funds during the Action. Had the Action not been successful, Class Counsel would have sustained a considerable financial loss.

In addition, Class Counsel intend to apply to the Court on behalf of Plaintiff for reimbursement from the Settlement Fund for his reasonable time, costs, and expenses directly relating to his representation of the Class, not to exceed $15,000.

## VI.    THE SETTLEMENT HEARING

The Settlement Hearing shall be held before Honorable Margo K. Brodie, on November 15, 2024, at 10:00 a.m., in the United States District Court for the Eastern District of New York, Courtroom 6F, 225 Cadman Plaza East, Brooklyn, New York 11201 or remotely as the Court shall order to determine: (1) whether a Class should be certified for purposes of the Settlement and whether Plaintiff and Class Counsel have adequately represented the Class Members; (2) whether the Settlement of the Class's claims for $3,000,000 cash payment by Casper, should be approved as fair, reasonable, and adequate; (3) whether the proposed Plan of Allocation is fair, just, reasonable, and adequate; (4) whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action; (5) whether the Action should be dismissed with prejudice, as set forth in the Stipulation filed with the Court; (6) whether the application by Class Counsel for an award of attorneys' fees and expenses should be approved; and (7) whether Plaintiff's application for reimbursement of costs and expenses should be granted.

*The Settlement Hearing may be adjourned or continued from time to time by the Court without further notice to the Class other than an announcement at such Settlement Hearing or at any adjournment or continuance thereof, or notice on the official docket available for inspection at the Court or via the Court's PACER system.*

Any Class Member who does not timely and validly request exclusion from the Class and who objects to the Settlement, the adequacy of the representation, the proposed Plan of Allocation of the Net Settlement Fund, the Final Order and Judgment contemplated by the Stipulation, the application for attorneys' fees and reimbursement of expenses, and/or the application for reimbursement of the reasonable time, costs, and expenses of Plaintiff, or who otherwise wishes to be heard with respect to any of the foregoing, may appear in person or by attorney (or via any video platform designated by the Court) at the Settlement Hearing, at his or her own expense, and present any evidence or argument that may be proper and relevant.  However, no person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such person shall be considered by the Court unless, **no later than October 25, 2024**, (1) a notice of the person's intention to appear, (2) a statement of such person's objections to any matter before the Court, including a statement specifying whether the objection applies to the objector, to a specific subset of the class, or to the entire class, and (3) the grounds for such objections or the reason for such person's request to appear and to be heard, as well as the information requested in Section IV herein and all other documents and writings which such person desires the Court to consider, shall be filed by such person with the Clerk of the Court (see address in section IX below), and, on or before such filing, shall be delivered by hand, overnight mail or by certified mail, return-receipt requested, sufficient postage prepaid, upon each of the following counsel of record:

| To Plaintiff: | To Defendants: |
|---|---|
| Joshua B. Silverman<br>POMERANTZ LLP<br>10 South LaSalle Street<br>Suite 3505<br>Chicago, IL 60603 | Stefan Atkinson<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br><br>Charles D. Cording<br>WILKIE FARR & GALLAGHER LLP<br>787 Seventh Avenue<br>New York, NY 10019 |

Any person or entity who fails to object in the manner prescribed in the paragraph immediately above shall be deemed to have waived any objections that person or entity may have and shall be barred from raising such objections in this Action or any other action or proceeding.  Objections directed solely to the proposed Plan of Allocation, attorneys' fees and expenses, or awards to Plaintiff will not affect the finality of either the Settlement or the Judgment to be entered pursuant thereto, if the Settlement is approved by the Court.

All members of the Class who do not request exclusion therefrom, in the manner provided herein, will be represented by Class Counsel in connection with the Settlement, but may, if they so desire, also enter an appearance through counsel of their own choice and at their own expense.

7

## VII. PROOF OF CLAIM AND RELEASE FORM

***To be eligible to receive a cash distribution from the Settlement Fund, you must timely complete, sign, and file a Proof of Claim.*** A Proof of Claim is attached to this Notice. You may receive more than one copy of this Notice and the Proof of Claim, but you should **submit only one Proof of Claim** for each differently named account or ownership, such as an individual account, an IRA account, a joint account, a custodial account, etc.

The Proof of Claim (1) **must** be completed in accordance with the Instructions on the Proof of Claim, (2) **must** enclose all documentation required by the Instructions, and (3) **must be filed online at www.strategicclaims.net/casper/ or postmarked on or October 16, 2024** and addressed to:

*Lematta v. Casper Sleep, Inc., et al.*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

A Proof of Claim will be deemed filed when mailed via first-class mail, sufficient postage prepaid. Members of the Class who do not exclude themselves from the Class and who fail to submit a valid and timely Proof of Claim will nevertheless be bound by the Settlement if finally approved, and all orders and judgments entered by the Court in connection therewith.

By Order of the Court, the Proof of Claim provides for and requires a release of all Plaintiff's Released Claims as described in Section II, above. The release will become effective on the Effective Date of the Settlement.

Each person or entity submitting a Proof of Claim thereby submits to the jurisdiction of the Court for purposes of the Action, the Settlement and any proceedings relating to such Proof of Claim, and agrees that such a filed Proof of Claim will be subject to review and further inquiry as to such person's or entity's status as a member of the Class and the allowable amount of the claim.

If you would like acknowledgment of the receipt of your Proof of Claim by October 16, 2024, please send it by certified mail, return requested, or its equivalent. No other formal acknowledgment will be provided**.**

## VIII. SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES

Brokerage firms, banks, financial institutions, and other nominees ("Nominees") who, pursuant or traceable to the Company's February 7, 2020 initial public offering, and/or during the period from March 19, 2020, through May 12, 2020, both dates inclusive, purchased Casper securities in the name of the Nominees on behalf of beneficial owners who may be members of the Class, *must* within ten (10) days after you receive the letter, either: (1) send a copy of the Postcard Notice by First-Class Mail to all such Persons or email the Notice and Proof of Claim link; or (2) provide a list of the names, email addresses, and physical addresses of such Persons to:

*Lematta v. Casper Sleep, Inc., et al.*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

The Claims Administrator will then cause a link to the Notice and Proof of Claim to be emailed, or a Postcard Notice directing such Persons to the website containing the Notice and Proof of Claim to be mailed, promptly to such beneficial owners.

If you choose to email the Notice and Proof of Claim or mail the Postcard Notice yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the emailing or mailing. Regardless of whether you choose to complete the emailing or mailing yourself or elect to have the emailing or mailing performed for you, you may obtain reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing a maximum of $0.05 for providing names, addresses, and email addresses to the Claims Administrator; up to a maximum of $0.05 per Postcard Notice mailed by you, plus postage at the current pre-sort rate used by the Claims Administrator; or $0.05 per link to Notice and Proof of Claim sent by email. Those expenses will be paid upon request and submission of appropriate supporting documentation.

8

## IX.    **FURTHER INFORMATION**

This Notice merely provides a brief summary of the Action and the proposed Settlement and is qualified by and subject in all respects to the full terms and conditions in the Stipulation. For a more detailed statement of the matters involved in the Action, you should refer to the pleadings, the Stipulation, and the orders entered by the Court and to the other papers filed in the Action.  You may examine and/or copy the records in the Action, subject to customary copying fees, at the Clerk of the Court, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, at any time it is open to the general public.  In addition, all of the Settlement documents, including the Stipulation, this Notice, the Proof of Claim and proposed Judgments may be obtained by viewing the website at www.strategicclaims.net/casper/, or contacting the Claims Administrator at:

*Lematta v. Casper Sleep, Inc., et al.*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

In addition, you may contact Joshua B. Silverman, Esq., Pomerantz LLP, 10 South LaSalle Street, Suite 3505, Chicago, IL 60603, (312) 377-1181, jbsilverman@pomlaw.com if you have any questions about the Action or the Settlement.

**INQUIRIES <u>SHOULD NOT</u> BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL**

Dated:  July 18, 2024

_____
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

9

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT LEMATTA, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br><br>CASPER SLEEP, INC., et al.,<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:20-cv-02744<br>)<br>) Hon. Margo K. Brodie<br>)<br>)<br>)<br>)<br>) |

## PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission: October 16, 2024**

IF YOU PURCHASED OR OTHERWISE ACQUIRED CASPER COMMON STOCK PURSUANT OR TRACEABLE TO THE COMPANY'S FEBRUARY 7, 2020 INITIAL PUBLIC OFFERING, AND/OR DURING THE PERIOD FROM MARCH 19, 2020, THROUGH MAY 12, 2020, BOTH DATES INCLUSIVE ("CLASS PERIOD"), YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. EXCLUDED FROM THE CLASS ARE DEFENDANTS, ANY FORMER OR CURRENT OFFICER OR DIRECTOR OF CASPER OR DURATIONAL CAPITAL MANAGEMENT LP, MEMBERS OF THEIR IMMEDIATE FAMILIES AND THEIR LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS, OR ASSIGNS, AND ANY ENTITY IN WHICH ANY OF THE ABOVE HAS OR HAD A MAJORITY OWNERSHIP INTEREST. ALSO EXCLUDED FROM THE CLASS ARE ANY PERSONS AND ENTITIES WHO OR WHICH SUBMIT A REQUEST FOR EXCLUSION FROM THE CLASS THAT IS ACCEPTED BY THE COURT.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN OCTOBER 16, 2024 TO THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

*Lematta v. Casper Sleep, Inc., et al.*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

OR FILE ELECTRONICALLY AT WWW.STRATEGICCLAIMS.NET/CASPER/ NO LATER THAN OCTOBER 16, 2024.

YOUR FAILURE TO SUBMIT THIS PROOF OF CLAIM BY OCTOBER 16, 2024 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR

10

AT THE ADDRESS ABOVE. IF YOU ARE A CLASS MEMBER AND DO NOT SUBMIT A PROPER PROOF OF CLAIM, YOU WILL NOT SHARE IN THE SETTLEMENT BUT YOU NEVERTHELESS WILL BE BOUND BY THE ORDER AND FINAL JUDGMENT OF THE COURT UNLESS YOU EXCLUDE YOURSELF.

SUBMISSION OF A PROOF OF CLAIM DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

### CLAIMANT'S STATEMENT

1. I (We) acquired Casper common stock pursuant or traceable to Casper's February 7, 2020 initial public offering, and/or during the period from March 19, 2020, through May 12, 2020, both dates inclusive. (Do not submit this Proof of Claim if you did not acquire Casper common stock during the Class Period.) For purposes of the Settlement only, shares purchased through June 19, 2020 will be presumed traceable to the IPO.
2. By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Class Member(s) as defined above and in the Notice of Pendency and Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)
3. I (We) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (We) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with the processing of the Proof of Claim.
4. I (We) have set forth where requested below all relevant information with respect to 1) each acquisition of Casper common stock pursuant or traceable to Casper's February 7, 2020 initial public offering, and/or during the period from March 19, 2020, through May 12, 2020, both dates inclusive, and 2) each sale, if any, of Casper common stock pursuant or traceable to Casper's February 7, 2020 initial public offering, and/or during the period from March 19, 2020, through May 12, 2020, both dates inclusive. Also, purchase/acquisition and/or sale transactions are requested through and including August 7, 2020. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.
5. I (We) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each acquisition and sale of Casper common stock listed below pursuant or traceable to Casper's February 7, 2020 initial public offering, and/or during the period from March 19, 2020, through May 12, 2020, both dates inclusive, in support of my (our) claim. It is necessary to provide purchase and sale information through August 7, 2020, even though this is beyond the Class Period, because the federal securities laws require such information in calculating losses. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)
6. I (We) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)
7. I (We) understand that there shall be no Recognized Loss attributed to any Casper securities other than common stock. I (We) understand that the exercise of option contracts into Casper common stock will be considered to be purchases or sales of Casper common stock as of the date of the exercise.
8. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto will release, discharge, and dismiss with prejudice all Plaintiff's Released Claims, without costs to any party except as provided herein, upon the Effective Date. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) acknowledge that I (we) and each of my (our) predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees and administrators, will be deemed by this Settlement on the Effective Date to release and forever

11

discharge any and all of the Plaintiff's Released Claims, as those terms are defined in the Stipulation of Settlement (the "Stipulation").

9. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees and administrators (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) that I (we) will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceedings asserting Plaintiff's Released Claims in any court of law or equity, arbitration tribunal, or administrative forum.

10. "Effective Date" has the meaning laid out in the Stipulation.

11. "Recognized Loss" has the meaning laid out in the Plan of Allocation.

12. "Released Claims" has the meaning laid out in the Stipulation.

13. "Released Parties" has the meaning laid out in the Stipulation.

14. "Unknown Claims" has the meaning laid out in the Stipulation.

15. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

16. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with the authority to file on behalf of (a) accounts of multiple Persons and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their clients' transactions in the approved electronic spreadsheet format, which is available by request to the Claims Administrator at *Lematta v. Casper Sleep, Inc. et al.* c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063 or by visiting the website www.strategicclaims.net or by emailing efile@strategicclaims.net. One spreadsheet may contain the information for multiple Persons and institutional accounts who constitute distinct legal entities ("Legal Entities"), but all Representative Filers MUST also submit a manually signed Proof of Claim, as well as proof of authority to file (see Item 2 of the Claimant's Statement) along with the electronic spreadsheet. The transactions and holdings in Casper common stock should be reported in the electronic file so that each resulting Claim corresponds to a single Legal Entity, regardless of the number of individually managed accounts the Legal Entity has, as only one Claim will be processed per Legal Entity (e.g. a Representative Filer reporting the transactions for a fund with multiple sub-accounts should report one total holding at the start of the Class Period, one total holding at the end of the Class Period, and a single set of transactions that includes all transactions made by the Legal Entity across their sub-accounts; this would constitute and be processed a single Claim). The Claims Administrator reserves the right to combine a Legal Entity's accounts into a single Claim prior to processing in the event that a Legal Entity's accounts are divided across multiple Claims when submitted by a Representative Filer. The Claims Administrator also reserves the right to request additional documentary proof regarding a Legal Entity's transactions and holdings in Casper common stock to prove and accurately process the Claim.

17. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim hosted at www.strategicclaims.net/casper/. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator toll-free at (866) 274-4004 or visiting their website at www.strategicclaims.net or by emailing info@strategicclaims.net. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim.

12

CASPER

## I. CLAIMANT INFORMATION

| | | |
|---|---|---|
| Beneficial Owner Name | | |
| | | |
| Address | | |
| | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

## SCHEDULE OF TRANSACTIONS IN CASPER COMMON STOCK

**THE DATE OF A PURCHASE, ACQUISITION, OR SALE OF CASPER COMMON STOCK IS THE "TRADE" DATE, AND NOT THE "SETTLEMENT" DATE.  THE DATE OF PURCHASE FOR SHARES PURCHASED IN THE IPO IS FEBRUARY 7, 2020.**

**Purchases/Acquisitions:**

A.    Separately list each and every purchase or acquisition of Casper common stock between February 7, 2020 and August 7, 2020, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

13

CASPER

**Sales:**

B.    Separately list each and every sale of Casper common stock between February 7, 2020 and August 7, 2020, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Ending Holdings:**

C.    State the total number of shares of Casper common stock held at the close of trading on August 7, 2020 (*must be documented).*

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## IV. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | **or** | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| _____ |  | _____ _____ |

## V. CERTIFICATION

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of New York, with respect to my (our) claim as a Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action.  I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Casper common stock during the Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

14

CASPER

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM IS TRUE, CORRECT, AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)


_____
(Signature)


_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

☐ Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/CASPER/ NO LATER THAN OCTOBER 16, 2024 OR POSTMARKED NO LATER THAN OCTOBER 16, 2024 AND MUST BE MAILED TO:**

*Lematta v. Casper Sleep, Inc., et al.*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when postmarked, if mailed by October 16, 2024 and if a postmark is indicated on the envelope, it is mailed first class, and it is addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

15

*Lematta v. Casper Sleep, Inc., et al.*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

**REMINDER CHECKLIST**

o   Please be sure to sign this Proof of Claim on page 15.  If this Proof of Claim is submitted on behalf of joint claimants, then each claimant must sign.

o   Please remember to attach supporting documents.  Do NOT send any stock certificates.  Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim or any supporting documents.

o   If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you.  NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or to deliver payment to you.

**EXHIBIT B**

## REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS

**STRATEGIC CLAIMS SERVICES**
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202      EMAIL: info@strategicclaims.net      FAX: (610) 565-7985

August 2, 2024

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential Settlement Class Members.

**We request that you assist us in identifying any individuals/entities who fit the following description:**

ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED CASPER COMMON STOCK PURSUANT OR TRACEABLE TO THE COMPANY'S FEBRUARY 7, 2020 INITIAL PUBLIC OFFERING, AND/OR DURING THE PERIOD FROM MARCH 19, 2020, THROUGH MAY 12, 2020, BOTH DATES INCLUSIVE (THE "CLASS"). PURSUANT TO THE PLAN OF ALLOCATION, PLEASE ALSO INCLUDE PURCHASERS FROM MAY 13, 2020 THROUGH AND INCLUDING JUNE 19, 2020.

Excluded from the Class are Defendants, any former or current officer or director of Casper or Durational Capital Management LP, member of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the above has or had a majority ownership interest.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *Lematta v. Casper Sleep, Inc., et al.*<br>Case No: 1:20-cv-02744<br>Claim Filing Deadline: October 16, 2024<br>Exclusion Deadline: October 25, 2024<br>Objection Deadline: October 25, 2024<br>Settlement Hearing: November 15, 2024 | Cusip Number: 147626105<br>Ticker Symbol: NYSE:CSPR<br>ISIN: US1476261052<br>SEDOL: BL2HYY7 |

### PER COURT ORDER, PLEASE RESPOND WITHIN 10 CALENDAR DAYS FROM THE DATE OF THIS NOTICE.

Please comply in one of the following ways:

1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with names, last known addresses, and email addresses (to the extent known)** of your beneficial purchasers/owners and we will do the emailing Notice of Pendency and Settlement of Class Action ("Notice") and Proof of Claim and Release Form (collectively, the "Notice and Claim") or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notice, you have ten (10) calendar days to mail them; or
4. Request the Notice and Claim Link then email the link to each of your beneficial purchasers/owners within ten (10) calendar days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:

- **$0.05 per Notice and Claim Link emailed,** OR
- **$0.05 per name, address and email address** if you are providing us the records, OR
- **$0.05 per name and address, including materials, plus postage at the current pre-sort rate used by the Claims Administrator** if you are requesting the Postcard Notice and performing the mailing.

**All invoices must be received within 30 days of this letter**.

You are on record as having been notified of the legal matter. A copy of the Notice and Claim Link (https://www.strategicclaims.net/wp-content/uploads/2024/07/Casper-Final-Notice-and-Claim.pdf) and other important case-related documents are available on our website at www.strategicclaims.net/casper/. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,

Settlement Administrator
Casper Sleep, Inc. Securities Litigation

### PLEASE NOTE - A COPY OF THE POSTCARD NOTICE IS ON THE REVERSE SIDE OF THIS LETTER

**Court-Ordered Legal Notice**
**Forwarding Service Requested**

*Important Notice about a*
*Securities Class Action Settlement*

*You may be entitled to a payment.*
*This Notice may affect your legal*
*rights.*

*Please read it carefully.*

Lematta v. Casper Sleep Inc., et al.
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

Case No. 20-cv-02744 (E.D.N.Y.)

Case Pending in the United States District Court for
the Eastern District of New York

EXHIBIT C

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT WWW.STRATEGICCLAIMS.NET/CASPER/ OR CALL 866-274-4004 FOR MORE INFORMATION.*

The United States District Court for the Eastern District of New York ("Court") has preliminarily approved a proposed Settlement of claims against Casper Sleep, Inc., Philip Krim, Gregory MacFarlane, Neil Parikh, Diane Irvine, Anthony Florence, Jack Lazar, Benjamin Lerer, Karen Katz, Dani Reiss, Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Jefferies, LLC, BofA Securities, Inc., UBS Securities LLC, Citigroup Global Markets Inc., Piper Sandler & Co. and Guggenheim Securities, LLC ("Defendants"). The proposed Settlement resolves claims against Defendants in a class action lawsuit alleging that, in violation of the federal securities laws, Defendants made misrepresentations and/or omissions of material fact in various public statements to investors. Defendants deny the allegations.

You received this notice because you may have purchased or otherwise acquired Casper common stock pursuant or traceable to the Company's February 7, 2020 initial public offering, and/or during the period from March 19, 2020, through May 12, 2020, both dates inclusive, and you may be a Class Member. The Settlement provides that, in exchange for the dismissal and release of claims against Defendants, a fund consisting of $3,000,000, less fees and expenses, will be divided among Class Members who timely submit a valid Proof of Claim and Release Form ("Proof of Claim"). For a full description of the Settlement and your rights and to make a claim, please view the Stipulation of Settlement and obtain a copy of the Notice of Pendency and Settlement of Class Action ("Notice") and Proof of Claim by visiting the website: www.strategicclaims.net/casper/.  You may also request copies of the Notice and Proof of Claim from the Claims Administrator through any of the following ways: (1) mail: *Lematta v. Casper Sleep, Inc., et al.*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063; (2) call toll free: (866) 274-4004 or (3) through the website: www.strategicclaims.net/casper/.

To qualify for payment, you must submit a Proof of Claim, which can be found on the website www.strategicclaims.net/casper/. PROOFS OF CLAIM ARE DUE BY OCTOBER 16, 2024 TO *LEMATTA V. CASPER SLEEP, INC., ET AL.*, C/O STRATEGIC CLAIMS SERVICES, P.O. BOX 230, 600 N. JACKSON STREET, SUITE 205, MEDIA, PA 19063. If you do not want to be legally bound by the Settlement, you must exclude yourself by October 25, 2024. If you exclude yourself, you cannot get money from this Settlement.  If you stay in the Settlement, you may object to it by October 25, 2024. The Notice explains how to exclude yourself or to object.

The Court will hold a hearing in this case on November 15, 2024 at 10:00 a.m. at the United States District Court for the Eastern District of New York, Courtroom 6F, 225 Cadman Plaza East, Brooklyn, New York 11201 to consider whether to approve the Settlement, the Plan of Allocation, and a request by Class Counsel for an award of attorneys' fees up to 33 1/3% of the Settlement Amount, up to $280,000 reimbursement for expenses incurred in litigating the case, and a compensatory award to Lead Plaintiff not to exceed $15,000. You may, but do not have to, attend the hearing and ask to be heard by the Court. For more information, call toll-free (866) 274-4004, or visit the website www.strategicclaims.net/casper/.

Case 1:20-cv-02744-MKB-RML    Document 100-2    Filed 11/18/24    Page 27 of 30 PageID #: 1874

**EXHIBIT D**



Josephine Bravata <jbravata@strategicclaims.net>

---

**GlobeNewswire Release Distribution Confirmation: Pomerantz LLP**
1 message

---

**donotreply@globenewswire.com** <donotreply@globenewswire.com>      Tue, Aug 13, 2024 at 9:00 AM
To: jbravata@strategicclaims.net
Cc: jbravata@strategicclaims.net

---



# Release Distribution Confirmation

### Pomerantz LLP Announces Proposed Class Action Settlement on Behalf of Purchasers of Casper Sleep, Inc. Common Stock – CSPR

**Cross time: 08/13/24 09:00 AM ET: Eastern Time - View release on GlobeNewswire.com**

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

---

This message was distributed by GlobeNewswire.
2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us



GlobeNewswire
by notified

NEWSROOM    SERVICES    CONTACT US    FRANÇAIS    SIGN IN    REGISTER

# Pomerantz LLP Announces Proposed Class Action Settlement on Behalf of Purchasers of Casper Sleep, Inc. Common Stock – CSPR

August 13, 2024 09:00 ET| Source: Pomerantz LLP    Follow

BROOKLYN, N.Y., Aug. 13, 2024 (GLOBE NEWSWIRE) -- Pomerantz LLP announces that the United States District Court for the Eastern District of New York has approved the following announcement of a proposed class action settlement that would benefit purchasers of Casper Sleep, Inc. common stock (NYSE: CSPR):

**Share**

## Company Profile

Pomerantz LLP

**Industry:** Industrial Goods & Services

## Press Release Actions

Print
Download PDF
Subscribe via RSS
Subscribe via ATOM
Javascript

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT LEMATTA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASPER SLEEP, INC., et al.,<br><br>Defendants. | Case No. 1:20-cv-02744<br><br>Hon. Margo K. Brodie |

<u>SUMMARY NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION</u>

TO: ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED CASPER COMMON STOCK PURSUANT OR TRACEABLE TO THE COMPANY'S FEBRUARY 7, 2020 INITIAL PUBLIC OFFERING, AND/OR DURING THE PERIOD FROM MARCH 19, 2020 THROUGH MAY 12, 2020, BOTH DATES INCLUSIVE (THE "CLASS").

THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS SUMMARY NOTICE CAREFULLY AND IN ITS ENTIRETY. PLEASE REVIEW THE NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION ("NOTICE") POSTED AT **WWW.STRATEGICCLAIMS.NET/CASPER/** FOR ADDITIONAL DETAILS AND INSTRUCTIONS.

YOU ARE HEREBY NOTIFIED that a hearing will be held in the above-captioned action (the "Action") on November 15, 2024, at 10:00 a.m., before the Honorable Margo K. Brodie in Courtroom 6F of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201 or via Microsoft Teams or some other video platform to determine: (1) whether a Class should be certified for purposes of the Settlement and whether Plaintiff and Class Counsel have adequately represented the Class Members; (2) whether the Settlement of the Class's claims against Defendants for $3 million cash should be approved as fair, reasonable, and adequate; (3) whether the proposed Plan of Allocation is fair, just, reasonable, and adequate; (4) whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action; (5) whether the Action should be dismissed with prejudice against Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; (6) whether the application by Class Counsel for an award of attorneys' fees and expenses should be approved; and (7) whether Plaintiff's application for reimbursement of costs and expenses should be granted.

IF YOU PURCHASED OR OTHERWISE ACQUIRED CASPER COMMON STOCK PURSUANT OR TRACEABLE TO THE COMPANY'S FEBRUARY 7, 2020 INITIAL PUBLIC OFFERING, AND/OR DURING THE PERIOD FROM MARCH 19, 2020 THROUGH AND INCLUDING MAY 12, 2020, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS ACTION.

www.strategicclaims.net/casper/ or postmarked/delivered to the Claims Administrator at the address below no later than October 16, 2024. Your failure to submit your Proof of Claim by October 16, 2024, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of the Action. If you are a Class Member and do not request exclusion, you will be bound by the Settlement and any judgment and release entered in the Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

Copies of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement or exclude yourself from the Settlement), a Proof of Claim, and the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) may be obtained online at www.strategicclaims.net/casper/ or from the Claims Administrator at:

*Lematta v. Casper Sleep, Inc., et al.*

c/o Strategic Claims Services

P.O. Box 230

600 N. Jackson Street, Suite 205

Media, PA 19063

Toll-free: (866) 274-4004

Fax: (610) 565-7985

info@strategicclaims.net

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of Court. Inquiries may also be made to Class Counsel:

Joshua B. Silverman, Esq.

POMERANTZ LLP

10 S. LaSalle St., Ste. 3505

Chicago, IL 60603

Telephone: (312) 377-1181

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS RECEIVED NO LATER THAN OCTOBER 25, 2024, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL CLASS MEMBERS WHO HAVE NOT REQUESTED EXCLUSION FROM THE SETTLEMENT CLASS WILL BE BOUND BY THE JUDGMENT ENTERED IN THE ACTION EVEN IF THEY DO NOT FILE A TIMELY PROOF OF CLAIM.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, ANY REQUEST FOR AN AWARD OF ATTORNEYS FEES AND EXPENSES, OR ANY REQUEST FOR A COMPENSATORY AWARD TO LEAD PLAINTIFF BY OCTOBER 25, 2024, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

Dated: July 18, 2024

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

**Tags**

Class Action

## Recommended Reading

July 22, 2024 08:00 ET

Source:   Pomerantz LLP

**Pomerantz LLP Announces Proposed Class Action Settlement on Behalf of Purchasers of Stock of Y-mAbs Therapeutics, Inc. - YMAB**

NEW YORK, July 22, 2024 (GLOBE NEWSWIRE) -- Pomerantz LLP announces that the United States District Court for the Southern District of New York has approved the following announcement of a proposed...

July 05, 2024 09:00 ET

Source:   Pomerantz LLP; Levi & Korsinsky, LLP

**Pomerantz LLP and Levi & Korsinsky, LLP Announce Proposed Class Action Settlement on Behalf of Purchasers of Fortress Value Acquisition Corp...**



NEWSROOM    SERVICES    CONTACT US    FRANÇAIS    SIGN IN    REGISTER

## Explore



**Lily AI Ranks No. 1299 on the 2024 Inc. 5000**

August 13, 2024 09:02 ET



**LiquidPiston Selected for U.S. Army SBIR CATALYST …**

August 13, 2024 09:00 ET

● ○ ○ ○ ○

GlobeNewswire
by notified

### About Us

GlobeNewswire is one of the world's largest newswire distribution networks, specializing in the delivery of corporate press releases, financial disclosures and multimedia content to media, investors, and consumers worldwide.

Follow us on social media:    in    X

### Global News

· English  · French

### Newswire Distribution Network & Management

· Home          · Notified, Inc.    · Resources

· Newsroom      · Legal

· RSS Feeds     · Contact us