**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT LEMATTA, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>CASPER SLEEP INC., et al.,<br><br>    Defendants. | Case No: 1:20-cv-02744<br><br>**CLASS ACTION**<br><br>Honorable Margo K. Brodie<br><br>Honorable Robert M. Levy |

**LEAD PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND (2) MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND COMPENSATORY AWARD FOR PLAINTIFF**

## TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES ..................................................................................................... ii

I.     THE CLAIMS ADMINISTRATOR SATISFIED THE PLAN OF NOTICE ORDERED
       AT PRELIMINARY APPROVAL .................................................................................... 1

II.    THE ABSENCE OF OBJECTIONS AND EXCLUSIONS STRONGLY SUPPORTS
       FINAL APPROVAL .......................................................................................................... 3

III.   CONCLUSION .................................................................................................................. 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asare v. Change Grp. of New York, Inc.*,
　2013 WL 6144764 (S.D.N.Y. Nov. 18, 2013)........................................................................3, 4

*City of Providence v. Aeropostale, Inc.*,
　2014 WL 1883494 (S.D.N.Y. May 9, 2014) ...............................................................................3

*In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*,
　909 F. Supp. 2d 259 (S.D.N.Y. 2012)........................................................................................3

*In re Glob. Crossing Sec. & ERISA Litig.*,
　225 F.R.D. 436 (S.D.N.Y. 2004) ...............................................................................................3

*In re MetLife Demutualization Litig.*,
　689 F. Supp. 2d 297 (E.D.N.Y. 2010) .......................................................................................3

*In re Signet Jewelers Ltd. Sec. Litig.*,
　2020 WL 4196468 (S.D.N.Y. July 21, 2020) ............................................................................3

*In re Veeco Instruments Inc. Sec. Litig.*,
　2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007)..............................................................................4

*Rodriquez v. It's Just Lunch Int'l*,
　2020 WL 1030983 (S.D.N.Y. Mar. 2, 2020) .............................................................................3

*Vaccaro v. New Source Energy Partners L.P.*,
　2017 WL 6398636 (S.D.N.Y. Dec. 14, 2017) ...........................................................................3

Lead Plaintiff Saleh Doron Gahtan ("Lead Plaintiff") respectfully submits this reply memorandum of law in support of the (1) Motion for Final Approval of Class Action Settlement (ECF 98); and (2) Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Compensatory Award for Plaintiff (ECF 99).

The Court-ordered November 30, 2024 deadline for Settlement Class Members[1] to request exclusion from the Settlement or object to the fairness, reasonableness, or adequacy of the Settlement, Plan of Allocation, proposed attorneys' fees and expenses, and/or proposed compensatory award to Lead Plaintiff has lapsed.  As of this filing, over 5,670 investors have filed proofs of claim seeking to participate in the Settlement, and zero investors have objected to or requested exclusion from the Settlement.  *See* Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing/Emailing of the Postcard Notice; (B) Report on Requests for Exclusion and Objections; and (C) Claims Received to Date ("Supp. Bravata Decl."), attached as **Exhibit A**, ¶10.

Accordingly, the Settlement Class Members' reaction to the proposed Settlement, Plan of Allocation, proposed attorneys' fees and expenses, and proposed compensatory award to Lead Plaintiff strongly supports entering the [Proposed] Order of Final Judgment attached hereto as **Exhibit B**.

## I.    THE CLAIMS ADMINISTRATOR SATISFIED THE PLAN OF NOTICE ORDERED AT PRELIMINARY APPROVAL

Consistent with this Court's Preliminary Approval Order (ECF No. 82, as modified), Claims Administrator Strategic Claims Services ("SCS") initially mailed the Postcard Notice or e-mailed a link to the Notice and Proof of Claim to 15,235 potential Settlement Class Members.  *See*

---

[1] Unless otherwise defined herein, capitalized terms take the same meaning provided in the Stipulation of Settlement dated June 6, 2024 ("Settlement" or "Stipulation") (ECF 80).

ECF 100-2, ¶7.  Since Lead Plaintiff filed his Motion for Final Approval of Class Action Settlement on November 18, 2024, an additional 9,071 Postcard Notices were mailed or additional links of the Notice and Proof of Claim were e-mailed.  *See* Supp. Bravata Decl. ¶4.  In the interest of justice, the Claims Administrator will continue to process any claims submitted or other requests sent to SCS through January 2, 2025.  *Id*.  In total, 24,306 potential Settlement Class Members were notified of the Settlement either by mail or e-mail.  *Id*. at ¶5.

On August 13, 2024, SCS disseminated the Summary Notice electronically over *Globe Newswire*.  *See* ECF 100-2, ¶9.  SCS also established a website dedicated to the Settlement which included the online claim filing link, case deadlines, and important documents such as the Notice, the Preliminary Approval Order, and the Stipulation.  *See* Supp. Bravata Decl. ¶7.  On November 18, 2024, SCS updated the important documents section of the webpage to include Plaintiff's Notice and Motion for Final Approval of Class Action Settlement; Plaintiff's Notice and Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Compensatory Award for Plaintiff; and Declaration of Joshua B. Silverman in Support of Final Approval of Class Action Settlement, Plan of Allocation, Final Certification of Settlement Class, an Award of Attorneys' Fees and Expenses, and Plaintiff's Compensatory Award with exhibits.  *Id*.  Further, SCS has maintained a toll-free telephone number for potential Settlement Class Members.  *Id*. at ¶6.  This plan of notice cast a broad net to ensure that any potential Settlement Class Member had the opportunity to learn about and participate in the Settlement.

The November 8, 2023 claims filing deadline and the November 30, 2023 deadline for objections and requests for exclusions have passed.  To date, there have been no objections or requests for exclusion from the Settlement.  *Id*. at ¶¶8-9.

2

## II.    THE ABSENCE OF OBJECTIONS AND EXCLUSIONS STRONGLY SUPPORTS FINAL APPROVAL

"The reaction of the Class to the Settlement is a significant factor in assessing its fairness and adequacy, and the absence of objections may itself be taken as evidencing the fairness of a settlement." *City of Providence v. Aeropostale, Inc.*, 2014 WL 1883494, at \*5 (S.D.N.Y. May 9, 2014); *see also In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 909 F. Supp. 2d 259, 266 (S.D.N.Y. 2012).  Here, after completing its robust notice program, ***not a single Class Member*** has objected or requested exclusion from the Settlement.  *See* Supp. Bravata Decl. ¶¶8-9.  By contrast, 5,672 Class Members have filed claims, indicating their desire to participate in the Settlement.  *Id.* at ¶10.   Those claims are currently being audited.

The absence of any objections to or requests for exclusion from the Settlement is strong evidence of the fairness, reasonableness, and adequacy of the Settlement.  *See*, *e.g.*, *Rodriquez v. It's Just Lunch Int'l*, 2020 WL 1030983, at \*4–5 (S.D.N.Y. Mar. 2, 2020); *In re MetLife Demutualization Litig.*, 689 F. Supp. 2d 297, 333 (E.D.N.Y. 2010) (collecting cases); *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 457 (S.D.N.Y. 2004).

That no Settlement Class Member objected to the proposed fee request, expense reimbursement request, or compensatory award to Lead Plaintiff—all of which were fully disclosed in the Notice—likewise supports those requests. *See*, *e.g.*, *In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at \*21 (S.D.N.Y. July 21, 2020) ("The absence of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable); *Vaccaro v. New Source Energy Partners L.P.*, 2017 WL 6398636, at \*8 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award."); *Asare v. Change Grp. of New York, Inc.*, 2013 WL 6144764, at \*16 (S.D.N.Y. Nov. 18, 2013) ("not one potential class member has made an

3

objection, a factor held by courts as supporting approval of an attorneys' fees award"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable").

## III.    CONCLUSION

For the foregoing reasons, and those in the Motion for Final Approval of Class Action Settlement and the Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Compensatory Award for Plaintiff, Lead Plaintiff respectfully requests that the Court enter [Proposed] Order of Final Judgment submitted herewith as **Exhibit B**.

Dated: December 13, 2024              Respectfully submitted,

**POMERANTZ LLP**

*/s/ Joshua B. Silverman*

Joshua B. Silverman
Christopher P.T. Tourek
10 South LaSalle, Suite 3505
Chicago, Illinois 60005
Telephone: (312) 377-1181
Facsimile: (312) 229-8811
Email: jbsilverman@pomlaw.com
          ctourek@pomlaw.com

          -and-

Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
          ahood@pomlaw.com

*Lead Counsel*

4

## CERTIFICATE OF SERVICE

On December 13, 2024, the foregoing document was filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Joshua B. Silverman*
Joshua B. Silverman

5