# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT LEMATTA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASPER SLEEP, INC., et al.,<br><br>Defendants. | Case No. 1:20-CV-02744<br><br>Hon. Margo K. Brodie |

## ORDER AND FINAL JUDGMENT

On the 6th day of February, 2025 a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated June 6, 2024 ("Stipulation") are fair, reasonable, and adequate for the Settlement of all claims asserted by the Class in this Action, including the release of the Released Claims against the Released Parties, and should be approved; (2) whether judgment should be entered dismissing this Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Class Members; (4) whether and in what amount to award attorneys' fees to Class Counsel; (5) whether and in what amount to award Class Counsel reimbursement of litigation expenses; and (6) whether and in what amount to award compensation to Lead Plaintiff.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing in the record that the Summary Notice substantially in the form approved by the Court

in the Court's Preliminary Approval Order dated July 18, 2024 was published; the Postcard Notice directing recipients to the full Notice and Proof of Claim were mailed, or the Notice and Proof of Claim were emailed to all reasonably identifiable Class Members, and the Notice, Proof of Claim, and other settlement documents were posted to the Settlement website; all in accordance with the Preliminary Approval Order and the specifications of the Court; and

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2. The Court has jurisdiction over the subject matter of the Action.

3. The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

   (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable;

   (b) there are questions of law and fact common to the Class;

   (c) the claims of Lead Plaintiff are typical of the claims of the Class he seeks to represent;

   (d) Lead Plaintiff and Class Counsel fairly and adequately represent the interests of the Class;

   (e) questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and

   (f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

   i. the interests of Class Members in individually controlling the prosecution of the separate actions;

      ii.      ii. the extent and nature of any litigation concerning the controversy already commenced by Class Members;

      iii.      the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

      iv.      the difficulties likely to be encountered in the management of the class action.

The Class is being certified for settlement purposes only.

4.      The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons and entities: that purchased or otherwise acquired Casper common stock pursuant or traceable to the Company's February 7, 2020 initial public offering, and/or during the period from March 19, 2020, through May 12, 2020, both dates inclusive (the "Class").  Excluded from the Class are Defendants, any former or current officer or director of Casper or Durational Capital Management LP, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the above has or had a majority ownership interest. Also excluded from the Class are any persons and entities who or which submit a request for exclusion from the Class that is accepted by the Court.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Lead Plaintiff is certified as the class representative on behalf of the Class and Class Counsel previously selected by him and appointed by the Court is hereby appointed as counsel for the Class.

6.      In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section

21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons entitled to such notice. No Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Class Members are bound by this Order and Final Judgment except those Persons listed on Exhibit A to this Order and Final Judgment.

7. The Settlement is approved as fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Class. This Court further finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiff, Class Members, and Defendants. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8. The Action and all claims contained therein, as well as all of the Released Plaintiffs' Claims, are dismissed with prejudice as against Defendants and the Released Defendants' Parties. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9. Lead Plaintiff and Class Members, on behalf of themselves, their successors, assigns, executors, heirs, administrators, representatives, attorneys, and agents, in their capacities as such, regardless of whether any such Person ever seeks or obtains by any means, including

without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against the Released Defendants' Parties. Plaintiff and Class Members shall be deemed to have, and by operation of this Order and Final Judgment shall have, covenanted not to sue the Released Defendants' Parties with respect to any and all Released Plaintiffs' Claims in any forum and in any capacity. Plaintiff and Class Members shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Plaintiffs' Claim, in any capacity, against any of the Defendants' Released Parties. Defendants similarly release and are permanently barred and enjoined from pursuing Released Defendants' Claims against the Released Plaintiffs' Parties. Nothing contained herein shall, however, bar any Plaintiff or Defendant from bringing any action or claim to enforce the terms of the Stipulation or this Order and Final Judgment.

10. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members, and Class Counsel and the Settlement Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

11. The Court awards fees to Class Counsel in the amount of 33% of the Settlement Amount, or $1,000,000, and any interest accrued thereon, and reimbursement of expenses to Class Counsel in the amount of $233,242.40, and any interest accrued thereon, all to be paid from the Settlement Fund. The Court also awards Lead Plaintiff a compensatory award in the amount of $15,000, also to be paid from the Settlement Fund.

5

12. The Court finds that the Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Record Act of 1995 as to all proceedings herein.

13. Neither this Order and Final Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them:

> (a) is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of Released Plaintiffs' Claims, the truth or falsity of any fact alleged by Lead Plaintiff, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Defendants or the Released Defendants' Parties;
>
> (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Defendants or the Released Defendants' Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;
>
> (c) is or may be deemed to be or shall be used, offered, or received against Lead Plaintiff, any Class Member, Defendants, the Released Plaintiffs' Parties or the Released Defendants' Parties, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Plaintiff or the Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Lead Plaintiff, any Class Member, Defendants, the Released Plaintiffs' Parties or the Released Defendants' Parties, that any of the claims in this Action are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

14. Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court.

15. Without affecting the finality of this Order and Judgment in any way, this Court hereby retains continuing exclusive jurisdiction regarding the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Class Members.

16. Without further order of the Court, Defendants and Lead Plaintiff may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. The finality of this Order and Final Judgment is not contingent on rulings that the Court may make on any application in the Action for fees or expenses to Class Counsel, or compensatory awards to Lead Plaintiff.

18. If the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order and Final Judgment shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Released Defendants' Parties or Released Plaintiffs' Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed prior to April 24, 2024, pursuant to the terms of the Stipulation.

Dated: February 6, 2025
      Brooklyn, New York

SO ORDERED:

      /s/MKB
MARGO K. BRODIE
United States District Judge